IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-03588-PAB-TPO

LACIE NELSON,

Plaintiff,

v.

MOSES STANCIL, in his official capacity as Executive
Director of the Colorado Department of Corrections;
RYAN LONG, in his official capacity as Warden of
the Denver Women's Correctional Facility; and
AMANDA RETTING, in her official capacity as
Sex Offender Treatment and Monitoring Program
Administrator and Colorado Department of Corrections
Representative on the Sex Offender Management Board,

Defendants.

**PLAINTIFF'S UNIPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANT RETTING'S PARTIAL MOTION TO DISMISS**

Plaintiff Lacie Nelson, by and through undersigned counsel, respectfully requests an extension of time to respond to Defendant Retting's Partial Motion to Dismiss Complaint (ECF No. 1) under Fed. R. Civ. P. 12(B)(1), ECF No. 22, up to and including June 30, 2025. Good cause exists for the requested extension, as detailed below.

1. Ms. Nelson filed her Complaint asserting a claim for relief under the Religious Land Use and Institutionalized Persons Act (RLUIPA) on December 27, 2024. *See* ECF No. 1.

2. In asserting her RLUIPA claim, Ms. Nelson named three Defendants in their official capacities. *Id.* at ¶¶ 42-44. Those Defendants include Amanda Retting, who is named in both her role as the Sex Offender Treatment and Monitoring Program (SOTMP) Administrator in the

Colorado Department of Corrections (CDOC) *and* for her role as a member of the Sex Offender Management Board (SOMB). *Id.* at ¶ 44.

3. Ms. Nelson alleges that CDOC and SOMB substantially burden her religious exercise by requiring an admission of guilt to participate in statutorily required sex offense-specific treatment. *See* ECF No. 1 at ¶¶ 186-191. The SOTMP admission-of-guilt requirement emanates from the SOMB's standards in a way that would conceivably open the door for CDOC Defendants to disclaim CDOC's authority regarding the substantial burden by claiming that SOMB restricts its discretion. *See* ECF No. 1 at ¶¶ 133, 136.

4. The Parties have extensively conferred on the necessity of SOMB as an entity defendant in this litigation and the proper way to name that entity, which is relevant to Defendants' Partial Motion to Dismiss.

5. In an attempt to avoid unnecessary briefing on a motion to dismiss, Ms. Nelson proposed two stipulations that would obviate the need to include an SOMB representative as a necessary party to obtain the relief Ms. Nelson seeks. But, the Parties could not reach an agreement on the terms of such a stipulation.

6. Ms. Nelson named Ms. Retting in her official capacity as a representative of both CDOC and SOMB because the statutory structure and regulations creating the burden on Ms. Nelson's religious exercise show that both SOMB and CDOC play active roles in imposing that burden.

7. In her Partial Motion to Dismiss, Defendant Retting asserts that she does not have the requisite connection or authority to effect the relief Ms. Nelson seeks from SOMB. *See* ECF No. 22 at 4-5. Defendant Retting implies that in order for Ms. Nelson to properly obtain relief from the SOMB, she must name the entire 25-person board in their official capacities. *Id.* at 5.

2

8. At the same time, Defendants admit that SOTMP providers must comply with SOMB's standards and guidelines. *See* ECF No. 21 at 18, ¶ 136.

9. To help ascertain the exact nexus of authority between SOMB and CDOC and how that authority relates to the burden placed on Ms. Nelson's religious exercise, Ms. Nelson served discovery aimed at gaining more information about the SOMB's role in this litigation to avoid unnecessarily suing twenty-five additional official-capacity Defendants on May 5, 2025.

10. Plaintiff cannot adequately respond to Defendant Amanda Retting's Partial Motion to Dismiss without first receiving and reviewing responses to her First Set of Written Discovery Requests.

11. Defendants' current deadline to respond to Plaintiff's First Set of Written Discovery is June 4, 2025.

12. Defendants asked that Ms. Nelson stipulate to a fifteen-day extension of that deadline to respond to the discovery, up to and including June 19, 2025. Ms. Nelson agreed to stipulate to that extension of time.

13. As such, the Parties intend to file the appropriate stipulation reflecting the fifteen-day extension with the Court following this Motion.

14. Due to the aforementioned need for Plaintiff to be in the possession of and consider Defendant Retting's discovery responses before responding to the Partial Motion to Dismiss, Plaintiff requests an extension of her deadline to respond to Defendant Retting's Partial Motion to Dismiss up to and including June 30, 2025.

3

15. This extension allows for Defendants to file their discovery responses by June 19, 2025, and for Plaintiff to consider those responses and prepare her response to the Partial Motion Dismiss, to be filed on June 30, 2025.

16. This is the first motion for extension of time Ms. Nelson has requested in this matter. This request is not meant to delay this proceeding, but instead to obtain more complete and accurate information about an important party's role and authority as it relates to Ms. Nelson's claim, prior to responding to Defendant Retting's Partial Motion to Dismiss.

17. Pursuant to D.C.COLO.LCivR 7.1(a), undersigned counsel conferred with counsel for Defendants who stated that Defendants do not oppose the relief sought in this motion.

For the foregoing reasons, Ms. Nelson therefore respectfully and for good cause requests that this Court grant her an extension of time to respond to Defendant Retting's Partial Motion to Dismiss, ECF No. 22, up to and including June 30, 2025.

Respectfully submitted May 9, 2025.

*s/ Miriam Kerler*
Miriam Kerler
Nicholas A. Lutz
Nicole B. Godfrey
Allyson Harris, Student Attorney
Emma D. Richards, Student Attorney
Rylee M. Beltran, Student Attorney
University of Denver Sturm College of Law
2255 E. Evans Ave.
Denver, CO 80208
Phone: 303.871.6140
Fax: 303.871.6847
Miriam.kerler@du.edu
nicholas.lutz@du.edu
Nicole.godfrey@du.edu
allyson.harris@du.edu
emma.richards@du.edu

rylee.beltran@du.edu

JOHNSON & KLEIN, PLLC
Gail K. Johnson
5398 Manhattan Cir.
Boulder, CO 80303
Phone: 303.444.1885
Fax: 866.340.8286
gjohnson@johnsonklein.com

*Attorneys for Plaintiff*

5