IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-03588-PAB-TPO

LACIE NELSON,

      Plaintiff,

v.

MOSES STANCIL, in his official capacity as Executive
Director of the Colorado Department of Corrections;
RYAN LONG, in his official capacity as Warden of
the Denver Women's Correctional Facility; and
AMANDA RETTING, in her official capacity as
Sex Offender Treatment and Monitoring Program
Administrator and Colorado Department of Corrections
Representative on the Sex Offender Management Board,

      Defendants.

---

## SCHEDULING ORDER

---

### 1. DATE OF SCHEDULING CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

A Scheduling Conference was convened in this matter on May 20, 2025, at 1:30 p.m.

| Appearing for Plaintiff Lacie Nelson: | Appearing for Defendants: |
|---|---|
| STUDENT LAW OFFICE | **Amy E. Adams** |
| | **Evan P. Brennan** |
| **Allyson Harris, Student Attorney** | Assistant Attorneys General |
| **Emma D. Richards, Student Attorney** | COLORADO DEPARTMENT OF LAW |
| **Rylee M. Beltran, Student Attorney** | 1300 Broadway, 10th Floor |
| **Miriam Kerler** | Denver, CO 80203 |
| University of Denver Sturm College of Law | Phone: 720-508-6000 |

2255 E. Evans Ave.
Denver, CO 80208
Phone: 303.871.6140
Fax: 303.871.6847
Email: miriam.kerler@du.edu
       allyson.harris@du.edu
       emma.richards@du.edu
       rylee.beltran@du.edu

Email: amy.adams@coag.gov
       evan.brennan@coag.gov

JOHNSON & KLEIN, PLLC

**Gail K. Johnson**
5398 Manhattan Cir.
Boulder, CO 80303
Phone: 303.444.1885
Fax: 866.340.8286
Email: gjohnson@johnsonklein.com

## 2. STATEMENT OF JURISDICTION

Ms. Nelson asserts jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1. Venue is proper within this district pursuant to 28 U.S.C. § 1391.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a.  **Plaintiff**

Plaintiff Lacie Nelson has been a Christian her entire life and continues to be devout in her faith throughout her incarceration. Ms. Nelson is incarcerated in the Denver Women's Correctional Facility (DWCF) in Denver, Colorado. Since 2006, when she was accused of child sexual abuse, Ms. Nelson has maintained and continues to maintain her innocence. Lying is a sin in Christianity, an act expressly prohibited and condemned by religious teachings and commandments. If Ms. Nelson lies, or believes she is lying, she will violate her sincerely held

2

religious beliefs. Because Ms. Nelson maintains her innocence, she cannot admit to the crimes underlying her convictions without violating her sincerely held religious beliefs.

Due to the nature of her criminal convictions, Colorado law required Ms. Nelson to undergo a psychosexual evaluation before her sentencing. While undergoing the evaluation, Ms. Nelson continued to maintain her innocence. Because she refused to admit guilt, Ms. Nelson was classified as "high denial," which mandated that her indeterminate sentence be served in the custody of the Colorado Department of Corrections (CDOC). Defendants continue to classify Ms. Nelson as "high denial." Pursuant to the Colorado Sex Offender Lifetime Supervision Act (SOLSA), Ms. Nelson is required to "undergo treatment." Colo. Rev. Stat. § 18-1.3-1004(3). The Colorado legislature did not define the "treatment" required. *See id*. Instead, the Sex Offender Management Board (SOMB), in collaboration with other government entities, is responsible for determining the content, method, and extent of treatment appropriate to satisfy the requirement. Colo. Rev. Stat. §§ 18-1.3-1004(3); 18-1.3-1003(2); 18-1.3-1009(1). The SOMB publishes and periodically modifies the standards and guidelines it creates in accordance with the enabling statute.

The SOTMP is the treatment program that CDOC implemented pursuant to the SOMB's standards and guidelines. SOTMP providers must comply with SOMB's standards and guidelines. However, upon information and belief, CDOC is responsible for designing the SOTMP's programming and curriculum. As a part of the SOTMP, Ms. Nelson is required to admit guilt for the crimes underlying her convictions. Ms. Nelson refuses to admit guilt because she believes doing so would violate her sincerely held religious belief prohibiting lying. Because she has refused to violate her religious belief in this way, Ms. Nelson is barred from participating in the SOTMP itself. Instead, Ms. Nelson can only participate in "Denier Intervention"

3

treatment.[1] But "Denier Intervention" treatment does not remove the requirement that a participant must admit guilt; it merely delays when the admission of guilt must occur. Therefore, participation in "Denier Intervention" treatment would not alleviate the burden on Ms. Nelson's sincere religious beliefs.

