IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-03588-PAB-TPO

LACIE NELSON,

Plaintiff,

v.

MOSES STANCIL, in his official capacity as Executive
Director of the Colorado Department of Corrections;
RYAN LONG, in his official capacity as Warden of
the Denver Women's Correctional Facility; and
AMANDA RETTING, in her official capacity as
Sex Offender Treatment and Monitoring Program
Administrator and Colorado Department of Corrections
Representative on the Sex Offender Management Board,

Defendants.

---

**PLAINTIFF'S RESPONSE TO
DEFENDANT RETTING'S PARTIAL MOTION TO DISMISS (ECF No. 22)**

---

Plaintiff Lacie Nelson, by and through undersigned counsel, hereby responds to "Defendant Retting's Partial Motion to Dismiss Complaint (ECF NO. 1) Under Fed. R. Civ. P. 12(B)(1)" (*sic*) (ECF No. 22) (Partial Motion to Dismiss). Plaintiff opposes the Partial Motion to Dismiss and asks this Court to deny it.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Lacie Nelson is a devout Christian incarcerated in the Denver Women's Correctional Facility, a prison operated by the Colorado Department of Corrections (CDOC). (ECF No. 1 at ¶18.) Since the allegations underlying Ms. Nelson's criminal convictions arose, she has always maintained her innocence. (*Id.* at ¶28.) Because she continues to maintain her innocence,

any confession by her would be a lie, which she sincerely believes is prohibited by her Christian faith. (*Id.* at ¶32.)

Because Ms. Nelson has been convicted of sex offenses under Colorado's Sex Offender Lifetime Supervision Act (SOLSA), she is required to "undergo treatment" Colo. Rev. Stat. § 18-1.3-1004(3). (ECF No. 1 at ¶¶118-19.) Colorado's Sex Offender Management Board (SOMB) is responsible for determining the content, method, and extent of treatment appropriate to satisfy SOLSA's treatment requirement. (*Id.* at ¶121.) Pursuant to the SOMB's standards and guidelines, the CDOC implemented the Sex Offender Treatment and Monitoring Program (SOTMP). (*Id.* at ¶¶37, 133.) SOTMP providers must comply with SOMB's standards and guidelines, which includes a requirement that participants accept responsibility for sexual behavior as a condition of admission into the SOTMP as well as being deemed to be successfully progressing in that program. (*Id.* at ¶¶136, 154-68.) Defendants Moses Stancil, Ryan Long, and Amanda Retting in her official capacity as SOTMP Administrator for the CDOC have all admitted that SOTMP requires Ms. Nelson to confess her supposed guilt of the crimes underlying her convictions. (*Compare id.* at ¶¶100, 150, 154-55, 163, 166, 168-69 *with* ECF No. 21 at ¶¶100, 150, 154-55, 163, 166, 168-69.)

As a result of Ms. Nelson's religious belief that she cannot lie and therefore cannot confess guilt of the crimes of her conviction, SOMB and CDOC have barred her from participating in the SOTMP. (*Id.*) Because the Colorado Parole Board requires Ms. Nelson to successfully progress in SOTMP to be considered eligible for release on parole, Ms. Nelson has repeatedly been and will continue to be deferred parole (instead of granted parole) because she has had no opportunity to successfully progress in SOTMP without violating her religious beliefs. (ECF No. 1 at ¶¶153, 170-72.) SOMB and CDOC, through SOTMP, substantially burden Ms. Nelson's sincerely held

2

religious belief by failing to accommodate individuals who maintain their innocence and whose religious beliefs prohibit them from lying. (*Id.* at ¶173.)

Ms. Nelson brought this action to vindicate her rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1, naming Defendant Retting in her official capacity as a representative of both CDOC and SOMB because both CDOC and SOMB play active roles in imposing a substantial on Ms. Nelson's exercise of her sincerely held religious beliefs. The SOTMP confession requirement directly results from SOMB standards. The SOTMP is implemented pursuant to SOMB Standards and Guidelines. (*Id.* at ¶133.) And SOTMP providers must comply with SOMB's standards and guidelines. (*Id.* at ¶136.) Without a representative of SOMB named as a defendant in this case, the CDOC Defendants may assert that they have no power to grant the relief sought.

