IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-03588-PAB-TPO

LACIE NELSON,

    Plaintiff

v.

MOSES STANCIL, in his official capacity as
Executive Director of the Colorado Department of Corrections;
RYAN LONG, in his official capacity as Warden of
the Denver Women's Correctional Facility; and
AMANDA RETTING, in her official capacity as
Sex Offender Treatment and Monitoring Program Administrator and
Colorado Department of Corrections Representative
on the Sex Offender Management Board,

    Defendants.

### DEFENDANT AMANDA RETTING'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND FIRST SET OF REQUESTS FOR PRODUCTION

    Defendant Amanda Retting, by and through the Colorado Attorney General, respectfully submits the following responses to Plaintiff's First Set of Interrogatories and First Set of Requests for Production to Defendant Amanda Retting.

### PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

    Defendant Retting objects to the Requests to the extent they seek information protected from disclosure by the attorney-client privilege, work-product immunity doctrine, and/or any other privilege or protection.

    These responses are based upon information currently available to Defendant Retting. Defendant Retting reserves the right to supplement or modify each response should additional or different information become available.

    These Requests have been copied as written by Plaintiff. Typographical and/or grammatical errors have not been corrected.

## INTERROGATORIES

**INTERROGATORY NO. 1**: Please describe with specificity the degree of oversight and interaction the SOMB has over the CDOC, including the processes and procedures the SOMB utilizes to ensure its Standards and Guidelines are followed in the administration of the SOTMP.

**OBJECTION:** Defendant Retting objects to Interrogatory No. 1 on grounds that it is both vague and overbroad. It is not clear what the words "oversight" and "interaction" mean in this context, or that all of the SOMB's Standards and Guidelines are relevant to the issues in this case. This case concerns only whether the Defendants violated RLUIPA by declining to admit Plaintiff to the SOTMP unless and until she admits to perpetrating sexually abusive conduct.

Further, Defendant Retting does not speak for the SOMB as a whole, and cannot certify that her personal knowledge of SOMB procedures is entirely correct and complete.

**RESPONSE:** Without waiver of, and subject to, the general and specific objections outlined above, to the best of Defendant Retting's knowledge:

The SOMB is a professional standards board to which providers can apply for certification. It periodically reviews certified providers' redacted treatment files, which are randomly selected for review. The SOMB conducts these reviews to ensure that its Standards and Guidelines are followed by SOTMP staff and all other SOMB-certified providers.

In addition, CDOC inmates may file complaints with the SOMB indicating that a provider is not complying with the SOMB Standards and Guidelines. When such a complaint is filed, it is referred to the Application Review Committee (ARC), a committee comprised of some members of the SOMB. The ARC reviews the complaint to determine if it falls within the SOMB's purview. Once the ARC determines that the complaint falls within SOMB's purview, the ARC emails the provider identified in the complaint, informing them that there has been an allegation of a purported violation of a Standard and/or Guideline. The SOMB then investigates and ultimately makes findings on whether a particular provider violated a Standard and/or Guideline. If the SOMB finds that a provider did violate a Standard and/or Guideline, it may impose a sanction. The severity of the sanction generally comports with the severity of the violation.

*See also* Standards and Guidelines for the Assessment, Evaluation, Treatment and Behavioral Monitoring of Adult Sex Offenders, Revised January 2025. CDOC/Nelson_00136-00510.

**INTERROGATORY NO. 2**: Please describe with specificity how the SOMB considers, evaluates, and assesses amendments to the Standards and Guidelines.

**OBJECTION:** Defendant Retting does not speak for the SOMB as a whole. She is not on any committee that considers, evaluates, or assesses amendments to the Standards and Guidelines. She cannot certify that her personal knowledge of relevant SOMB procedures is entirely correct and complete.

**RESPONSE:** Without waiver of, and subject to, the general and specific objections outlined above, to the best of Defendant Retting's knowledge:

When the SOMB Standards and Guidelines are amended, amendment generally occurs because a stakeholder has identified an opportunity to update the standards and guidelines to address concerns or gaps, or to bring them in line with new best practices and data. That concern or proposed change may be referred to the Adult Standards Revision Committee (ASRC) or another appropriate committee for consideration. If the ASRC (or other appropriate committee) chooses to proceed with amendment, it may propose specific revisions to the Best Practices Committee (BPC). The BPC may send the proposed revision back to the ASRC (other appropriate committee) for further work and give specific feedback about what should be refined or changed. In the alternative, the BPC may approve the revision, and send it to the full SOMB to allow the SOMB to review, discuss, and further refine the proposed revision. Once the full board has reviewed the proposed revision, they vote to send it out for public comment. After the public comment period, the proposed revision is again sent to the full SOMB to make any final adjustments. Then the full SOMB votes regarding whether to ratify the final version of the proposed revision.

