EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-03588-PAB-TPO

LACIE NELSON,

Plaintiff,

v.

MOSES STANCIL, in his official capacity as Executive Director of the Colorado Department of Corrections; RYAN LONG, in his official capacity as Warden of the Denver Women's Correctional Facility; and AMANDA RETTING, in her official capacity as Sex Offender Treatment and Monitoring Program Administrator and Colorado Department of Corrections Representative on the Sex Offender Management Board,

Defendants.

## DECLARATION OF AMANDA RETTING

I, Amanda Retting, do declare under penalty of perjury, as follows:

1. I am over the age of 18 years. This declaration is made upon my personal knowledge.

2. I am currently employed with the Colorado Department of Corrections ("CDOC") as the Sex Offender Treatment and Monitoring Program ("SOTMP") Program Administrator. I have been employed in this position since January 1, 2023.

3. As part of my job responsibilities, I assess the treatment needs of the CDOC sex-offender population and allocate resources to meet the needs as efficiently as possible. I assist with the promulgation and enforcement of CDOC's SOTMP policies, and I review treatment

1

files of inmates in who refuse sex offender treatment, remain on the waiting list for a variety of reasons, or are currently participating in the SOTMP.

4. I am familiar with the CDOC's Administrative Regulation (AR) 700-19 concerning the SOTMP (attached hereto as **Attachment 1**), and I assist with its enforcement in my role as the SOTMP Program Administrator.

5. Treatment through the SOTMP is administered via cognitive-behavioral based therapy, and it adheres to the risk, needs, responsivity model of treatment, which inherently requires that participants identify the risks that caused them to sexually offend and what they need to prevent them from reoffending.

6. Thus, the SOTMP has established participation requirements, including admitting to specific sexually abusive conduct; thus, "offenders who are recommended for sex offense specific treatment will be assessed by the SOTMP team" before they enter treatment "to determine if they currently meet treatment participation requirements." *See* Attachment 1, AR 700-19(IV)(F).

7. I am familiar with the Plaintiff in this matter. Specifically, I am aware that Lacie Nelson is an inmate with a judicial determination of a sex crime, and that she has been coded as a "5D," indicating that she does not meet criteria to enter treatment.

8. I have reviewed her SOTMP file and confirmed that she does not meet criteria to enter treatment because she will not admit to any sexually abusive conduct, making it impossible for her to identify her risks and needs. Thus, Ms. Nelson remains coded a 5D.

9. I am also a member of the Sex Offender Management Board. As a member, I attend meetings, give input, and vote on items before the SOMB as a body.

2

10. I also serve on the ARC, an acronym for "Application Review Committee." The ARC considers SOMB-certified therapists' requests for temporary variances from the Standards and Guidelines promulgated by the SOMB.

11. When a SOMB therapist who is employed by CDOC requests a variance, I recuse myself from voting on that decision due to the conflict of interest created by my parallel role as the SOTMP Program Administrator. I do not vote on variances requested by CDOC therapists.

12. I am not a member of the Adult Standards Revision Committee (ASRC), which considers amendments to the SOMB's Standards and Guidelines. However, at the January 17, 2025 meeting, I answered questions for the ASRC members because they requested that I do so.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Signed on August 1. 2025.

/s/ *Amanda Retting*
AMANDA RETTING
Program Administrator, Sex Offender Treatment and
Monitoring Program, and SOMB Member

3