## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-03588-PAB-TPO

LACIE NELSON,

      Plaintiff,

v.

MOSES STANCIL, in his official capacity as Executive
Director of the Colorado Department of Corrections;
RYAN LONG, in his official capacity as Warden of
the Denver Women's Correctional Facility; and
AMANDA RETTING, in her official capacity as
Sex Offender Treatment and Monitoring Program
Administrator and Colorado Department of Corrections
Representative on the Sex Offender Management Board,

      Defendants.

---

## REPLY IN SUPPORT OF PLAINTIFF'S
## MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT [ECF NO. 60]

---

Congress enacted the Religious Land Use and Institutionalized Persons Act (RLUIPA) under its Spending Clause authority. *Stewart v. Beach*, 701 F.3d 1322, 1334 (10th Cir. 2012). States and their entities waive Eleventh Amendment immunity for RLUIPA claims against them when, as here, they accept federal funds. *Ind v. Colorado Dep't of Corr.*, No. 09-CV-00537-WJM-KLM, 2011 WL 7063298, at *6 (D. Colo. Apr. 7, 2011), *report and recommendation adopted*, 2012 WL 161418 (D. Colo. Jan. 19, 2012). By its text, RLUIPA authorizes such claims against both governmental entities and their officials. 42 U.S.C. § 2000cc-2. The Tenth Circuit has recognized that suits for prospective relief proceed as though brought under the legal fiction of *Ex*

*Parte Young,* created for situations wherein the government has immunity. *Yellowbear v. Lampert*, 741 F.3d 48, 53 n.1 (10th Cir. 2014) ("RLUIPA contemplates not just traditional *Ex Parte Young* actions against individual officials but also claims directly against governmental entities."). Therefore, this Court has jurisdiction under either version of Ms. Nelson's complaint. She seeks to amend now to eliminate further delays wrought by the parties' competing views of how *Ex Parte Young* operates.

In this situation, Rule 16's good cause standard and Rule 15's amendment standard must be read through the lens of Rule 1, which requires the Court to construe the federal rules "to secure the just, speedy, and inexpensive determination of every action and proceeding." Thus, even if the Court were to deem Ms. Nelson's original pleading defective—which it is not—and grant Defendant Retting's partial motion to dismiss, that dismissal should be without prejudice. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006). Allowing Ms. Nelson to "cure the defect" now is more efficient and just than a dismissal that will result in refiling. Through the lens of Rule 1, this Court should grant Ms. Nelson leave to amend her complaint to substitute the entities for the official-capacity defendants burdening Ms. Nelson's religious exercise.

## ARGUMENT

Ms. Nelson has good cause to amend the Scheduling Order to allow her to amend her complaint after the deadline has passed under the circumstances here. Moreover, justice requires amendment in this situation, where there is no undue delay or prejudice to Defendants.

I.  **Ms. Nelson has demonstrated good cause under Rule 16 to amend the Scheduling Order to allow her to amend her complaint after the amendment deadline.**

Defendants' opposition to Ms. Nelson's motion rests on three faulty assumptions: (1) Ms. Nelson, as the plaintiff, is not the master of her complaint; (2) discovery already conducted will

2

have no bearing on the case post-amendment; and (3) Ms. Nelson abandoned her arguments in response to Defendant Retting's Partial Motion to Dismiss. Relying on these assumptions, Defendants argue that Ms. Nelson's amendment is not diligent because she had the necessary information to amend her complaint before the amendment deadline. ECF No. 66 at 6-7.

But this situation differs from those where a plaintiff seeks to amend their complaint to add facts, claims, or defendants based on new information, and the question is whether the plaintiff was diligent in pursuing amendment after receiving that information. *See e.g.*, *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). Here, Ms. Nelson seeks to amend her complaint for a different purpose: to ensure her *same* RLUIPA claim against the *same* defendants—the Colorado Department of Corrections (CDOC) and the Sex Offender Management Board (SOMB)—whether pled through official-capacity defendants or entity defendants, can be heard on the merits and without further delay. Either way, Ms. Nelson *is pleading the same case*.

