EXHIBIT
4

| | |
|---|---|
| **Subject:** | Re: Nelson v Stancil- Defendants' Amended Response (ROG 2) and Deposition Scheduling |
| **Date:** | Wednesday, October 8, 2025 at 10:10:33 AM Mountain Daylight Time |
| **From:** | Rylee Beltran <Rylee.Beltran@du.edu> |
| **To:** | Amy Adams <Amy.Adams@coag.gov>, Emma Richards <Emma.Richards@du.edu>, Evan Brennan (He Him) <Evan.Brennan@coag.gov> |
| **CC:** | Laura Rovner <laura.rovner@du.edu>, Nicole Godfrey <Nicole.Godfrey@du.edu>, Miriam Kerler <Miriam.Kerler@du.edu>, Gail Johnson <gjohnson@johnsonklein.com>, Jennifer Kaercher <Jennifer.Kaercher@coag.gov> |
| **Attachments:** | image001.png |

Amy and Evan,

Thank you for providing these dates. We are writing to confirm Amanda Retting's fact deposition for 9:00 AM on November 7, 2025. This deposition will occur in person, in the Student Law Office at the University of Denver Sturm College of Law. The address is: 2255 East Evans Avenue, Denver, CO 80210, room 335. We are happy to provide complimentary parking passes for Ms. Retting and counsel, if you let us know how many will be required.

Additionally, because Ms. Retting is unavailable to be deposed until nearly two months after our request and during dates that coincide with or occur after the affirmative expert disclosure deadline and within a month of the rebuttal expert disclosure deadline, Ms. Nelson intends to seek an extension of the expert disclosure deadlines as well as several subsequent deadlines in the scheduling order. We will send this proposal over to you shortly so that we may confer on this motion but wanted to let you know it will be forthcoming.

Best,

Rylee and Emma

APP: LR

---

**From:** Amy Adams <Amy.Adams@coag.gov>
**Sent:** Thursday, September 25, 2025 4:57 PM
**To:** Emma Richards <Emma.Richards@du.edu>; Evan Brennan (He Him) <Evan.Brennan@coag.gov>
**Cc:** Laura Rovner <laura.rovner@du.edu>; Nicole Godfrey <Nicole.Godfrey@du.edu>; Miriam Kerler <Miriam.Kerler@du.edu>; Gail Johnson <gjohnson@johnsonklein.com>; Jennifer Kaercher <Jennifer.Kaercher@coag.gov>; Rylee Beltran <Rylee.Beltran@du.edu>
**Subject:** [EXTERNAL] RE: Nelson v Stancil- Defendants' Amended Response (ROG 2) and Deposition Scheduling

[External Email From]: **Amy.Adams@coag.gov**

All,

I have spoken to Ms. Retting today about her deposition. She is doing intense budgetary

work during the month of October in addition to her regular work, and she cannot be available for a full day in-person deposition.

However, she and we can be available 11/3, 11/7, or 11/17. Please let me know if any of those dates work.

Best,
**Amy Adams**
**Assistant Attorney General**
Corrections and Public Safety
Pronouns: She/Her



P: 720-508-6827 | Amy.Adams@coag.gov

The statements and opinions in this email do not represent the statements and opinions of the Attorney General.

---

**From:** Amy Adams
**Sent:** Wednesday, September 24, 2025 4:01 PM
**To:** 'Emma Richards' <Emma.Richards@du.edu>; Evan Brennan (He Him) <Evan.Brennan@coag.gov>
**Cc:** Laura Rovner <laura.rovner@du.edu>; Nicole Godfrey <Nicole.Godfrey@du.edu>; Miriam Kerler <Miriam.Kerler@du.edu>; Gail Johnson <gjohnson@johnsonklein.com>; Jennifer Kaercher <Jennifer.Kaercher@coag.gov>; Rylee Beltran <Rylee.Beltran@du.edu>
**Subject:** RE: Nelson v Stancil- Defendants' Amended Response (ROG 2) and Deposition Scheduling

Got it. That is a large chunk of time.  She is looking for a day she can take completely off. We will provide one.

Best,

**Amy Adams**
**Assistant Attorney General**
Corrections and Public Safety
Pronouns: She/Her



P: 720-508-6827 | Amy.Adams@coag.gov

The statements and opinions in this email do not represent the statements and

opinions of the Attorney General.