The Colorado Parole Board, pursuant to the Colorado Attorney General's interpretation of SOLSA, requires that Ms. Nelson successfully progress in SOTMP to be considered eligible for release on parole. CDOC and SOMB have barred Ms. Nelson from SOTMP treatment due to her religious belief that she cannot lie and therefore cannot admit to the crimes of her conviction. Ms. Nelson has repeatedly been and will continue to be denied parole because she has had no opportunity to successfully progress in SOTMP without violating her religious beliefs. By requiring Ms. Nelson to admit guilt, Defendants require her to lie. Therefore, Defendants are substantially burdening Ms. Nelson's sincerely held religious belief by forcing her choose between lying in violation of her religious beliefs or staying in prison for the rest of her life.

b. Defendants

The question of Nelson's guilt or innocence pursuant to applicable criminal statutes has been decided by the jury that presided over her criminal trial. That verdict has not been reversed.

She was sentenced pursuant to SOLSA, and given an indeterminate carceral sentence. See § 18-1.3-1001 to -1012, C.R.S. SOLSA requires that inmates sentenced pursuant to its terms undergo sex-offender treatment as part of their sentence. § 18-1.3-1004(3), C.R.S. Section 18-

---

[1] Upon information and belief, the SOMB plans to change the language associated with denial in its standards for treatment. For example, the SOMB may rename "Denial Intervention" to "Acceptance of Responsibility: Accountability Intervention." Upon information and belief, any of the SOMB-proposed changes related to denial or Denier Intervention treatment will not substantively change the requirement that clients admit to unlawful sexual behavior as a condition for eligibility for and successful completion of SOTMP.

1.3-1006(1)(a) of SOLSA also requires that, when considering release, the Parole Board must "determine whether [a] sex offender has successfully progressed in treatment and would not pose an undue threat to the community if released . . . and whether this is a strong and reasonable probability that the person will not thereafter violate the law." Accordingly, to have a meaningful chance of release to parole, Nelson must participate in sex offender treatment and "successfully progress" in treatment to the Parole Board's satisfaction. *Id.*

CDOC's role in this sentencing scheme is to provide treatment to SOLSA offenders while they are in custody. CDOC is doing so through its Sex Offender Treatment and Monitoring Program (SOTMP). The primary penological purpose of the SOTMP is to rehabilitate sex offenders. Admission of guilt is the beginning of rehabilitation. *McKune v. Lile*, 536 U.S. 24, 47 (2002). Therefore, pursuant to CDOC policy, to enter the SOTMP, sex offenders seeking treatment must admit to committing sexually abusive acts. The practical reason for this requirement is simple — therapists cannot ethically treat patients for issues that they do not have, and inmates cannot be rehabilitated for issues that do not exist. CDOC cannot alter this basic and immutable bar to statutorily mandated treatment. Relatedly, to remain compliant with the current treatment standards promulgated by Colorado's Sex Offender Treatment and Management Board, the SOTMP must require sex offenders to be accountable for sexually abusive conduct.

Nelson's RLUIPA claim does not alter these core facts or entitle her to relief. In short: (1) she must comply with the terms of her sentence, including participating in sex offender treatment; (2) should she wish to vindicate her claims of innocence, the appellate process is the proper way to do so, not RLUIPA; (3) CDOC's task is to carry out her sentence as written; therefore, it cannot proceed as if the presumption of innocence remains in place once an inmate has been convicted, sentenced, and remanded to its custody. Further, CDOC has a compelling

state interest in maintaining its confession requirement, and it has chosen to maintain this requirement because it represents the least restrictive alternative available. Accordingly, Nelson's RLUIPA claim must fail.

### 4. UNDISPUTED FACTS

The following facts are undisputed:

1. Plaintiff Lacie Nelson is incarcerated by the CDOC in DWCF.
2. Ms. Nelson's first jury trial resulted in a mistrial.
3. The prosecution decided to retry Ms. Nelson.
4. On January 12, 2009, the second jury convicted Ms. Nelson of multiple counts of sexual assault on a child.
5. Ms. Nelson has been incarcerated at DWCF since April 2009.
6. Ms. Nelson was sentenced pursuant to the Colorado Sex Offender Lifetime Supervision Act (SOLSA).