Defendant Retting asks the Court to dismiss her from this case in her official capacity as CDOC's Representative on the SOMB, asserting that suing her in that capacity is improper and violates the Eleventh Amendment. (ECF No. 22.) Ms. Nelson sought and received an extension of time to respond to the Partial Motion to Dismiss to have an opportunity to obtain additional information from Defendant Retting about SOMB's role and the necessity of naming as a defendant an official-capacity defendant from SOMB. (ECF. No. 23.) Defendant Retting's discovery responses reflect that her implementation of the requirement that SOTMP participants must confess their crimes of conviction arises, at least in part, from the SOMB guidelines. (*See* Defendant Amanda Retting's Responses to Plaintiff's First Set of Interrogatories and First Set of Requests for Production, attached as Exhibit 1 (Defendant Retting Responses) at 5-6.) Such responses support Ms. Nelson's position that an official-capacity defendant from SOMB is an

3

appropriate defendant in this case because otherwise CDOC would argue that it cannot grant the relief requested because SOMB restricts its discretion.

Ms. Nelson thus opposes the Partial Motion to Dismiss.

## **STANDARD**

Federal Rule of Civil Procedure 12(b)(1) allows a court to dismiss claim(s) against a defendant for lack of subject-matter jurisdiction. "Dismissal under Rule 12(b)(1) is not a judgment on the merits of the plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter." *Dermansky v. Univ. of Colorado*, 445 F. Supp. 3d 1218, 1220 (D. Colo. 2020) (citing *Butler v. Kempthorne*, 532 F.3d 1108, 1110 (10th Cir. 2008)). A court dismissing an action for lack of subject-matter jurisdiction must dismiss the action without prejudice. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006). The plaintiff has the burden of establishing subject-matter jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

Generally, Rule 12(b)(1) motions take two forms: facial attacks that question the sufficiency of the complaint in establishing subject-matter jurisdiction and factual attacks that challenge the existence of subject-matter jurisdiction, whether properly pleaded or not. *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir.2002).

When a defendant lodges a facial attack for lack of subject-matter jurisdiction, all allegations in the complaint must be accepted as true. *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1148 n.4 (10th Cir. 2015).

When a defendant brings a factual attack, challenging the plaintiff's subject-matter jurisdiction by introducing facts not alleged in the complaint, a court may allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts, all without

4

converting the motion to dismiss into a motion for summary judgment. *See Baker v. USD 229 Blue Valley*, 979 F.3d 866, 872 (10th Cir. 2020). Even where defendants do not challenge allegations of jurisdictional facts, courts may look to additional evidence to determine whether subject-matter jurisdiction exists. *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936).

Defendant Retting argues that in her capacity as an SOMB member, she is not an appropriate official-capacity party for Ms. Nelson's claim that the SOMB, through its promulgation of guidelines requiring confession of guilt, violates Ms. Nelson's rights under RLUIPA.[1] Defendant Retting raises her Partial Motion to Dismiss as a facial attack on the Complaint for lack of subject-matter jurisdiction, stating that all facts alleged in the Complaint must be construed as true. (ECF No. 22 at 3.) That is the standard applicable to a facial attack. *See Pueblo of Jemez*, 790 F.3d at 1148 n.4.

The Complaint sufficiently alleges facts sufficient to establish subject-matter jurisdiction as to Defendant Retting acting in her official capacity as CDOC Representative on the SOMB. However, given Defendant Retting's assertion that the SOMB operates only as a group (ECF No. 22 at 5), Ms. Nelson also presents outside evidence to further demonstrate that Defendant Retting is appropriately named as a defendant in her official capacity as the CDOC's Representative on SOMB.

Because Defendant Retting may be construed to have launched both types of attacks in the Partial Motion to Dismiss, Ms. Nelson addresses each in turn.

---

[1] Defendant Retting does not challenge the appropriateness of her having been sued in her official capacity as the CDOC's SOTMP Administrator; in that capacity, she has answered the Complaint. (ECF No. 21.)

5

## **ARGUMENT**

Ms. Nelson's claim against Defendant Retting in her official capacity as a member of the SOMB does not violate the doctrine of sovereign immunity under the Eleventh Amendment because Defendant Retting is an appropriate state official subject to suit pursuant to *Ex Parte Young*, 209 U.S. 123, 158-59 (1908), and its progeny.