**INTERROGATORY NO. 3**: Please describe how the SOMB considers, evaluates, and assesses whether an individual is eligible for an exemption from the treatment and participation requirements set forth by the Standards and Guidelines.

**OBJECTION:** Defendants object to Interrogatory No. 3 on the grounds that it is vague. The SOMB Standards and Guidelines do not use the term "exemption," and Defendants cannot determine exactly what Plaintiffs are referring to when they ask how the SOMB determines someone is eligible for an exemption.

Further, Defendant Retting does not speak for the SOMB as a whole, and cannot certify that her personal knowledge of SOMB procedures is entirely correct and complete.

**RESPONSE:** Without waiver of, and subject to, the general and specific objections outlined above, to the best of Defendant Retting's knowledge, if a treatment provider wishes to be granted variance from the Standards and Guidelines in place,

3

they must follow the rules and procedures outlined in Standard of Practice 3.162 and Appendix A: SOMB Administrative Policies, G. Variances.

**INTERROGATORY NO. 4**: Once an Eligible Individual requests an exemption from participation requirements of the SOTMP, please describe with specificity how the SOMB evaluates the request and determines whether to grant the exemption, including the SOMB board members involved in that decision.

**OBJECTION:** Defendants object on the grounds that Interrogatory No. 4 is vague. The SOMB Standards and Guidelines do not use the term "exemption" and Defendants cannot determine exactly what Plaintiffs are referring to when they ask how the SOMB determines someone is eligible for an exemption.

Further, Defendant Retting does not speak for the SOMB as a whole, and cannot certify that her personal knowledge of SOMB procedures is entirely correct and complete.

**RESPONSE:** Without waiver of, and subject to, the general and specific objections outlined above, once a variance is requested by a sex offender or their therapist, the ARC will review the request and investigate it. ARC chairs (currently Lauren Rivas and Theresa Weiss) will then present the request to the full SOMB. The SOMB will vote, and the outcome of that vote determines whether the variance is granted.

The current members of the ARC are Lauren Rivas, Theresa Weiss, Michelle Simons, Melissa Parkowski-Helmer, Andrei Lobanov-Rostovsky, and Amanda Retting.

**INTERROGATORY NO. 5**: Please identify all SOMB board members and describe with specificity their respective roles.

**OBJECTION:** Defendant Retting objects to Interrogatory No. 5 on the grounds that it is vague. Plaintiff has not described what she means by "roles," and Defendant Retting therefore cannot fully answer. Moreover, Defendant Retting does not speak for the SOMB as a whole, and cannot certify that her personal knowledge of SOMB procedures is entirely correct and complete.

**RESPONSE:** Without waiver of, and subject to, the general and specific objections outlined above, for a list of SOMB members please see the SOMB website: https://dcj.colorado.gov/dcj-offices/odvsom/somb-members. Carl Blake recently stepped down from the SOMB, a fact that may not yet be reflected on the SOMB's website.

**INTERROGATORY NO. 6**: Please describe with specificity the relationship between the CDOC and SOMB, including but not limited to the powers, duties, and

4

responsibilities of the SOMB—compared to the powers, duties, and responsibilities of the CDOC—in the implementation of the SOTMP.

**OBJECTION:** Defendant Retting objects to Interrogatory No. 6 because it is vague. Plaintiff has not described what she means by "implementation of the SOTMP." The parameters of that phrase are not clear to Defendant Retting, but she construes it to mean "operate the SOTMP." Moreover, Defendant Retting does not speak for the SOMB as a whole, and cannot certify that her personal knowledge of SOMB procedures is entirely correct and complete.

**RESPONSE:** Without waiver of, and subject to, the general and specific objections outlined above, the SOMB has no duties or responsibilities to implement the SOTMP. Implementation of the SOTMP, as Defendant Retting understands that phrase, is the sole responsibility of CDOC, because the SOTMP is a CDOC program.

**INTERROGATORY NO. 7**: Please explain whether, notwithstanding any contrary aspect of the Standards and Guidelines and/or any other policy or practice of the SOMB, the CDOC and its SOTMP have the authority to: (i) allow Plaintiff to enter treatment in SOTMP without accepting responsibility for the crimes of her conviction; and (ii) determine and report to the Colorado Parole Board that Plaintiff is successfully progressing in SOTMP without the acceptance-of-responsibility requirement. If you contend that CDOC and its SOTMP do not possess such authority, please identify with specificity the part(ies) and/or entit(ies) that do.

**OBJECTION:** Defendant Retting objects to Interrogatory No. 7 because it is vague. Plaintiff has not described what she means by "authority." The parameters of that phrase are not clear to Defendant Retting, but she construes that word to mean "the formal power to do something regardless of the consequences." Moreover, Defendant Retting does not speak for the SOMB as a whole, and cannot certify that her personal knowledge of SOMB procedures is entirely correct and complete.