And Ms. Nelson has been diligent in seeking that amendment. That is because the issue was not ripe until the parties finished conferral and the January 12, 2026 Discovery Conference[1] made clear that (1) Defendant Retting would continue to unilaterally impose discovery limits against the SOMB based on her misapprehension of official-capacity suits; and (2) the Court observed that amending to name the entities directly could resolve both the discovery dispute before it and the pending motion to dismiss. ECF No. 66-1 at 10:05-08, 28:08-12. A party's diligence in resolving discovery disputes through meaningful conferral and court intervention may satisfy Rule 16's good cause standard. *See Est. of Roemer v. Shoaga*, No. 14-CV-01655-PAB-

---

[1] Ms. Nelson notes that she, not Defendants, requested the Discovery Conference. ECF No. 55 at 1 (setting discovery conference at "Plaintiff's request"); ECF No. 66-1 at 7:4-5 (noting same).

NYW, at *7 (D. Colo. Oct. 26, 2016), *report and recommendation adopted*, 2017 WL 1190558 (D. Colo. Mar. 31, 2017). Here, as in *Roemer*, the Court can look to Ms. Nelson's diligence in litigating her claim as she pled it, including diligently conferring about discovery disputes, to find good cause. *Id.* at **7-10.  That the parties ultimately could not resolve those disputes due to their disagreement about the nature of official-capacity lawsuits—including as reflected in the Discovery Conference[2]—does not mean Ms. Nelson was not diligent in her efforts.

A.  <u>Ms. Nelson, as the plaintiff, is the master of her complaint.</u>

Ms. Nelson, as the plaintiff, is the master of her complaint. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 398-99 (1987) (master-of-complaint doctrine). As such, she determines which claims to bring and against which defendants. *See Royal Canin USA, Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025). Defendants may either answer the complaint or file a pre-answer motion under Rule 12. But a motion to dismiss does not automatically stay proceedings while the motion is pending. *Mina v. Red Robin Int'l, Inc.*, No. 20-CV-00612-RM-NYW, 2021 WL 57770230, at **3-4 (D. Colo. Dec. 6, 2021). Rather, the case proceeds into discovery about the plaintiff's claims— *as the plaintiff pled them*—without limitation. *First Am. Title Ins. Co. v. Com. Assocs., LLC*, No. 15-CV-832-RFB-VCF, 2016 WL 951175, at *2 (D. Nev. Mar. 8, 2016) ("absent a court order, a party must participate in discovery"). But that is not what occurred here.

Here, Ms. Nelson sued the SOMB under RLUIPA through official-capacity Defendant Retting. ECF No. 1. In April 2025, Defendants notified Ms. Nelson that Retting would file a partial

---

[2] For example, during the Discovery Conference, the Court suggested that Jesse Hansen, a SOMB staff member, answer Ms. Nelson's interrogatories. Ms. Nelson was amenable to the Court's suggestion, but Defendants rejected it, claiming that interrogatories may be answered only by parties and again ignoring that the SOMB is already a party. ECF No. 66-1 at 27:04-07.

motion to dismiss based on subject matter jurisdiction. ECF Nos. 66-2, 22; Ex. 1 (Emails re Partial Motion to Dismiss).[3] Retting filed her motion on April 23, 2025, Ms. Nelson responded on June 30, 2025, and Retting replied on August 1, 2025. ECF Nos. 22, 35, 40. The motion is still pending.

The case proceeded into discovery.[4] Ms. Nelson served written discovery requests, took four depositions, and exchanged expert disclosures. Throughout, she diligently conferred with Defendants on Retting's refusal to provide discovery responses on behalf of the SOMB, as is required of an official-capacity defendant. *See, e.g., Tyler v. Suffolk County*, 256 F.R.D. 34, 37-38 (D. Mass. 2009) (ruling that official-capacity defendants must respond using all reasonably obtainable information in an entity's possession, custody, and control); *see also* Ex. 2 (Emails re Responses to Plaintiff's Second Discovery Requests);[5] Ex. 3 (Plaintiff's Discovery Deficiency Letter); Ex. 4 (Emails re Retting Discovery Obligations); Ex. 5 (Emails re Official-Capacity Lawsuits and Conferral); Ex. 6 (Emails re SOMB 30(b)(6) Deposition Subpoena).

Having no success via written conferral, the parties met in person in December 2025, during which Defendants' counsel informed Ms. Nelson they do not represent the SOMB. Ex. 5 at 9-16. Ms. Nelson then cancelled a forthcoming SOMB 30(b)(6) deposition and, on December 12, requested a discovery conference as she had diligently exhausted the conferral process to resolve the dispute surrounding Retting's discovery obligations. Ex. 5 at 1-8; Ex. 7 (Emails Requesting Discovery Conference); ECF No. 55; Ex. 8 (Discovery Conference Joint Stmt).