---

**From:** Emma Richards <Emma.Richards@du.edu>
**Sent:** Wednesday, September 24, 2025 2:39 PM
**To:** Amy Adams <Amy.Adams@coag.gov>; Evan Brennan (He Him) <Evan.Brennan@coag.gov>
**Cc:** Laura Rovner <laura.rovner@du.edu>; Nicole Godfrey <Nicole.Godfrey@du.edu>; Miriam Kerler <Miriam.Kerler@du.edu>; Gail Johnson <gjohnson@johnsonklein.com>; Jennifer Kaercher <Jennifer.Kaercher@coag.gov>; Rylee Beltran <Rylee.Beltran@du.edu>
**Subject:** Re: Nelson v Stancil- Defendants' Amended Response (ROG 2) and Deposition Scheduling

Amy,

Ms. Retting should plan for a full day (7-hour) deposition.

Best,

Emma and Rylee

App: LR

---

**From:** Amy Adams <Amy.Adams@coag.gov>
**Date:** Wednesday, September 24, 2025 at 2:08 PM
**To:** Emma Richards <Emma.Richards@du.edu>, Evan Brennan (He Him) <Evan.Brennan@coag.gov>
**Cc:** Laura Rovner <laura.rovner@du.edu>, Nicole Godfrey <Nicole.Godfrey@du.edu>, Miriam Kerler <Miriam.Kerler@du.edu>, Gail Johnson <gjohnson@johnsonklein.com>, Jennifer Kaercher <Jennifer.Kaercher@coag.gov>, Rylee Beltran <Rylee.Beltran@du.edu>
**Subject:** [EXTERNAL] RE: Nelson v Stancil- Defendants' Amended Response (ROG 2) and Deposition Scheduling

[External Email From]: **Amy.Adams@coag.gov**

I am aware you are awaiting those dates, but one thing I realized as I was trying to help Ms. Retting carve out time is that we don't know how much time total you are seeking here. That will inform when we can make her available. Can you please give me a rough idea of how many hours total you think you need her?

**Amy Adams**
**Assistant Attorney General**
Corrections and Public Safety
Pronouns: She/Her



P: 720-508-6827 | Amy.Adams@coag.gov

The statements and opinions in this email do not represent the statements and opinions of the Attorney General.

---

**From:** Emma Richards <Emma.Richards@du.edu>
**Sent:** Wednesday, September 24, 2025 1:08 PM
**To:** Amy Adams <Amy.Adams@coag.gov>; Evan Brennan (He Him) <Evan.Brennan@coag.gov>
**Cc:** Laura Rovner <laura.rovner@du.edu>; Nicole Godfrey <Nicole.Godfrey@du.edu>; Miriam Kerler <Miriam.Kerler@du.edu>; Gail Johnson <gjohnson@johnsonklein.com>; Jennifer Kaercher <Jennifer.Kaercher@coag.gov>; Rylee Beltran <Rylee.Beltran@du.edu>
**Subject:** Re: Nelson v Stancil- Defendants' Amended Response (ROG 2) and Deposition Scheduling

Amy,

When can we expect to have available dates for that deposition? By way of reminder, we understood that you were checking with Ms. Retting about her availability on 10/7, 10/9, and 10/10.

Even disclosing this to you is disclosing work product, but in the interest of getting this scheduled as quickly as possible, for us, the rest of this discovery plan is contingent on this deposition.

We will respond to the rest of your email more substantively soon, but we really need to get this deposition scheduled.

Best,

Emma and Rylee

App: NG

---

**From:** Amy Adams <Amy.Adams@coag.gov>
**Date:** Wednesday, September 24, 2025 at 12:56 PM
**To:** Emma Richards <Emma.Richards@du.edu>, Evan Brennan (He Him) <Evan.Brennan@coag.gov>
**Cc:** Laura Rovner <laura.rovner@du.edu>, Nicole Godfrey <Nicole.Godfrey@du.edu>, Miriam Kerler <Miriam.Kerler@du.edu>, Gail Johnson <gjohnson@johnsonklein.com>, Jennifer Kaercher <Jennifer.Kaercher@coag.gov>, Rylee Beltran <Rylee.Beltran@du.edu>

**Subject:** [EXTERNAL] RE: Nelson v Stancil- Defendants' Amended Response (ROG 2) and Deposition Scheduling

[External Email From]: **Amy.Adams@coag.gov**

Emma –

You are misunderstanding me.  I know what the federal rules say.