### 5. COMPUTATION OF DAMAGES

#### a. Plaintiff

Ms. Nelson is not seeking damages in this case. Ms. Nelson seeks declaratory and injunctive relief for violation of her rights under RLUIPA. Ms. Nelson also seeks an award of attorneys' fees and costs.

#### b. Defendants

The CDOC Defendants do not anticipate seeking any damages but respectfully reserve the right to seek indemnity and to recover reasonable fees and costs.

## 6. REPORT OF PRECONFERENCE DISCOVERY
## AND MEETING UNDER FED. R. CIV. P. 26(f)

**a. Date of Rule 26(f) meeting.**

The Fed. R. Civ. P. 26(f) meeting was held on April 18, 2025.

**b. Names of each participant and party he/she represented.**

At the Rule 26(f) conference, Allyson Harris, Emma D. Richards, Nicole B. Godfrey, Miriam Kerler, Nicholas A. Lutz, and Gail K. Johnson participated on behalf of Plaintiff Lacie Nelson.

Amy Adams and Evan Brennan participated on behalf of the Defendants.

**c. Statement of when Rule 26(a)(1) disclosures were made or will be made.**

Pursuant to Rule 26(a)(1), the parties have exchanged initial disclosures, which included an exchange of the actual documents identified rather than "a description by category and location" of the documents. Ms. Nelson served initial disclosures on April 23, 2025. Defendants served initial disclosures on May 16, 2025.

**d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

None.

**e. Statement concerning any agreements to conduct informal discovery.**

The parties have not agreed to conduct informal discovery.

**f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

The parties agree to use a unified exhibit numbering system and make best efforts to reduce discovery and other litigation costs.

 **g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The parties anticipate their claims or defenses will involve some electronically stored information (ESI). The parties agree to produce ESI discovery in PDF format, where possible, to opposing counsel via e-mail or a cloud-based delivery system.

 **h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The parties have discussed settlement but have not arrived at a settlement at this time. Both parties remain open to ongoing settlement discussions as the case develops.

**Court:** The Court advised the Parties of the option of a Settlement Conference. At such later time if the Parties would be interested in a Settlement Conference with this Court, they shall jointly contact Magistrate Judge O'Hara's Chambers by email to secure a date and then file a joint motion to request the Settlement Conference (including reference to the reserved date) to be ruled upon or referred by the District Judge.

### 7. CONSENT

All parties  ☐ [have]  X [have not] consented to the exercise of jurisdiction of a magistrate judge.

### 8. DISCOVERY LIMITATIONS

**a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

Parties propose that each side be limited to ten depositions, exclusive of depositions of experts designated by an opposing party. Parties propose that each side be limited to 25 interrogatories.

**b. Limitations which any party proposes on the length of depositions.**

Parties agree to the presumptive limitation of seven hours per deposition.

**c. Limitations which any party proposes on the number of requests for production and/or requests for admission.**

Parties propose that each side be limited to 30 requests for production. The number of requests for admission shall be limited to 30 per side except as to requests for admissions for authenticity, which shall be unlimited.

**d. Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:**

December 19, 2025

**e. Other Planning or Discovery Orders**

None.

**Court:**

(1) The Parties shall follow the procedure set out at Section VI of the <u>Magistrate Judges' Uniform Civil Practice Standards</u> (D.C.COLO.MJ). Rather than file a motion about a discovery dispute, the Parties first shall confer about the matter. If the Parties are unable to resolve the dispute on their own, then the Party seeking relief shall request a Discovery Conference with the Court by

9

sending an email, copied to all Parties, to *O'Hara_Chambers@cod.uscourts.gov*. The Court will issue an order to schedule the Discovery Conference and to provide the Parties with instructions on how to proceed. The Court will determine at the conference whether to grant leave to file a motion. (As permitted by D.C.COLO.MJ § VI, a motion may be filed <u>without</u> the prerequisite discovery conference for discovery that concerns a pro se incarcerated litigant or a third party.)

(2) The Court requires that all conferral attempts be meaningful. A meaningful conferral is one done personally such as face-to-face, in a video conference, or over the telephone. *See* D.C.COLO.MJ, § VI(2); *see also Bautista v. MVT Services, LLC*, No. 16-cv-01086-NYW, 2017 WL 2082925, *4 (D. Colo. Mar. 20, 2017). A meaningful conferral also is one that occurs in a reasonable timeframe before any relevant deadline.