Although the Eleventh Amendment generally grants states immunity from being sued in federal court, *Young* created an important exception for challenges to whether a state's official action violates federal law. *Id.* at 158; *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102 (1984). The *Young* doctrine has long been held necessary for "the federal courts to vindicate federal rights and hold state officials responsible to the supreme authority of the United States." *Id.* at 105 (quoting *Young,* 209 U.S., at 160).

The Tenth Circuit has characterized the *Young* exception to sovereign immunity under the Eleventh Amendment as "well-established," noting that it "permits suits for prospective injunctive relief against state officials acting in violation of federal law." *Prairie Band Potawatomi Nation v. Wagnon*, 476 F.3d 818, 828 (10th Cir. 2007).

A plaintiff invoking the *Young* doctrine to challenge the constitutionality of a state statute in federal court must sue an officer who has "some connection with the enforcement" of the challenged act. *Young* at 209 U.S. at 157. As *Young* makes clear, the officer's enforcement duties need not be expressly described in the act. *Id.* at 158; *Finstuen v. Crutcher*, 496 F.3d 1139, 1151 (10th Cir. 2007). Additionally, "[a]n officer need not have a special connection to the allegedly unconstitutional statute; rather, he need only have a particular duty to enforce the statute in question and a demonstrated willingness to exercise that duty." *Chamber of Com. of the U.S. v. Edmondson*, 594 F.3d 742, 760 (10th Cir. 2010) (cleaned up).

6

"An official enforces a law when they 'clearly ... assisted or currently assist in giving effect to the [contested] law.'" *Free Speech Coal., Inc. v. Anderson*, 119 F.4th 732, 736 (10th Cir. 2024) (quoting *Prairie Band Potawatomi Nation v. Wagnon*, 476 F.3d 818, 828 (10th Cir. 2007)). "To give effect" is the definition of "enforce." *Id.*

Because the Complaint has adequately alleged—and because available evidence shows in fact—that Defendant Retting gives effect to the SOMB guidelines barring Ms. Nelson from participating in the SOTMP as long as she maintains her sincerely held religious belief against lying, this Court has subject-matter jurisdiction over Defendant Retting in her official capacity as CDOC Representative on the SOMB. Therefore, this Court should deny the Partial Motion to Dismiss.

I. **Defendant Retting's facial jurisdictional attack fails because Ms. Nelson properly pled subject-matter jurisdiction over Defendant Retting in her role as CDOC's representative on SOMB.**

Defendant Retting asserts that Ms. Nelson is required to have pled "that Retting, in her role on the SOMB had some duty to enforce CDOC regulations and alleged practices." (ECF No. 22 at 5.) This formulation misstates the relevant issue in determining whether Defendant Retting is the appropriate official-capacity defendant on behalf of SOMB. For the purpose of analyzing whether there is subject-matter jurisdiction over Defendant Retting *as an SOMB official*, the inquiry is whether she has a duty to "give effect" to the SOMB standards and guidelines that have caused the alleged violation of RLUIPA. *See Free Speech Coal.*, 119 F.4th at 736; *Prairie Band Potawatomi Nation*, 476 F.3d at 828.

Ms. Nelson pled sufficient allegations for the Court to determine that Defendant Retting has the requisite connection with the enforcement of SOMB standards and guidelines. The Complaint alleges that Defendant Retting is CDOC's Representative on the Sex Offender

7

Management Board and that she was appointed under Colo. Rev. Stat. § 16-11.7-103(1). (ECF No. 1 at ¶44.) That statute creates "in the department of public safety a sex offender management board that consists of twenty-five members," and mandates that "the executive director of the department of corrections shall appoint one member who represents the department of corrections." Colo. Rev. Stat. § 16-11.7-103(1)(b). The Complaint includes allegations detailing many of SOMB's duties, (ECF No. 1. at ¶¶125, 127-128.) It follows that, as an SOMB member, Defendant Retting has such duties, which include not only the duty to establish evidence-based standards and guidelines for sex-offender treatment (*id.* at ¶125) but also the duty to give effect to these standards and guidelines by ensuring that treatment programs are "appropriately flexible and particularized to each individual's needs so that people convicted of sexual offenses may access the treatment." (*Id.* at ¶127.)