**RESPONSE:** Without waiver of, and subject to, the general and specific objections outlined above, in a strictly technical sense, Defendant Retting has the authority to allow Plaintiff to enter treatment without accepting responsibility for the crimes of her conviction and to determine and report to the Colorado Parole Board that Plaintiff is progressing in SOTMP without the acceptance-of-responsibility requirement. This is so because Defendant Retting is the Program Administrator, and has the authority to make or change the rules of the SOTMP, the SOTMP treatment contract, and the report that is sent to the Colorado State Board of Parole prior to inmates' hearings.

However, in a practical sense, Defendant Retting would never take such a step, because doing so would violate her professional obligations as the SOTMP program

5

administrator and a licensed CDOC therapist who supervises other CDOC therapists. In addition, such conduct would violate current CDOC policies.

If Defendant Retting were to allow Plaintiff to enter treatment without accepting responsibility for sexually abusive conduct and if she then determined and reported to the Colorado State Board of Parole that Plaintiff was successfully progressing in SOTMP — although Plaintiff had not accepted responsibility for her index offenses — Defendant Retting would not be performing one of the core functions of her job as the SOTMP program administrator — namely, operating a treatment program that provides the kind of services mandated by Colorado law.

In Colorado, "treatment" is statutorily defined as "therapy, monitoring, and supervision of any sex offender which conforms to the standards created by the [SOMB] pursuant to section 16-11.7-103." *See* § 16-11.7-102(4), C.R.S. SOMB Standard 3.520 provides that inmates who accept no responsibility for sexually abusive conduct are not suitable for sex-offense-specific treatment because they do not acknowledge being responsible for any sexual offending or having a related need for change.

If Defendant Retting authorized SOTMP therapists to provide sex-offense-specific treatment to inmates who are not suitable for sex-offense-specific treatment under SOMB standards, she would not be certain that: (1) CDOC's SOMB-certified therapists would be able to maintain their SOMB certifications; (2) CDOC's SOMB-certified therapists would be able to retain their professional licenses, as they would be the subject to meritorious SOMB complaints and/or Department of Regulatory Agencies (DORA) complaints; and (3) the SOTMP would be able to convince the Colorado State Board of Parole that they have provided the kind of therapy required by statute. Thus, the SOTMP program would be rendered inoperable and ineffective.

Moreover, as a licensed therapist, Defendant Retting cannot ethically provide, and cannot require the therapists that she supervises to provide, treatment for an issue that an inmate does not have. Doing so would violate the Colorado Mental Health Practice Act § 12-245-224(1)(t)(II)-(III), the American Counseling Association code of ethics C.2.a., C.7.a., C.7.c., §16-11.7-103(4), C.R.S. and, finally, the SOMB Standards and Guidelines section 3.560.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**: Please produce any and all documents referenced or relied upon to respond to any interrogatory.

**RESPONSE:** Please see CDOC/Nelson_00105-00615.

## **VERIFICATION**

I, Amanda Retting, attest and affirm that I am a Defendant in this matter, that I have knowledge of the information contained in the responses to the Interrogatories in Plaintiff's First Set of Interrogatories, and that the foregoing responses I provided are true and accurate to the best of my knowledge.

*Amanda Retting, MA, LPC*

Amanda Retting, MA, LPC
SOTMP Program Administrator
of Colorado Department of Corrections

Date: 06/17/2025

AS TO OBJECTIONS TO INTERROGATORIES, AND RESPONSES TO REQUESTS FOR PRODUCTION:

Dated: June 18, 2025

          PHILIP J. WEISER
          Attorney General

          s/ *Amy E. Adams*
          AMY E. ADAMS*
          EVAN P. BRENNAN*
          Assistant Attorneys General
          Attorneys for the Defendants
          1300 Broadway, Tenth Floor
          Denver, CO 80203
          Telephone: (720) 508-6000
          E-Mail: amy.adams@coag.gov;
                     evan.brennan@coag.gov
          *Counsel of Record

## CERTIFICATE OF SERVICE

       I certify that, on June 18, 2025, I served the foregoing **DEFENDANT AMANDA RETTING'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND FIRST SET OF REQUESTS FOR PRODUCTION** upon all parties herein by email, addressed as follows:

| | |
|---|---|
| Nicole B. Godfrey<br>Miriam Kerler<br>University of Denver Sturm College of Law<br>2255 E. Evans Ave, Suite 335<br>Denver, CO, 80208<br>Ph: 303-871-6140<br>Fax: 303-871-6847<br>Nicole.Godfrey@du.edu<br>Miriam.Kerler@du.edu | *Courtesy copy e-mailed to:*<br>Anthony DeCesaro, CDOC |

Gail K. Johnson
5398 Manhattan Cir.
Boulder, CO 80303
Ph: 303-444-1885
Fax: 866-340-8286
gjohnson@johnsonklein.com

*Counsel for Plaintiff*

                                         *s/ Jennifer Kaercher*