---

[3] Exhibit 1 captures the entire email thread between the parties that Defendants redacted in Defendants' Exhibit B (ECF No. 66-2).

[4] As the Court noted, Defendants did not move to stay discovery pending resolution of Defendant Retting's partial motion to dismiss. ECF 66-1 at 06:05-08, 20:03-05.

[5] Importantly, Defendants recognized that the "defendants have been sued exclusively in their official capacities, which is recognized as a suit against the state or entity," *see* Ex. 2 at 4, only to backtrack a few weeks later, *see id.* at 2.

At the January 12, 2026, Discovery Conference, the Court observed that Ms. Nelson could just sue the entity itself because the dispute centers on an individual official-capacity defendant responding to discovery for an entity. ECF No. 66-1 at 04:14-16, 10:05-08. To resolve this matter expeditiously, 18 days later, Ms. Nelson adopted the Court's suggestion and sought Defendants' position about the instant motion to amend her complaint to substitute the entity defendants. ECF No. 66-1 at 14:03-09; Ex. 9 (Emails re Motion to Amend). She filed her motion six days later.

Defendants argue that by notifying Ms. Nelson of *their position* about Eleventh Amendment immunity in April 2025, Ms. Nelson was aware of the information on which her amendment is based before the amendment deadline and, therefore, was not sufficiently diligent to meet the good cause standard of Rule 16. ECF No. 66 at 7-8. But that understanding of diligence is too narrow for the circumstances of this case. As outlined above, Ms. Nelson has been diligent in prosecuting this case, but her efforts have been stymied for months by Defendants' steadfast refusal to litigate the *actual claim that Ms. Nelson pled*: a claim against the SOMB through an official-capacity defendant.

Finally, Defendants rely on *Ross v. Colorado Dep't of Transportation* to support their position that Ms. Nelson does not have good cause under Rule 16. No. 11-CV-02603-REB-KMT, 2012 WL 7700140, at *5 (D. Colo. Aug 22, 2012), *report and recommendation adopted*, 2013 WL 1065101 (D. Colo. Mar. 14, 2013); ECF No. 66 at 9. But *Ross* is easily distinguished since: (1) the plaintiff sought to amend his complaint *after* summary judgment and forty days before trial; (2) the amended complaint substantially altered relevant legal issues; and (3) the plaintiff, from the start, named an entity with clear Eleventh Amendment immunity. *Id.* at **1-4. Here, the dispositive

motions deadline is July 2, 2026, and a trial date has not been set. ECF No. 59.[6] Ms. Nelson's

amended complaint substitutes the entities for the official-capacity defendants; she does not alter

her claim other than the names in the pleading. ECF No. 60. Last, Ms. Nelson properly named the

official-capacity defendants in her original complaint and now seeks leave to finally resolve the

parties' dispute over whether the SOMB is a party to this action. *Id.*

     B.  <u>The discovery conducted to date is relevant and available post-amendment.</u>

Defendants also argue that the discovery already conducted will have no bearing on this

case post-amendment. ECF No. 66 at 9. Not so. Because the SOMB has always been a defendant,

the already-produced discovery is fair game for the substituted entity-defendants. Ms. Nelson's

amended complaint requires Defendants to comply with the discovery obligations they have been

subject to throughout litigation: to respond to Ms. Nelson's discovery requests of Defendant

Retting as an official-capacity defendant for SOMB, comporting with how Ms. Nelson pled her

complaint. Nor have Defendants identified any discovery they chose to forego because of their

belief that Defendant Retting is not an appropriate official-capacity defendant. And even if there

were, the proper course, as detailed above, would have been for Defendant Retting to move for a

stay of discovery or a protective order to limit discovery for the SOMB, which she did not do.

     C.  <u>Ms. Nelson is not abandoning her arguments in response to the motion to dismiss.</u>

Finally, Ms. Nelson has never wavered from her position that she properly sued the SOMB

and does not do so now. But for the delays caused by Defendants' misapprehension of official-

capacity suits, Ms. Nelson would not seek leave to amend her complaint as she has already properly

---

[6] The deadlines in the parties' current scheduling order will likely require extensions because of
the outstanding discovery issues that will be cured by Ms. Nelson's amended complaint.

pled her claim. *Yellowbear*, 741 F.3d at 53 n.1. That Defendants notified her of their plan to file a partial motion to dismiss and that Ms. Nelson chose to respond to that motion rather than amend her complaint is of no moment. She did so because her position then—as now—is that she properly sued the appropriate official-capacity defendants. *See* ECF No. 35. The only reason Ms. Nelson seeks to amend her complaint now is because she has faced delays and incomplete responses to her discovery requests due to Defendants' misconception of official-capacity lawsuits.