I thought we had decided to work together in an orderly fashion at the beginning of this case.  I am trying to work with you but had expected some level of reasonableness and give on your end about setting up a plan for how to conduct oral depositions, and what kinds of discovery burdens you are asking us to bear. That is what we generally do with opposing counsel in our cases when we have made an agreement to work together and resolve things without massive amounts of litigation that is needless.  If you don't want to work together and try to come up with solutions to both our concerns, we can proceed differently.

Moreover, while we understand the procedural posture of this case, what are asking us to do is waive objections to scope of discovery and the level of burden you are trying to impose on our client.  We cannot do that.

Best,

**Amy Adams**
**Assistant Attorney General**
Corrections and Public Safety
Pronouns: She/Her



P: 720-508-6827  |  Amy.Adams@coag.gov

The statements and opinions in this email do not represent the statements and opinions of the Attorney General.

---

**From:** Emma Richards <Emma.Richards@du.edu>
**Sent:** Wednesday, September 24, 2025 12:39 PM
**To:** Amy Adams <Amy.Adams@coag.gov>; Evan Brennan (He Him) <Evan.Brennan@coag.gov>
**Cc:** Laura Rovner <laura.rovner@du.edu>; Nicole Godfrey <Nicole.Godfrey@du.edu>; Miriam Kerler <Miriam.Kerler@du.edu>; Gail Johnson <gjohnson@johnsonklein.com>; Jennifer Kaercher <Jennifer.Kaercher@coag.gov>; Rylee Beltran <Rylee.Beltran@du.edu>
**Subject:** Re: Nelson v Stancil- Defendants' Amended Response (ROG 2) and Deposition Scheduling

Amy,

Thank you for your message. While the parties have fully briefed their respective positions on the propriety of Ms. Retting as an official capacity defendant for SOMB, the fact remains that, as of right now, she is an official capacity defendant for the SOMB, and discovery is ongoing. Ms. Retting is not excused from complying with her discovery obligations simply because the motion is pending. The internal operations, structure, and makeup of the SOMB is irrelevant when it comes to discovery obligations.

Regarding Ms. Retting's production of meeting minutes from the SOMB and subcommittees, the Federal Rules of Civil Procedure require production of documents "which are in the possession, custody or control of the party upon whom the request is served." Fed.R.Civ.P. 34(a). Documents are within the possession, custody, or control if a party has actual possession or a legal right to obtain the documents on demand. *Tomlinson v. El Paso Corp.*, 245 F.R.D. 474, 476 (D. Colo 2007). Control means possession *and* right, authority, or ability to obtain the documents. *Id.* The party seeking discovery is permitted to "require the production of documents beyond the actual possession of the opposing party if such party has retained any right or ability to influence the person in whose possession the documents lie." *Id.* at 476-77.

Here, Ms. Retting, by nature of her role in the SOMB, has the ability to obtain the SOMB and subcommittee meeting minutes that Ms. Nelson has requested. The fact that Ms. Retting does not personally have the documents in hand does not excuse her duty of production under Rule 34. Nor can Defendant Retting refuse to produce documents Ms. Nelson is entitled to obtain simply because the act of doing so would allegedly "commit[] [the SOMB] to a position . . . [that] the board at large is not involved." Again, "when an official is sued in . . . her official capacity, any non-privileged, relevant information within the control of the . . . entity is discoverable against that official." *Tyler v. Suffolk County*, 256 F.R.D. 34, 37 (D. Mass 2009).

Regarding Ms. Retting's individual capacity deposition, we've asked several times for dates to take the deposition. Please provide those dates. Defendants cannot withhold scheduling Ms. Retting's individual deposition until we serve the 30(b)(6) deposition notice of the SOMB. Nor are we required to provide you what we intend to ask her in her individual capacity deposition as that is protected work product. As for other depositions, we will let you know and appropriately confer with you as we decide whether and when we intend to take more. If you'd like to take the deposition of Ms. Nelson, we can talk to her and confer amongst ourselves about dates as soon as you provide them to us.