(3) Should the Parties file a Motion for Protective Order, then they shall comply with Section V(5) the <u>Magistrate Judges' Uniform Civil Practice Standards</u> (D.C.COLO.MJ) and the model Joint Protective Order attached thereto as Appendix A.

## 9. CASE PLAN AND SCHEDULE

**a. Deadline for Joinder of Parties and Amendment of Pleadings:**

July 7, 2025.

**b. Discovery Cutoff:**

February 2, 2026.

**c. Dispositive Motion Deadline:**

March 4, 2026.

**Rule 702 Motions to Exclude Expert Testimony Deadline**: January 5, 2026.

The Parties shall comply with § III(G) of Chief Judge Brimmer's Practice Standards (Civil) for filing a motion to exclude expert testimony under Fed. R. Evid. 702.

10

    **d. Expert Witness Disclosure:**

        **1. The parties shall identify anticipated fields of expert testimony, if any.**

Plaintiff anticipates expert testimony in the following fields: Denial, risk of recidivism, and clients who maintain innocence in sex-offender treatment; any field identified by or necessary to respond to Defendants' experts.

Defendants anticipate testimony in the following fields: Denial, risk of recidivism, prison administration, sex-offender treatment, public safety and risk assessment, parole, the Christian religion, and any field identified by or necessary to respond to Plaintiff's experts.

        **2. Limitations which the parties propose on the use or number of expert witnesses.**

Parties propose that each party shall be limited to three affirmative experts.

        **3. The parties shall designate all affirmative experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:**

November 6, 2025.

        **4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:**

December 5, 2025.

    **e. Identification of Persons to Be Deposed:**

| *Name of Deponent* | *Date of Deposition* | *Time of Deposition* | *Expected Length of Deposition* |
|---|---|---|---|
| Ryan Long | TBD | 7 hours or less | TBD |
| Amanda Retting | TBD | 7 hours or less | TBD |

| Victoria Halpern | TBD | 7 hours or less | TBD |
| Jason Guidry | TBD | 7 hours or less | TBD |
| Francis Blair | TBD | 7 hours or less | TBD |
| Rule 30(b)(6) deposition - CDOC | TBD | 7 hours or less | TBD |
| Rule 30(b)(6) deposition - SOMB | TBD | 7 hours or less | TBD |
| Lacie Nelson | TBD | 7 hours or less | TBD |
| Additional witnesses to be identified during the discovery period | TBD | 7 hours or less | TBD |

## 10.  DATES FOR FURTHER CONFERENCES

a.  The Court will hold a Status Conference on **August 28, 2025, at 10:00 a.m.** in Courtroom C-402, on the fourth floor of the Byron G. Rogers United States Courthouse located at 1929 Stout Street, Denver, Colorado. It will be an **in-person** proceeding.

Closer to that time, should the Parties determine that the Status Conference is unnecessary, they may jointly contact Chambers to vacate it.

b.  The Final Pretrial Conference will take place on **June 4, 2026, at 10:00 a.m.** in Courtroom C-402 on the fourth floor of the Byron G. Rogers United States Courthouse located at 1929 Stout Street, Denver, Colorado. This is an in-person proceeding. Seven calendar days before the conference, the Parties shall (1) file a joint proposed Final Pretrial Order and (2) jointly e-mail an editable copy in Word format of the proposed Final Pretrial Order, including any attachments, to Chambers at *o'hara_chambers@cod.uscourts.gov*. The Parties shall prepare the proposed Final Pretrial Order in accordance with the form that may be downloaded from the Forms section of the Court's website, www.cod.uscourts.gov.

## 11.  OTHER SCHEDULING MATTERS

a.  **Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.**

None.

    b. **Anticipated length of trial and whether trial is to the court or jury.**

    Plaintiff anticipates a five-day trial to the Court.

    c. **Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/ Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse, 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.**

    None.

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a), the Uniform Civil Practice Standards for Magistrate Judges, and any additional Order of the assigned Magistrate Judge regarding discovery dispute procedures [if any].

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13.  AMENDMENTS TO SCHEDULING ORDER

This scheduling order cannot be altered or amended except upon a showing of good cause.

DATED at Denver, Colorado, this 21st day of May, 2025.

BY THE COURT:

Timothy P. O'Hara
United States Magistrate Judge