The Partial Motion to Dismiss complains that Ms. Nelson has failed to allege that Defendant Retting, in her capacity as a member of the SOMB, has "individual responsibility for developing SOMB standards." (ECF No. 22 at 5.) That is correct but immaterial, because such an allegation is not required under the "some connection" principle. Defendant Retting overlooks the Tenth Circuit's analysis in *Prairie Band Potawatomi Nation*, 476 F.3d at 828, which focused on whether the individual named defendants "have assisted or currently assist in giving effect to" the law challenged there:

> Defendants, although not specifically empowered to ensure compliance with the statute at issue, clearly have assisted or currently assist in giving effect to the law. Defendant Walker, as Director of Vehicles, manages vehicle registrations and titles and supervises vehicle reciprocity; Defendant Wagnon, as the Secretary of Revenue, is the State official—in connection with Defendant Walker—who decided to deny the validity of the Tribe's registrations; and Defendant Seck, as Superintendent of the Kansas Highway Patrol, enforces traffic and other laws of the State related to highways, vehicles, and drivers of vehicles. This

8

satisfies the "some connection" requirement of *Ex parte Young*. *Prairie Band Potawatomi Nation*, 476 F.3d at 828.

Instead of addressing and applying this precedent, the Partial Motion to Dismiss relies on a very brief, unpublished decision from the Tenth Circuit, *Barrett v. Univ. of New Mexico Bd. of Regents*, 562 F. App'x 692, 694 (10th Cir. 2014) (unpublished), to argue that because "SOMB board members carry out their duties as a group," Defendant Retting is not an appropriate official-capacity defendant for the purpose of suing the SOMB. (ECF No. 22 at 5.) In *Barrett*, a university employee sued the University of New Mexico Board of Regents and each of its board members in their official capacity for violations of the Americans with Disabilities Act. 562 F. App'x 692. The Tenth Circuit held that the University's Board of Regents was immune from suit under the Eleventh Amendment and that the *Young* exception did not apply to the individual board members because the plaintiff's "general allegations of responsibility to enforce the ADA [were] insufficient because individual Board members are not empowered to act individually, but must act as 'a body corporate.'" *Id.* at 694 (citing N.M. Stat. Ann. § 21-7-4). *Barrett* misconstrued the enforcement requirement under Tenth Circuit precedent; it referenced the statute giving rise to the cause of action (there, the ADA, analogous to here, RLUIPA) instead of the law or regulation causing the violation of federal law (here, the SOMB standards and guidelines and the SOTMP's implementation of them). *Barrett* is also unpersuasive because it did not address *Prairie Band Potawatomi Nation*, 476 F.3d at 828. It is therefore unsurprising that no Tenth Circuit nor published decision in the District of Colorado has ever relied on *Barrett* for the broad proposition urged by Defendant Retting here—that individual board members are supposedly immune from suit because that board operates as a group.

In essence, Defendant Retting's argument is that for there to be subject-matter jurisdiction over a member of the SOMB, the applicable Colorado statute (Colo. Rev. Stat. § 16-11.7-103(4)(a) & (b)) must expressly state that specific board members have duties to enforce the challenged SOMB guidelines. (ECF No. 22 at 5.) This argument ignores language from *Young* and its progeny providing that an officer's duties need not be expressly set forth in the challenged statute. *Young*, 209 U.S. at 158; *Finstuen*, 496 F.3d at 1151; *Edmondson*, 594 F.3d at 760. The SOMB encompasses Defendant Retting, and thus by serving on the board, she is charged with its duties. Moreover, in Defendant Retting's role as CDOC Representative for SOMB, she clearly "assists in giving effect" to the challenged SOMB guideline's confession requirement in the SOTMP of CDOC, which incarcerates Ms. Nelson. Additionally, Defendant Retting certainly demonstrates a "willingness to exercise [her] duty" to create and implement the SOMB guidelines as she serves not only as the CDOC Representative on SOMB but also as CDOC's SOTMP Administrator. To the extent Defendant Retting implies that, because she shares her duties with other board members, she is not an appropriate party for purposes of *Young,* she provides no case law to support her argument that an appropriately named state officer must have the sole responsibility to enforce the challenged standards and guidelines. Indeed, such an argument is contrary to the Tenth Circuit law that a state official need only *assist* in giving effect to the contested law or practice. *See Free Speech Coal., Inc.,* 119 F.4th at 736; *Prairie Band Potawatomi Nation*, 476 F.3d at 828.