## II.    Leave to amend the complaint should be freely granted under Rule 15.

Because granting Ms. Nelson leave to amend her complaint would not unduly prejudice Defendants, nor is amendment unduly delayed, she satisfies the Rule 15 standard.

### A.    Ms. Nelson's amended complaint does not unduly prejudice Defendants.

Defendants are not unduly prejudiced by the amendment for the same reasons set forth in Part I. *See Rehberg v. City of Pueblo*, No. 10-CV-00261-LTB-KLM, 2011 WL 4102287, at *5 (D. Colo. Sept. 14, 2011) (prejudice shown only when amendment unfairly affects non-movants' preparation, especially when amendment involves claims involving different subject matter or significant new factual issues).

While Defendants complain it would not be "fair play" to force "the CDOC, the SOMB, and Defendants . . . [to] change gears and consider Eleventh Amendment immunity defenses" (ECF No. 66 at 10), Defendants are not prejudiced because they may still file a motion to dismiss to raise any immunity arguments they see fit.[7]

---

[7] Ms. Nelson disagrees that Defendants have immunity, but she will assert her arguments on that score in response to any motion filed by Defendants. *See e.g.*, *Ind*, 2011 WL 7063298, at *6; ECF No. 66 at 9 (arguing Ms. Nelson's proposed amendment is not futile because, by accepting federal funds, CDOC and the SOMB have waived Eleventh Amendment immunity).

Defendants similarly complain that they failed to "vigorously defend[] the suit" against the SOMB because of their refusal to acknowledge that a suit against Defendant Retting in her official capacity was tantamount to suing the SOMB. ECF No. 66 at 12. As discussed, the SOMB is and always has been a defendant; thus, any prejudice Defendants face is a consequence of their own actions. And if the Attorney General's Office would like to assign more resources, personnel, and agency expertise following amendment, it can do so. *See* Ex. 5 at 9-16; ECF No. 66-1 at 19:03-12, 23:08-12.

    B.  <u>Ms. Nelson's amended complaint is not unduly delayed.</u>

To assess whether a delay is undue under Rule 15, "courts focus on the explanation for the delay." *Nitchman v. Union Pac. R.R. Co.*, No. 05-CV-01219-EWN, 2007 WL 389899, at \*2 (D. Colo. Feb. 1, 2007). For the reasons set forth in Part I above, Ms. Nelson's amended complaint is not unduly delayed because it was only *after* the parties' Discovery Conference that she had the information needed to seek leave to amend her complaint. Less than one month later, Ms. Nelson filed her motion for leave. ECF No. 66.

## CONCLUSION

Allowing Ms. Nelson to amend in the circumstances described above undoubtedly serves the just and speedy resolution of this case. *See* Fed. R. Civ. P. 1. That is particularly true given that a plaintiff bringing a RLUIPA claim can do so "directly against governmental entities." *Yellowbear*, 741 F.3d at 51 n. 1.

For all the foregoing reasons, Ms. Nelson respectfully requests the Court grant her leave to amend her complaint.

DATED:  March 26, 2026

Respectfully Submitted,

STUDENT LAW OFFICE                                    JOHNSON & KLEIN, PLLC

*s/ Emma D. Richards*                                Gail K. Johnson
Emma D. Richards, Student Attorney                   5398 Manhattan Cir.
Rylee M. Beltran, Student Attorney                   Boulder, CO 80303
Nicole B. Godfrey                                    Ph: 303-444-1885
Miriam Kerler                                        gjohnson@johnsonklein.com
Laura Rovner
University of Denver Sturm College of Law
2255 E. Evans Ave, Suite 335,
Denver, CO, 80208
Ph: 303-871-6140
emma.richards@du.edu

*Attorneys for Plaintiff Lacie Nelson*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 26, 2026, I electronically filed the foregoing **REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT (ECF NO. 60)** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following recipients:

Amy.Adams@coag.gov
Evan.Brennan@coag.gov

*Counsel for Defendants*

*s/ Laura Rovner*
Laura Rovner