While we understand Defendant Retting believes she is immune from discovery obligations because of the SOMB's pending motion to dismiss, Defendants have not sought or received a stay of discovery. Therefore, if Defendant Retting in her official capacity for the SOMB

continues to maintain that she is not obligated to respond to discovery requests to the SOMB, we appear to be at an impasse that warrants bringing this dispute before Magistrate Judge O'Hara.

Please let us know about Ms. Retting's availability for her fact deposition and the production of the outstanding documents at your earliest convenience.

Best,

Emma and Rylee

App: LR

---

**From:** Amy Adams <Amy.Adams@coag.gov>
**Date:** Friday, September 19, 2025 at 2:38 PM
**To:** Rylee Beltran <Rylee.Beltran@du.edu>, Evan Brennan (He Him) <Evan.Brennan@coag.gov>
**Cc:** Laura Rovner <laura.rovner@du.edu>, Nicole Godfrey <Nicole.Godfrey@du.edu>, Miriam Kerler <Miriam.Kerler@du.edu>, Gail Johnson <gjohnson@johnsonklein.com>, Jennifer Kaercher <Jennifer.Kaercher@coag.gov>, Emma Richards <Emma.Richards@du.edu>
**Subject:** [EXTERNAL] RE: Nelson v Stancil- Defendants' Amended Response (ROG 2) and Deposition Scheduling

[External Email From]: **Amy.Adams@coag.gov**

Hi Rylee,

As we have made clear since our first conferral, we believe the suit against Ms. Retting alone in her SOMB is improper for multiple reasons that we have fully briefed. When considering a defendant's official capacity and its implications, you must consider the way an entity actually works, and then frame the suit accordingly. As any attorney worth their salt would do, we are will not be waiving our objection to subject matter jurisdiction, and proceeding as if Ms. Retting has been properly sued, holding her responsible to speak for the whole SOMB and asking her represent which documents the SOMB at large has access to and will disclose. She cannot do that as practical matter because she does not have the documents and cannot access them herself, and as a legal matter because she would then need to make objections and disclosures on behalf of the whole SOMB, committing them to a position when their general counsel and the board at large is not involved. She is not authorized to do that in her existing role.

As to depositions, since we are now proceeding with oral discovery, it would be wise for us

to confer about it will go.  You'd like to depose Ms. Retting, we'd like to depose Ms. Nelson, and you would like to depose a 30(b)(6) deponent for the SOMB only.  Is that correct?  As I said, Ms. Retting is clearing some potential dates for a deposition as a party witness but she needs to understand the scope of your requests so she knows what time she is committing and what she needs to be prepared to answer.

If that is the case, we'd like to set an overall schedule and get a list of topics from you on the 30(b)(6) deponent to determine who will do what for that deposition and consult with SOMB's general counsel on who the best designee will be for the SOMB. Then we can determine how to proceed with Ms. Retting's deposition because we will understand what her role will be, approximately how many hours you think you need for that, and how to divide it between questions about her CDOC role, questions about her SOMB role individually, and questions about the SOMB answered by designees chosen by the SOMB itself.  This will keep the record, and our objections, clear. Finally, we can set a date for Ms. Nelson's deposition that keeps the train moving on this case in an organized way.

In our experience, getting a discovery plan together as a whole, and working in tandem works best.

Best,

**Amy Adams**
**Assistant Attorney General**
Corrections and Public Safety
Pronouns: She/Her



COLORADO
Department of Law
Attorney General Phil Weiser

P: 720-508-6827  |  Amy.Adams@coag.gov

The statements and opinions in this email do not represent the statements and opinions of the Attorney General.

---

**From:** Rylee Beltran <Rylee.Beltran@du.edu>
**Sent:** Friday, September 19, 2025 2:12 PM
**To:** Amy Adams <Amy.Adams@coag.gov>; Evan Brennan (He Him) <Evan.Brennan@coag.gov>
**Cc:** Laura Rovner <laura.rovner@du.edu>; Nicole Godfrey <Nicole.Godfrey@du.edu>; Miriam Kerler <Miriam.Kerler@du.edu>; Gail Johnson <gjohnson@johnsonklein.com>; Jennifer Kaercher <Jennifer.Kaercher@coag.gov>; Emma Richards <Emma.Richards@du.edu>
**Subject:** Re: Nelson v Stancil- Defendants' Amended Response (ROG 2) and Deposition Scheduling

Amy and Evan,

We understand that Ms. Retting, as an individual, may not be a custodian of these records, however, Plaintiff believes that Defendant Retting *in her official capacity as a representative of the SOMB* has possession, custody or control of these records. *See Tyler v. Suffolk County*, 256 F.R.D. 34, 38 (D. Mass. 2009) (defendant sued in official capacity was required to produce all information within the government entity's possession, custody, or control).