II. **Newly discovered facts further demonstrate that the Court has subject-matter jurisdiction over Defendant Retting in her official capacity as an SOMB member.**

As discussed, Ms. Nelson has properly pled that this Court has subject-matter jurisdiction over Defendant Retting in her official capacity as an SOMB member. Because the Partial Motion to Dismiss relies on Defendant Retting's assertion that "SOMB board members carry out their duties as a group" (ECF No. 22 at 5), which is a factual matter outside the four corners of the

Complaint, Ms. Nelson also offers additional evidentiary support for her position that Defendant Retting is properly named in her official capacity as CDOC's Representative on SOMB. Defendant Retting's discovery responses not only reflect the necessity of SOMB in this suit, as discussed, but also demonstrate that Defendant Retting "assists in giving effect" to the guidelines at issue and is specifically involved in granting exemptions from SOMB requirements (referred to by the SOMB as "variances") and amending SOMB guidelines. These are two forms of relief this Court could grant Ms. Nelson.

Defendant Retting's responses to Ms. Nelson's Interrogatories regarding how the SOMB assesses requests for exemptions or variances from participation requirements of the SOTMP make clear that the Application Review Committee (ARC), a committee comprised of SOMB members, plays an important role in that process. (Exhibit 1 at 4.) The ARC reviews and investigates requests for variances before presenting the request to the full SOMB. (*Id.*) And the ARC may even authorize a preliminary approval of the variance request. (Colorado SOMB Standards and Guidelines – Adult (rev. Jan. 2025) (attached as Exhibit 2) (SOMB Guidelines) at 220.) Defendant Retting is a member of the ARC, and thus, in addition to her general duties as a member of the SOMB, she has specific duties that relate to the relief requested in this case.[2]

Defendant Retting's responses also provide some insight into how the SOMB amends its standards and guidelines. (*See* Exhibit 1 at 3.) According to Defendant Retting's responses, proposed changes to standards and guidelines may be referred to the Adult Standards Revision Committee (ASRC),[3] who then proposes specific revisions to the Best Practices Committee (BPC).

---

[2] Additionally, as a member of the ARC, Defendant Retting enforces SOMB guidelines by reviewing complaints that treatment providers are not complying with SOMB Standards and Guidelines. (Exhibit 1 at 2.)

[3] Defendant Retting states that the proposed change may be referred to the ASRC "or another appropriate committee for consideration," without detailing what other committees may be

(*Id.*) The BPC might approve the revision or send it back to the ASRC for further revision. (*Id.*) Eventually, the full SOMB votes on whether to ratify the final version of the proposed revision. (*Id.*) Although Defendant Retting's responses did not disclose whether she is a member of the ASRC, Plaintiff has discovered that Defendant Retting *is* a member of the ASRC, which makes her all the more active in the process of amending the SOMB standards and guidelines. (*See* SOMB Minutes dated January 17, 2025 (attached as Exhibit 3) (SOMB Minutes) at 4. Indeed, it appears that Defendant Retting plays an important role in drafting specific revisions to SOMB Guidelines, including in Section 3.600, which is titled "Treatment of Clients Within the Department of Corrections." (Exhibit 3 at 5.)

Despite both the sufficiency of Ms. Nelson's allegations and the above additional facts, Defendant Retting seems to imply that, if the Court were to issue an injunction ordering Defendant Retting to change SOMB guidelines or exempt Ms. Nelson from compliance with the admission requirement, Defendant Retting would not have the authority, alone, to make such a change, and therefore, Ms. Nelson must name all 25 SOMB members as official-capacity defendants.[4] Defendant Retting has presented no caselaw to support this contention. Defendant Retting cites to *Allen v. Hickenlooper*, No. 14-cv-01176-LTB, 2014 WL 440075, at *3 (D. Colo. Sept. 5, 2014),

---

appropriate. (*See* Exhibit 2 at 3.) Given that this matter relates to an SOMB adult standard, Ms. Nelson assumes that the ASRC would be the appropriate committee to consider an amendment regarding the confession requirement.

[4] Ms. Nelson maintains that she is not required to complicate this lawsuit by adding 24 other individual members of the SOMB as defendants when Defendant Retting has the requisite connection to the enforcement of the SOMB guidelines and to the amendments and variances from the guidelines. But if this Court were to determine otherwise, then Ms. Nelson should be afforded the opportunity to amend her Complaint accordingly. *See McAllister v. Kellogg,* No. 13-CV-02896-CMA-MJW, 2014 WL 4651915, at *6 (D. Colo. Sept. 17, 2014) (granting defendants' motion to dismiss and further ordering plaintiff to file amended complaint within three weeks if he wished to amend his complaint.)