Furthermore, an individual has possession, custody, or control of documentation when it is in the "possession of others which can be obtained through a request, order, or direction, including information which the party has a legal right, authority, or *ability to obtain* upon demand in the possession of another. *Bartch v. Barch*, 18-cv-03016-MSK-NYW, 2019 WL 10255031, at *4 (D. Colo 2019) (quoting *Palgut v. City of Colorado Springs*, 06-cv-01142-WDM-MJW, 2006 WL 3483442, at *3 (D. Colo 2006)) (emphasis added).

The Colorado Division of Criminal Justice Department of Public Safety's website related to public records, states ". . . [the] Sex Offender Management Boards launched an online records repository . . . to search for and download public records from the DVSOMB and its subcommittees." (https://dcj.colorado.gov/dcj-offices/odvsom-public-rec ). Additionally, since the "online repository is experiencing some technical difficulties" individuals are directed to email CDPS_DCJ_SOMB_support@state.co.us. As an SOMB board member and member of subcommittees, Defendant Retting does have possession, custody, or control of these records, regardless of whether she personally is the particular custodian of the records. In other words, Ms. Retting certainly has the ability to obtain the meeting minutes from 2013 through present day from the individual(s) maintaining the email account listed on the website (among other options). We look forward to receiving these minutes at your earliest convenience.

Thank you for giving us an update regarding your attempts to find a date for Ms. Retting's deposition. Given that October is shaping up to be an especially busy month for everyone (including court reporters), we look forward to confirming a date very soon.

Best,

Rylee and Emma

APP: LR

---

**From:** Amy Adams <Amy.Adams@coag.gov>
**Sent:** Wednesday, September 17, 2025 3:47 PM
**To:** Rylee Beltran <Rylee.Beltran@du.edu>; Evan Brennan (He Him) <Evan.Brennan@coag.gov>
**Cc:** Laura Rovner <laura.rovner@du.edu>; Nicole Godfrey <Nicole.Godfrey@du.edu>; Miriam Kerler <Miriam.Kerler@du.edu>; Gail Johnson <gjohnson@johnsonklein.com>; Jennifer Kaercher

<Jennifer.Kaercher@coag.gov>; Emma Richards <Emma.Richards@du.edu>
**Subject:** [EXTERNAL] RE: Nelson v Stancil- Defendants' Amended Response (ROG 2) and Deposition
Scheduling

[External Email From]: **Amy.Adams@coag.gov**

Rylee –

I have checked on whether I can get those meeting minutes, and I cannot.  Amanda Retting
is not the custodian of those records and does not have them.

We are working with Amanda to find a date for the deposition, and she is working on finding
a time she can get away to do that.  We should know sometime this week when she can be
available.

Best,

**Amy Adams**
**Assistant Attorney General**
Corrections and Public Safety
Pronouns: She/Her



P: 720-508-6827 | Amy.Adams@coag.gov

The statements and opinions in this email do not represent the statements and
opinions of the Attorney General.

---

**From:** Rylee Beltran <Rylee.Beltran@du.edu>
**Sent:** Wednesday, September 17, 2025 9:15 AM
**To:** Amy Adams <Amy.Adams@coag.gov>; Evan Brennan (He Him) <Evan.Brennan@coag.gov>
**Cc:** Laura Rovner <laura.rovner@du.edu>; Nicole Godfrey <Nicole.Godfrey@du.edu>; Miriam Kerler
<Miriam.Kerler@du.edu>; Gail Johnson <gjohnson@johnsonklein.com>; Jennifer Kaercher
<Jennifer.Kaercher@coag.gov>; Emma Richards <Emma.Richards@du.edu>
**Subject:** Re: Nelson v Stancil- Defendants' Amended Response (ROG 2) and Deposition Scheduling

Hello Amy and Evan,

We are writing to follow up on these two issues.