12

for the principle that "the SOMB must be sued in a particular way." (ECF No. 22 at 5.) In that case, however, Judge Babcock dismissed a due-process claim against the SOMB because the pro se plaintiff had named as a defendant "The Entire Colorado Sex Offender Management Board" but had failed to sue any individual members of the SOMB. 2014 WL 440075, at *3. Here, by contrast, Ms. Nelson properly named Defendant Retting in her official capacity as an SOMB member.

Moreover, the implication of Defendant Retting's position is troubling. Any injunction ordered by the Court would be premised on its finding that a federal court order is necessary to remedy a violation of Ms. Nelson's rights under RLUIPA. The notion that other SOMB members might, in such a circumstance, act to prevent Defendant Retting from effectuating the Court-ordered change is surely unfounded, since those members would presumably seek to follow the law as laid down by this Court.

In a footnote, Defendant Retting suggests "it is unclear that the SOMB has any formal enforcement authority over SOTMP." (ECF No. 22 at 5 n.2.) While the court in *Bertrand v. Kopcow*, 199 F. Supp. 3d 1278, 1285 (D. Colo. 2016), dismissed SOMB members from suit because SOMB was the promulgating but not the enforcing authority over the challenged standard (one that prohibited plaintiff from having contact with his minor son), here, Ms. Nelson presents evidence that SOMB acts as far more than a promulgating authority. According to Defendant Retting's discovery responses, the SOMB oversees complaints that sex-offense treatment providers are not complying with SOMB guidelines, and SOMB investigates and makes findings about whether providers violate a standard and/or guideline and can impose sanctions on them for such violations. (Exhibit 1 at 2.) SOMB members likewise play an enforcement role when they decide when to permit variances from the SOMB's standards and guidelines. (*Id.* at 4.) Moreover,

Colo. Rev. Stat. § 16-11.7-103(4)(b)(I) expressly mandates that the board "implement . . . guidelines and standards to treat adult sex offenders."

Defendant Retting's reliance on *Bertolo v. Shain* is similarly unavailing and easily distinguished on its facts. The plaintiff there attempted to sue an SOMB board member to enforce an SOTMP contract. *Bertolo v. Shain*, No. 17-CV-00773-RM-KLM, 2020 WL 2365245, at *5 (D. Colo. Feb. 27, 2020), *report and recommendation adopted sub nom. Bertolo v. Raemisch*, No. 17-CV-00773-RM-KLM, 2020 WL 1502295 (D. Colo. Mar. 30, 2020). Here, Ms. Nelson names Defendant Retting in her official capacity as the CDOC's Representative on SOMB because she seeks either a change to the SOMB guidelines themselves, or an exemption (variance) from the guidelines.

## **CONCLUSION**

For all these reasons, the Court has subject-matter jurisdiction over Defendant Retting in her official capacity as a board member of the SOMB who is the CDOC's Representative on SOMB as well as a member of the SOMB's ASRC. Ms. Nelson has not named Ms. Retting as a defendant by "pick[ing] a government official at random." (ECF No. 22 at 4.) To the contrary, Defendant Retting embodies the connection between CDOC's SOTMP and the SOMB's standards and guidelines that underly the alleged RLUIPA violation in this case. Therefore, Ms. Nelson respectfully asks the Court to deny Defendant Retting's Partial Motion to Dismiss.

Respectfully submitted this 30th day of June 2025.

STUDENT LAW OFFICE

*s/ Miriam Kerler*
Miriam Kerler
Nicole B. Godfrey
University of Denver Sturm College of Law
2255 E. Evans Ave.
Denver, CO 80208
Phone: 303.871.6574
Fax: 303.871.6847
Email: Miriam.kerler@du.edu
Nicole.godfrey@du.edu

JOHNSON & KLEIN, PLLC

*s/ Gail K. Johnson*
Gail K. Johnson
5398 Manhattan Cir.
Boulder, CO 80303
Phone: 303.444.1885
Fax: 866.340.8286
Email: gjohnson@johnsonklein.com

***Attorneys for Plaintiff Lacie Nelson***