First, have Defendants made progress on acquiring the inaccessible meeting minutes we
requested?  We would like to know when we can expect them, as we hope to begin our
review of that information this week.

Second, we wanted to follow up on setting a date for the deposition of Amanda Retting in her individual capacity. Have you been able to determine whether 10/7, 10/9, or 10/10 works for Ms. Retting and you? We'd like to serve the deposition notice and arrange for the court reporter soon.

Best,

Rylee and Emma

APP: LR

---

**From:** Amy Adams <Amy.Adams@coag.gov>
**Sent:** Wednesday, September 10, 2025 1:43 PM
**To:** Rylee Beltran <Rylee.Beltran@du.edu>; Evan Brennan (He Him) <Evan.Brennan@coag.gov>
**Cc:** Laura Rovner <Laura.Rovner@du.edu>; Nicole Godfrey <Nicole.Godfrey@du.edu>; Miriam Kerler <Miriam.Kerler@du.edu>; Gail Johnson <gjohnson@johnsonklein.com>; Jennifer Kaercher <Jennifer.Kaercher@coag.gov>; Emma Richards <Emma.Richards@du.edu>
**Subject:** [EXTERNAL] RE: Nelson v Stancil- Defendants' Amended Response (ROG 2) and Deposition Scheduling

[External Email From]: **Amy.Adams@coag.gov**

Rylee – Let me see if I can get those minutes or not.  I don't know that I can get minutes apart from the public website.   I had assumed you could get meeting minutes because you used some minutes as an attachment to a filing?

I know Evan and I cannot do 10/1 or 10/3 because we are doing depositions in another case then.  But we'll check in to 10/7, 10/9/, and 10/10.

Finally, I am confused by the statement that you would like to depose Amanda Retting in her individual capacity because you have sued her only in her official capacity.  Do you simply mean that you are not asking for a Rule 30(b)(6) deposition, and can you clarify whether you would be addressing her SOMB responsibilities as well as her CDOC responsibilities?

Best,

Amy Adams
Assistant Attorney General
Corrections and Public Safety
Pronouns: She/Her



**COLORADO**
Department of Law
Attorney General Phil Weiser

P: 720-508-6827 | Amy.Adams@coag.gov

The statements and opinions in this email do not represent the statements and opinions of the Attorney General.

---

**From:** Rylee Beltran <Rylee.Beltran@du.edu>
**Sent:** Wednesday, September 10, 2025 1:32 PM
**To:** Amy Adams <Amy.Adams@coag.gov>; Evan Brennan (He Him) <Evan.Brennan@coag.gov>
**Cc:** Laura Rovner <Laura.Rovner@du.edu>; Nicole Godfrey <Nicole.Godfrey@du.edu>; Miriam Kerler <Miriam.Kerler@du.edu>; Gail Johnson <gjohnson@johnsonklein.com>; Jennifer Kaercher <Jennifer.Kaercher@coag.gov>; Emma Richards <Emma.Richards@du.edu>
**Subject:** Nelson v Stancil- Defendants' Amended Response (ROG 2) and Deposition Scheduling

Hello Amy and Evan,

We want to thank you for sending over Defendants' supplemental and amended discovery responses.

We are also writing to address two items with you.

First, while we are still reviewing Defendants' amended discovery responses, we would like to address the amended objection to Interrogatory No. 2. That objection states, "to the extent that meeting minutes reflect committee activities, those minutes are publicly available and can easily be accessed by Ms. Nelson's counsel." However, we have checked multiple times and the online platform from which these minutes are publicly accessible is currently "experiencing some technical difficulties," which make SOMB board minutes inaccessible prior to 2022 and SOMB committee minutes entirely inaccessible. For this reason, we request that Defendants provide any minutes that are not publicly available by September 15th.

Second, we would like to depose Ms. Amanda Retting, in her individual capacity. We are reaching out to confer about dates that work for you and Ms. Retting. As a starting point, our team is available 10/1 and 10/3. If these days are unworkable for you, we are also available on 10/7, 10/9, and 10/10, but would need to arrange for our co-counsel, Gail Johnson, to attend via teleconference.

Best,

Rylee and Emma

APP: LR