**EXHIBIT 5**

| | |
|---|---|
| **Subject:** | [EXTERNAL] RE: Responses to 3rd Interrogatories - Nelson v. Stancil, et al., 24-cv-035588-PAB-TPO |
| **Date:** | Wednesday, January 7, 2026 at 2:36:04 PM Mountain Standard Time |
| **From:** | Evan Brennan (He Him) <Evan.Brennan@coag.gov> |
| **To:** | Emma Richards <Emma.Richards@du.edu>, Amy Adams <Amy.Adams@coag.gov> |
| **CC:** | Rylee Beltran <Rylee.Beltran@du.edu>, Miriam Kerler <Miriam.Kerler@du.edu>, Nicole Godfrey <Nicole.Godfrey@du.edu>, Laura Rovner <Laura.Rovner@du.edu>, Gail Johnson <gjohnson@johnsonklein.com>, Jennifer Kaercher <Jennifer.Kaercher@coag.gov> |
| **Attachments:** | image001.png, Nelson v. Stancil - Joint Statement - with AEA signature.docx |

[External Email From]: **evan.brennan@coag.gov**

Emma,
Please find attached a copy with Amy's e-signature in the signature block. We also made a few small non-substantive, wording changes to our statement, and have no further changes.
Thanks,
Evan

---

**From:** Emma Richards <Emma.Richards@du.edu>
**Sent:** Tuesday, January 6, 2026 7:34 PM
**To:** Amy Adams <Amy.Adams@coag.gov>; Evan Brennan (He Him) <Evan.Brennan@coag.gov>
**Cc:** Rylee Beltran <Rylee.Beltran@du.edu>; Miriam Kerler <Miriam.Kerler@du.edu>; Nicole Godfrey <Nicole.Godfrey@du.edu>; Laura Rovner <Laura.Rovner@du.edu>; Gail Johnson <gjohnson@johnsonklein.com>; Jennifer Kaercher <Jennifer.Kaercher@coag.gov>
**Subject:** Re: Responses to 3rd Interrogatories - Nelson v. Stancil, et al., 24-cv-035588-PAB-TPO

Amy and Evan,

Thank you for sending Defendant Retting's position statement. We have combined the parties' positions in the attached joint statement. We also added a caption and signature block, and we are emailing to confirm that we have your permission to add your signatures on the statement. We will email to chambers upon confirmation.

Best,

Emma and Rylee

App: LR

---

**From:** Evan Brennan (He Him) <Evan.Brennan@coag.gov>
**Date:** Tuesday, January 6, 2026 at 3:32 PM
**To:** Emma Richards <Emma.Richards@du.edu>, Amy Adams <Amy.Adams@coag.gov>
**Cc:** Miriam Kerler <Miriam.Kerler@du.edu>, Rylee Beltran <Rylee.Beltran@du.edu>, Nicole Godfrey <Nicole.Godfrey@du.edu>, Laura Rovner <Laura.Rovner@du.edu>, Gail Johnson <gjohnson@johnsonklein.com>, Jennifer Kaercher <Jennifer.Kaercher@coag.gov>

1 of 27

**Subject:** [EXTERNAL] RE: Responses to 3rd Interrogatories - Nelson v. Stancil, et al., 24-cv-035588-PAB-TPO

[External Email From]: **evan.brennan@coag.gov**

Emma,
Please find attached our side's position statement for inclusion in the submission for the court.
Thanks,
Evan

---

**From:** Emma Richards <Emma.Richards@du.edu>
**Sent:** Friday, January 2, 2026 12:07 PM
**To:** Amy Adams <Amy.Adams@coag.gov>; Evan Brennan (He Him) <Evan.Brennan@coag.gov>
**Cc:** Miriam Kerler <Miriam.Kerler@du.edu>; Rylee Beltran <Rylee.Beltran@du.edu>; Nicole Godfrey <Nicole.Godfrey@du.edu>; Laura Rovner <Laura.Rovner@du.edu>; Gail Johnson <gjohnson@johnsonklein.com>; Jennifer Kaercher <Jennifer.Kaercher@coag.gov>
**Subject:** Re: Responses to 3rd Interrogatories - Nelson v. Stancil, et al., 24-cv-035588-PAB-TPO

Dear Amy and Evan,

We hope you have had a lovely holiday season and Happy New Year!

We are working on our joint statement section for the discovery dispute on 1/12. Per Magistrate Judge O'Hara's practice standards, we must submit the parties' statement three (3) business days in advance of the hearing. We would like to submit the statement on 1/6. We are wondering whether you would send us your section by the 6th, and we can compile both to send to the court on the same day. Does that work for you?

Please let us know.

Best,

Emma and Rylee

App: MK

---

**From:** Amy Adams <Amy.Adams@coag.gov>
**Date:** Thursday, December 18, 2025 at 10:00 AM
**To:** Emma Richards <Emma.Richards@du.edu>, Evan Brennan (He Him) <Evan.Brennan@coag.gov>
**Cc:** Jennifer Kaercher <Jennifer.Kaercher@coag.gov>, Nicole Godfrey <nicole.godfrey@du.edu>, Miriam Kerler <miriam.kerler@du.edu>, Laura Rovner <Laura.Rovner@du.edu>, Gail Johnson <gjohnson@johnsonklein.com>, Rylee Beltran

<Rylee.Beltran@du.edu>
**Subject:** [EXTERNAL] RE: Responses to 3rd Interrogatories - Nelson v. Stancil, et al., 24-cv-035588-PAB-TPO
[External Email From]: **amy.adams@coag.gov**

Hi Emma,

If we are going to lay out our assertions and tee up the dispute, we'd like to state our position in our own words. Therefore, I have redlined your draft to state our position more accurately. With these changes, we have added our signatures.

**Amy Adams**
**Assistant Attorney General**
Corrections and Public Safety
Pronouns: She/Her



COLORADO
Department of Law
Attorney General Phil Weiser

P: 720-508-6827 | Amy.Adams@coag.gov

The statements and opinions in this email do not represent the statements and opinions of the Attorney General.

---

**From:** Emma Richards <Emma.Richards@du.edu>
**Sent:** Wednesday, December 17, 2025 2:07 PM
**To:** Amy Adams <Amy.Adams@coag.gov>; Evan Brennan (He Him) <Evan.Brennan@coag.gov>
**Cc:** Jennifer Kaercher <Jennifer.Kaercher@coag.gov>; Nicole Godfrey <nicole.godfrey@du.edu>; Miriam Kerler <miriam.kerler@du.edu>; Laura Rovner <Laura.Rovner@du.edu>; Gail Johnson <gjohnson@johnsonklein.com>; Rylee Beltran <Rylee.Beltran@du.edu>
**Subject:** Re: Responses to 3rd Interrogatories - Nelson v. Stancil, et al., 24-cv-035588-PAB-TPO

Amy and Evan,

Please see the revised email we would like to send to Magistrate Judge O'Hara's chambers. We believe we have a different perspective on the nature of this discovery dispute, which we briefly explained in the email.

Please let us know if this email is okay to send to chambers.

Best,

Emma and Rylee

App: MK

---

**From:** Amy Adams <Amy.Adams@coag.gov>
**Date:** Tuesday, December 16, 2025 at 11:05 AM
**To:** Rylee Beltran <Rylee.Beltran@du.edu>, Emma Richards <Emma.Richards@du.edu>,
Evan Brennan (He Him) <Evan.Brennan@coag.gov>
**Cc:** Jennifer Kaercher <Jennifer.Kaercher@coag.gov>, Nicole Godfrey
<nicole.godfrey@du.edu>, Miriam Kerler <miriam.kerler@du.edu>, Laura Rovner
<Laura.Rovner@du.edu>, Gail Johnson <gjohnson@johnsonklein.com>
**Subject:** [EXTERNAL] RE: Responses to 3rd Interrogatories - Nelson v. Stancil, et al., 24-cv-035588-PAB-TPO
[External Email From]: **amy.adams@coag.gov**

Riley,

We have a few redlined changes to the proposed email that we think clarify the source of
disagreement. With those changes, you may add our signatures.

Best,

**Amy Adams**
**Assistant Attorney General**
Corrections and Public Safety
Pronouns: She/Her



P: 720-508-6827 | Amy.Adams@coag.gov

The statements and opinions in this email do not represent the statements and
opinions of the Attorney General.

---

**From:** Rylee Beltran <Rylee.Beltran@du.edu>
**Sent:** Sunday, December 14, 2025 9:36 AM
**To:** Amy Adams <Amy.Adams@coag.gov>; Emma Richards <Emma.Richards@du.edu>; Evan Brennan (He
Him) <Evan.Brennan@coag.gov>
**Cc:** Jennifer Kaercher <Jennifer.Kaercher@coag.gov>; Nicole Godfrey <nicole.godfrey@du.edu>; Miriam
Kerler <miriam.kerler@du.edu>; Laura Rovner <Laura.Rovner@du.edu>; Gail Johnson
<gjohnson@johnsonklein.com>
**Subject:** Re: Responses to 3rd Interrogatories - Nelson v. Stancil, et al., 24-cv-035588-PAB-TPO

Hi Amy and Evan,

Attached is our proposed response to Ian regarding the discovery conference. Please let us know your thoughts as soon as possible, as well as whether you would like us to add your signatures.

Best,

Rylee and Emma

APP: MK

———————————————————————————

**Rylee M. Beltran** *(she/her/hers)*
Student Attorney, Civil Rights Clinic
J.D. Candidate 2026
University of Denver Sturm College of Law
rylee.beltran@du.edu I (502)-377-4697

---

**From:** Amy Adams <Amy.Adams@coag.gov>
**Sent:** Thursday, December 11, 2025 4:07 PM
**To:** Rylee Beltran <Rylee.Beltran@du.edu>; Emma Richards <Emma.Richards@du.edu>; Evan Brennan (He Him) <Evan.Brennan@coag.gov>
**Cc:** Jennifer Kaercher <Jennifer.Kaercher@coag.gov>; Nicole Godfrey <nicole.godfrey@du.edu>; Miriam Kerler <miriam.kerler@du.edu>; Laura Rovner <Laura.Rovner@du.edu>; Gail Johnson <gjohnson@johnsonklein.com>
**Subject:** [EXTERNAL] RE: Responses to 3rd Interrogatories - Nelson v. Stancil, et al., 24-cv-035588-PAB-TPO

[External Email From]: **Amy.Adams@coag.gov**

Rylee,

This looks fine. You can add our signatures.

Amy Adams
Assistant Attorney General
Corrections and Public Safety
Pronouns: She/Her



COLORADO
Department of Law
Attorney General Phil Weiser

P: 720-508-6827 | Amy.Adams@coag.gov

The statements and opinions in this email do not represent the statements and opinions of the Attorney General.

**From:** Rylee Beltran <Rylee.Beltran@du.edu>
**Sent:** Wednesday, December 10, 2025 7:40 PM
**To:** Amy Adams <Amy.Adams@coag.gov>; Emma Richards <Emma.Richards@du.edu>; Evan Brennan (He Him) <Evan.Brennan@coag.gov>
**Cc:** Jennifer Kaercher <Jennifer.Kaercher@coag.gov>; Nicole Godfrey <nicole.godfrey@du.edu>; Miriam Kerler <miriam.kerler@du.edu>; Laura Rovner <Laura.Rovner@du.edu>; Gail Johnson <gjohnson@johnsonklein.com>
**Subject:** Re: Responses to 3rd Interrogatories - Nelson v. Stancil, et al., 24-cv-035588-PAB-TPO

Hello Amy and Evan,

Please see the attached email to Chambers regarding the parties' request to schedule a discovery conference. If you would like us to add your signatures to the email, please let us know, and we are happy to do so.

Per Judge O'Hara's Civil Practice Standards, the parties must submit a joint statement detailing the dispute, three days prior to the discovery conference. We will begin drafting this email and will send it over to Defendants for their review before sending it to Chambers.

Best,

Rylee and Emma

APP: MK

————————————————————————

**Rylee M. Beltran** *(she/her/hers)*
Student Attorney, Civil Rights Clinic
J.D. Candidate 2026
University of Denver Sturm College of Law
rylee.beltran@du.edu I (502)-377-4697

**From:** Amy Adams <Amy.Adams@coag.gov>
**Sent:** Wednesday, December 10, 2025 3:04 PM
**To:** Rylee Beltran <Rylee.Beltran@du.edu>; Emma Richards <Emma.Richards@du.edu>; Evan Brennan (He Him) <Evan.Brennan@coag.gov>
**Cc:** Jennifer Kaercher <Jennifer.Kaercher@coag.gov>; Nicole Godfrey <nicole.godfrey@du.edu>; Miriam Kerler <miriam.kerler@du.edu>; Laura Rovner <Laura.Rovner@du.edu>; Gail Johnson <gjohnson@johnsonklein.com>
**Subject:** [EXTERNAL] RE: Responses to 3rd Interrogatories - Nelson v. Stancil, et al., 24-cv-035588-PAB-TPO

[External Email From]: **Amy.Adams@coag.gov**

Okay. This is fine. We'd appreciate you allowing us to review any email to chambers and add our two cents before you send it.

**Amy Adams**

**Assistant Attorney General**

Corrections and Public Safety

Pronouns: She/Her



P: 720-508-6827 | Amy.Adams@coag.gov

The statements and opinions in this email do not represent the statements and opinions of the Attorney General.

---

**From:** Rylee Beltran <Rylee.Beltran@du.edu>
**Sent:** Tuesday, December 9, 2025 9:09 PM
**To:** Amy Adams <Amy.Adams@coag.gov>; Emma Richards <Emma.Richards@du.edu>; Evan Brennan (He Him) <Evan.Brennan@coag.gov>
**Cc:** Jennifer Kaercher <Jennifer.Kaercher@coag.gov>; Nicole Godfrey <nicole.godfrey@du.edu>; Miriam Kerler <miriam.kerler@du.edu>; Laura Rovner <Laura.Rovner@du.edu>; Gail Johnson <gjohnson@johnsonklein.com>
**Subject:** Re: Responses to 3rd Interrogatories - Nelson v. Stancil, et al., 24-cv-035588-PAB-TPO

Amy and Evan,

It seems we have fundamental differences in the way we understand the legal impact of Ms. Retting's position as an official capacity representative for the SOMB, which is affecting

many elements of this case and the discovery process. It also seems that Ms. Retting does not intend to respond to outstanding discovery requests in her official capacity as a representative of the SOMB. We would like to take this issue to Judge O'Hara as soon as possible and will draft an email requesting a hearing.

Given Defendants' assertion that the SOMB is not a party to this case, we do not believe the Rule 30(b)(6) deposition can go forward as planned until after we have settled the discovery dispute. Once the discovery dispute has been resolved, we will reach out to Defendants regarding rescheduling this deposition.

Thank you for providing the contact information for the SOMB's counsel.

Best,

Rylee and Emma

APP: MK

—————————————————————

**Rylee M. Beltran** *(she/her/hers)*

Student Attorney, Civil Rights Clinic

J.D. Candidate 2026

University of Denver Sturm College of Law

rylee.beltran@du.edu I (502)-377-4697

**From:** Amy Adams <Amy.Adams@coag.gov>
**Sent:** Monday, December 8, 2025 2:55 PM
**To:** Emma Richards <Emma.Richards@du.edu>; Evan Brennan (He Him) <Evan.Brennan@coag.gov>
**Cc:** Jennifer Kaercher <Jennifer.Kaercher@coag.gov>; Nicole Godfrey <nicole.godfrey@du.edu>; Miriam Kerler <miriam.kerler@du.edu>; Laura Rovner <Laura.Rovner@du.edu>; Gail Johnson <gjohnson@johnsonklein.com>; Rylee Beltran <rylee.beltran@du.edu>
**Subject:** [EXTERNAL] RE: Responses to 3rd Interrogatories - Nelson v. Stancil, et al., 24-cv-035588-PAB-TPO

[External Email From]: **Amy.Adams@coag.gov**

Emma,

First, there is just complete miscommunication about our representation of Amanda Retting. I did not ever say, and do not mean to convey, that I do not represent Amanda Retting her official capacity as a SOMB member. I do and so does Evan, and I have made that clear by entering an appearance on her behalf.

What we have been trying to convey in multiple ways, to no effect, is that we don't represent that SOMB as a party. Moreover, we are not regular SOMB attorneys, so we are not good spokesman for them when addressing their operations or positions at large. They have general counsel for that, and we have to consult with general counsel on their positions as a body. What seems to be missing from your understanding of this issue is that apart from the *Ex Parte Young* exception, **which applies only to individual officials**, **state bodies themselves do remain immune from suit. Your analysis takes no account of this fact.** So, for example, when people name "CDOC" as a party in a section 1983 suit, the district court routinely dismisses CDOC at the beginning of the case because CDOC itself generally cannot be sued under section 1983 absent a specific waiver of sovereign immunity. I have won on this issue over and over and over again, even when there are official capacity defendants named in addition to CDOC. Suing Amanda Retting as the program administrator is NOT the same as suing CDOC as a party. Your position seems to be that it doesn't matter in any respect that SOMB is not a named party. I don't understand that position as it has not borne out in my practice at all.

So, when I say I don't represent the SOMB, I am not saying I do not represent Amanda Retting in her official capacity as a single SOMB member. I mean that SOMB itself is not a named party and retains its sovereign immunity until it specifically waives that immunity. That's why, for example, your caption in this case says you are bringing claims against Stancil and Long and Retting in their CDOC roles. If CDOC were a named party, the caption would just say "CDOC," and it would not be necessary to sue three different individuals in their official capacities to get relief from CDOC. Given how you captioned this case, it appears you understand on some level that it matters who you sue and how you sue them. You cannot sue anyone in any organization and get any relief you choose from the whole organization. For example, you could not sue the SOMB custodial staff and then expect to get relief from them as to variances or ARC votes. In short, SOMB is not a named party to this suit. Amanda Retting in her official capacity as a lone SOMB member is a party, for now, based on what the Court decides about *Ex Parte Young* and how far it extends. I

understand that ultimately, SOMB is a real party in interest, but that is not the same as being a named party in the suit.

Second, we are not unilaterally enforcing a stay.  We are maintaining a discovery objection and answering to the extent that an answer is possible. If we were enforcing a stay, we would not be answering all your discovery requests and sending documents. We maintain certain objections and withhold some requested discovery materials based on objections in many many cases, and it is not improper in any way.  I would remind you that you also asserted objections and withheld discovery materials in your responses, so it appears you understand that this is proper at some level. That is the way discovery works, and we will continue to maintain our objections because we believe they are well-grounded.

Third, we have done a reasonable search for handwritten notes and are not aware of any. So, the issue of whether they are privileged is hypothetical at this point.  I prefer not to litigate hypothetical issues because I see it as a waste of everyone's time.

Again, we are happy to email Judge O'Hara and get on his calendar.  As to your desire to talk to SOMB counsel, you are welcome to reach out to lisa.mccarty@coag.gov, who will be appearing with Jesse Hansen at the Rule 30(b)(6) deposition.  It is up to her whether she will meet with you. That is not up to me.

Best,

**Amy Adams**

**Assistant Attorney General**

Corrections and Public Safety

Pronouns: She/Her



P: 720-508-6827 | Amy.Adams@coag.gov

The statements and opinions in this email do not represent the statements and
opinions of the Attorney General.

---

**From:** Emma Richards <Emma.Richards@du.edu>
**Sent:** Monday, December 8, 2025 12:43 PM
**To:** Amy Adams <Amy.Adams@coag.gov>; Evan Brennan (He Him) <Evan.Brennan@coag.gov>
**Cc:** Jennifer Kaercher <Jennifer.Kaercher@coag.gov>; Nicole Godfrey <nicole.godfrey@du.edu>; Miriam
Kerler <miriam.kerler@du.edu>; Laura Rovner <Laura.Rovner@du.edu>; Gail Johnson
<gjohnson@johnsonklein.com>; Rylee Beltran <rylee.beltran@du.edu>
**Subject:** Re: Responses to 3rd Interrogatories - Nelson v. Stancil, et al., 24-cv-035588-PAB-TPO

Amy and Evan,

Thank you for your message below and for talking with us following Ms. Halpern's
deposition on December 2. While we believe we now have a somewhat better
understanding of the Defendants' positions, there are several time-sensitive issues that
remain unresolved.

First, and most important and urgent, Amy stated during our December 2 meeting that you
do not represent Amanda Retting in her SOMB capacity in this suit. As you know, Ms.
Nelson sued Ms. Retting in her official capacity both as SOTMP Administrator and as the
CDOC Representative on the SOMB.  We respectfully remind you of the following
procedural history:

- On March 3, 2025, each of you entered your appearances on behalf of all three
  defendants. (Docs. 9 & 10.)
  - With respect to Ms. Retting, your entries made no distinction between the two

official capacities in which she was sued; you entered your appearances on behalf of all three defendants.
- ○
- On March 7, 2025 and April 9, 2025, you moved (unopposed) for an extension of time to respond to the Complaint on behalf of all three defendants. (Doc. 12. & 15)
  - ○ Again, your unopposed motions made no distinction between the two official capacities in which Ms. Retting was sued; you moved for an extension on behalf of all three defendants.
  - ○
- On April 23, 2025, you made two filings drawing a distinction between Ms. Retting's two official capacities (re the CDOC and the SOMB).
  - ○ You filed an Answer (Doc. 21) to the Complaint on behalf of Defendants Stancil and Long as well as Ms. Retting in her CDOC capacity, which explained that Ms. Retting in her official role as a member of the SOMB would file a separate partial motion to dismiss. (Doc. 21 at 1 n.1.)
  - ○ And you filed that Partial Motion to Dismiss on behalf of Ms. Retting in her official capacity as a member of the SOMB. (Doc. 22.)

As you know, the Partial Motion to Dismiss has not yet been ruled upon. And you have not sought any stay of discovery. Thus, discovery against all defendants has now been proceeding for several months. From June through October 2025, you have provided responses to Ms. Nelson's discovery requests in which the two of you have been representing Ms. Retting in both her official capacities.

As you likely recall, Amy explained during our December 2 meeting that the SOMB is represented by a different unit within the AG's office and that Ms. Nelson's case has been difficult for you because, as attorneys in the Corrections Unit, you are not familiar with the SOMB as a client. When Amy made the surprising assertion that the two of you do not represent Ms. Retting in her official capacity for the SOMB, we asked whether some other counsel for the SOMB would be entering their appearance for Ms. Retting in this case, but Amy said she did not know.

We expressed concern that you have essentially been granting Ms. Retting (in her official capacity as a member of the SOMB) a stay of discovery without having moved for such a stay nor obtained a court order granting one. We need responses from the SOMB as an entity just as you have provided them from CDOC. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("an official capacity suit is, in all respects other than name, to be treated as a suit against the entity.")  We emphasized that the outstanding discovery issues need to be resolved as soon as possible. You suggested that we meet with SOMB counsel from your office.

We respectfully suggest that if your office has not assigned attorneys from the appropriate unit to defend Ms. Retting in this lawsuit in her official capacity as a member of the SOMB, then that is a problem that needs to be sorted out within your office. We would of course be happy to have discussions with any attorney in your office who may help break the current logjam in which you seem to be disclaiming responsibility for Ms. Retting's discovery responses in her SOMB capacity in this case. But right now, you are the ones who represent Ms. Retting in that capacity, and you are the ones who have both the authority to confer with us about matters that arise during this litigation and the responsibility to assist Ms. Retting in timely and fully complying with Ms. Nelson's discovery requests.

In your message below, you state counsel for the SOMB in your office would not be available to talk with us until the Rule 30(b)(6) deposition of the SOMB, which is scheduled for December 16. That is not workable. The discovery issues we continue to face are time sensitive, including and especially the failure of the SOMB to respond to Plaintiff's first, second, and third sets of written discovery requests. We require and are entitled to those responses before the 30(b)(6) deposition of the SOMB. If Ms. Retting as the official-capacity representative of the SOMB does not respond to those outstanding requests by Thursday, December 11, we intend to seek court intervention.

In our December 2 meeting, we also asked whether Defendants' concerns in the discovery dispute could be addressed by Ms. Nelson amending the Complaint to add as defendants other SOMB members (including the chair) and/or SOMB staff. You stated that you cannot answer that question because you do not represent the SOMB. When can we expect to hear from SOMB's counsel on this matter? Additionally, does the SOMB's counsel have the authority to make representations, negotiate, or enter into agreements on behalf of the SOMB as it relates to this lawsuit, even though they have not yet entered an appearance in this case?

Regarding the mental health notes, we understand the CDOC defendants' position to be that individual therapists do not release those notes on ethical grounds. We believe that these mental health notes are relevant to this case and discoverable. Your email below states that you do not know if such notes still exist. We believe you have a duty to make a reasonable investigation to determine whether they do still exist. And if they do and the CDOC Defendants are withholding those documents based on an assertion of privilege, then we request that these Defendants produce a privilege log for these records without further delay.

We identified the above information as the most time sensitive to address and may follow up further once we have had more time to discuss.

Please let us know at your earliest convenience.

Best,

Emma and Rylee

App: LR

**From:** Amy Adams <Amy.Adams@coag.gov>
**Date:** Wednesday, December 3, 2025 at 12:32 PM
**To:** Emma Richards <Emma.Richards@du.edu>, Evan Brennan (He Him) <Evan.Brennan@coag.gov>, Rylee Beltran <rylee.beltran@du.edu>
**Cc:** Jennifer Kaercher <Jennifer.Kaercher@coag.gov>, Nicole Godfrey <nicole.godfrey@du.edu>, Miriam Kerler <miriam.kerler@du.edu>, Laura Rovner <Laura.Rovner@du.edu>, Gail Johnson <gjohnson@johnsonklein.com>
**Subject:** [EXTERNAL] RE: Responses to 3rd Interrogatories - Nelson v. Stancil, et al., 24-cv-035588-PAB-TPO

[External Email From]: **Amy.Adams@coag.gov**

All,

I am following up on our conferral yesterday to memorialize our discussions and answer some questions you posed that I did not have the answer to at the time.

1. You indicated that you did not understand what I meant when I referred to a discovery "stipulation" to resolve objections. I noted that I mean there are always proportionality concerns at play in discovery, and we can talk in real terms about what you actually need for your case, and what we can get for you without excessively burdening our client. In this way, we can resolve discovery objections at a practical level and meet the needs of both sides, refraining from overlitigating the case by insisting that we cannot maintain any objections.

2. You indicated that you want to know whether our position is that the SOMB is totally immune from suit. I indicated that is an open legal question that we have partially briefed, and I await the Court's decision, but I do not represent the SOMB at large and cannot state their position in full. In the meantime, we are currently litigating whether a Plaintiff can sue one member of a voting board in her official capacity to get relief against the SOMB at large. Our position as Amanda Retting's counsel is that you cannot, that the choice to do so has created practical and legal binds for both parties, and given the fact that Amanda Retting does not enforce the Standards and Guidelines against inmates as a SOMB member, she is not liable as a SOMB member.

3. I have now spoken to the SOMB's counsel and presented your questions to her to flesh out SOMB's position as a body. A member of AG's public safety team will appear with Jesse Hansen at the 30(b)(6) per the subpoena, and you can speak with her at that time about whatever issues you want to raise, but it is not SOMB's position that it will simply waive existing sovereign immunity protections up front. We haven't really had a chance to litigate whether the SOMB is totally immune from suit due to your choice to sue only one member of the SOMB, and our need to litigate that set of facts at present.

4. I represented that I wanted the protective order in place due to Ms. Nelson's PSI, and now that you have told us you have the PSI, I am not holding back particular documents pending the entry of a protective order. However, we have redacted some discovery documents pursuant to security and privacy concerns. If you want the redactions taken out because you need particular names or information for your suit, we can discuss that pursuant to the protective order that has now entered.

5. We discussed handwritten mental health notes written by particular therapists and have represented that individual therapists do not release those on ethical grounds,

and these therapists maintain their privacy rights and professional rights to dispose of those notes or keep them confidential per their own judgment about what is best for their clients. I cannot access them, nor can Amanda Retting, and we will not be disclosing those, nor do we even know if such notes still exist or ever existed as to Ms. Nelson. We have given you CDOC's medical records for Ms. Nelson and those contain the mental health notes that are in CDOC's systems.  As we do not know of anything else after reasonable investigation, we cannot give you anything else.

6. We asked to be given until December 16th to review the transcript of Ms. Retting's deposition and determine whether CDOC will simply adopt her testimony on particular 30(b)(6) topics.  It is my understanding that we have until the 16th to do that.  Then we'll try to come to terms on the topics and schedule a 30(b)(6) deposition for early January.

Should you wish to bring any remaining discovery disputes to Magistrate Judge O'Hara, we have now conferred in person, and we are happy to get the ball rolling on that.  Let us know what you want to do.

Best,

**Amy Adams**

**Assistant Attorney General**

Corrections and Public Safety

Pronouns: She/Her



COLORADO
Department of Law
Attorney General Phil Weiser

P: 720-508-6827 | Amy.Adams@coag.gov

The statements and opinions in this email do not represent the statements and opinions of the Attorney General.

**From:** Amy Adams
**Sent:** Friday, November 21, 2025 10:41 AM
**To:** 'Emma Richards' <Emma.Richards@du.edu>; Evan Brennan (He Him) <Evan.Brennan@coag.gov>; Rylee Beltran <rylee.beltran@du.edu>
**Cc:** Jennifer Kaercher <Jennifer.Kaercher@coag.gov>; Nicole Godfrey <nicole.godfrey@du.edu>; Miriam Kerler <miriam.kerler@du.edu>; Laura Rovner <Laura.Rovner@du.edu>; Gail Johnson <gjohnson@johnsonklein.com>
**Subject:** RE: Responses to 3rd Interrogatories - Nelson v. Stancil, et al., 24-cv-035588-PAB-TPO

Emma,

I apologize for the long turnaround on this.  I appreciate the case cites and explanation you sent, but I obviously then need time to research and read the cases you cited — time that I have now taken to address these important issues.

I do think that we either have our wires crossed and are simply not communicating well, or we just have a genuine discovery dispute that we may have to go to Judge O'Hara with.  As he requires an in person or video/teleconference, we'll at least need to try that before we email him and ask for a discovery conference.

Here is where we are at on our end:

We do not at all dispute the basic principle that in *Kentucky v. Graham*, 473 U.S. 159, 166 (1985), "An official capacity suit is, in all respects other than name, to be treated as a suit against the entity."  We understand that principle well, as we have litigated official-capacity suits on all kinds of issues for years. But *Graham* cannot be read as somehow making an official capacity suit open season on state agencies. The *Graham* Court was clear that sovereign immunity still matters, even in an official capacity suit, and plaintiffs must show have properly proceeded against an official capacity defendant through an exception to sovereign immunity. For example, as *Graham* acknowledged, plaintiffs cannot get damages against official capacity defendants, so the state entity cannot be "sued" in all ways that word is used. Also, individual members of a voting body are not proper defendants because *Ex Parte Young* does not apply to them. *Barrett v. Univ. of New Mexico Bd. of Regents*, 562 F. App'x 692. As you have hopefully seen from our

17 of 27

conduct as to Ms. Retting as CDOC Program Administrator, when a defendant is properly sued under the *Ex Parte Young* exception, we generally do not object to disclosing what the entity itself has in its databases or having the person who is the primary manager of a particular issue answering for all agency defendants. (See ECF No. 40 at 3). We have systems set up for that. However, where there is no proper suit and sovereign immunity remains all or partially intact, there are issues that must be accounted for on our end.

Like all legal fictions, the idea that a suit against a state employee in her official capacity is a suit against the entity is necessarily imbued with some limiting principles. Those parameters matter here because of the way you have framed this suit. We would not be having this particular dispute if you had sued the SOMB itself and truly reckoned with the proposition that you are asking a state agency with promulgating authority to be enjoined from maintaining the standards and recommendations it issued pursuant to its statutory mission. *Bertrand v. Kopcow*, 199 F. Supp.3d 1278, 1285 (D. Colo. 2016); *Barrett*, 562 F. App'x 692 (10th Cir. 2014). You have steadfastly maintained that you need not make any amendments to the complaint, and so we are in a practical and legal bind on our end.  Note that, on a practical level, by law, Ms. Retting is not empowered to make any decisions for the SOMB except through a vote, so to ask her to answer interrogatories or decide which documents represent the full answers to RFPs would require her to research the answers and submit them to a vote by the SOMB. That is tremendous burden for Ms. Retting as a lone defendant for a large and diverse state board, especially where she is not the chairperson.

In addition, there are clear limitations on the "official capacity" legal fiction that illustrate our point that *Graham* is not the end of the story here.

1.  For example, if a discovery request is directed to an official's knowledge, the discovery can be properly construed as limited in that manner. *Tyler v. Suffolk Cnty.*, 256 F.R.D., 34, 37 (D. Mass. 2009) (noting that request to a county entity could be limited if the request used the word "you"). Thus, the law does acknowledge that a state employee sued in an official capacity retains some identity as an individual person depending on the specific circumstances presented.

2.  Similarly, officials do not become synonymous with the entity itself in all respects simply because they were named in an official capacity. In *Quarrie v. Wells*, 2019 WL 6911624, the official capacity defendants contended that since they all worked at the same agency, they were "one" defendant and Plaintiff could only send them

twenty-five interrogatories total.  The district court rejected that argument (at least insofar as it was not raised as part of the scheduling order), noting "[i]t is certainly true that 'an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.' _Kentucky v. Graham_, 473 U.S. 159, 165 (1985) (citation omitted). However, this principle has generally been applied, as in _Graham_, to the determination of damages. The generic statement that an official-capacity suit should be treated as a suit against the entity expresses the idea that the entity, not the individual, is responsible for damages. It does not alter the fact that officers sued in their official capacities may—as here—be listed as separate parties on the Court's docket." The reality here is that Retting being listed on the docket as a separate and lone party who represents the SOMB has actual consequences for her and for the SOMB.

3. Moreover, although we have tried to be cooperative and allow a 30(b)(6) deposition, we don't have to do so simply because an official capacity suit is at play. We have agreed to one, but that has been a courtesy on our part, and we expect a subpoena acknowledging that courtesy and allowing the SOMB to maintain its separate legal rights and its existing immunities as a separate entity. In _Sarkar v. Mc Callin_, 2009 WL 2722731, at *11, the Court considered whether a party may simply notice a deposition of a state entity because official capacity defendants were named. It concluded that the Eleventh Amendment protections of the entity itself remained intact. Thus, a notice to the entity was not sufficient. _Id._

4. In _Harte v. Johnson_ County, 2015 WL 3514657, at *2-3, the Court ruled that a county sheriff sued in his official and individual capacities had to sign the interrogatories himself because he was not a government agency, and he could not delegate his duty to another member of the Sheriff's department based on his official capacity status as the Sheriff.  In other words, sometimes it _does_ matter who is named in their official capacity and how their entity is set up, and courts take account of this when it alters discovery obligations. This is a fact-specific inquiry.

5. As I have mentioned before, if there is no principled line between an official capacity defendant and the entity itself, separate Rule 30(b)(6) depositions where an existing defendant is a designee would not be allowed under the Federal Rules of Civil Procedure. As it stands, and as you have observed, this technical line matters in the course of discovery for both parties, as it multiplies the breadth of testimony and the practical time limits on depositions.

Moreover, as we have reiterated multiple times, Ms. Retting must be careful about preserving the objection she has lodged. We have tried in good faith to strike a balance between acknowledging that she is currently a defendant for the SOMB and insisting that she is overburdened by answering for the SOMB at large. Your position appears to be that she has no right to be concerned about waiver, and no matter how difficult and burdensome, she must give full and complete answers for the SOMB. We simply do not agree with this position based on existing law.

1. In *Harte v. Johnson Cnty.*, 2105 WL 3514657, at *4, the Court acknowledged that answering what you can, while maintaining an objection on legal grounds, is proper and is the way to open the door to a reasonable stipulation based on the current needs of the case. That is what we attempted to do here, but you have declined any stipulation, so we cannot move forward on that basis.

2. If we simply waive the objection and do what you ask, we risk allowing an argument against the SOMB that currently does not exist. This is not a speculative worry, and it is irresponsible lawyering to fail to maintain the objection. For example, in *Siano Enders v. Boone*, 2021 WL 3471558, the defendants were all retired officials from a state agency, and they disclosed documents that they could not have gotten without going to the agency and having the agency comb through their files. Plaintiff then argued that those disclosures prevented the defendant from further objecting to the scope of discovery based on the separation between the official capacity defendants and the agency itself. You cannot expect us to risk that here, and any disclosure or discovery of any kind from SOMB itself will be given only under a standing objection that it is still immune from suit as an entity.

Finally, I would draw your attention to the fact that in multiple cases that you cited in your email, all the members of boards, the board itself, or the state agency itself has been sued; in others, municipalities/counties and their employees are defendants (and it is well settled  that are different sovereign immunity rules for those entities under *Monell*-type standards); in still others, the state agency that is sued is a hierarchical agency and not a voting body like the SOMB. *See e.g.*, *Tyler*, 256 F.R.D. 34 (D. Mass. 2009); *Brown v. Univ. of Kansas*, 2012 WL 367815 (Board of Regents sued in official capacity); *Crumpton v. Finnin*, 2007 WL 1832038 (city law enforcement officer sued in official capacity; *Gingerich v. City of Elkhart Probation Dept.*, 273 F.R.D. 532 (N.D. Ill. 2011) (city itself and city employee sued*); Glowgower v. Bybee-Fields*, 2022 WL 4042312 (chief clerk of legislative body asked to search legislative records that she manages as chief clerk); *Spring v. Bd. of Trustee*, 2016 WL 1389957 (Plaintiff sued entire Board). Thus, none of the cases you have cited address the unique dilemma that

Ms. Retting faces here, and they aren't much help to us in resolving our concerns.

In this dispute, our main point is that the choice to sue Ms. Retting by herself in two different capacities has placed exponential burdens on her under the general rule that "when an official is sued in his or her official capacity, any non-privileged, relevant information within the control of the related public entity is also discoverable against that official." *Tyler*, 256 F.R.D. at 37. We note that the concept of "control" is "highly fact specific." *Murphy by Murphy v. Piper,* 2018 WL 2538281, at *2. "[U]nder some circumstances courts interpret the control concept to go beyond whether the litigant has a legal right to obtain materials and focus on practical ability to obtain them." *Id.* (quoting *Benson v. Rosenthal,* 2016 WL 1046126, at *4). Although "[a] party ... must provide by way of answers to interrogatories the relevant facts readily available to it[,] ... it should not be required to enter upon extensive independent research in order to acquire such information." (quoting *La Chemise Lacoste v. Alligator Co.*, 60 F.R.D. 164, 171 (D. Del. 1973). Here, Ms. Retting does not work for the SOMB, and she is not on the SOMB staff. She just attends meetings at periodic intervals. She does not know SOMB's operating policies or practices thoroughly or understand who to ask about various topics. In short, she does not know how everything works inside the SOMB or what data it maintains, and she has very limited power (one vote) over what the SOMB does or the positions it takes.

Given the reality that she is legally and practically constrained as a SOMB member, *notwithstanding the generalized principle articulated in Graham,* asking her to produce years of documents and data or to speak for the SOMB on major policies is a grave and untenable burden.  It is not reasonable to ask her to figure out how to get voluminous and varied documents given that she doesn't have the background knowledge to know if they exist or by whom they are kept. It is not reasonable to ask her to answer for the SOMB at large by drafting interrogatory and RFP responses, calling a special meeting of some sort, and then demanding a discussion and vote on each response. We don't see any such duty arising from the cases you have cited.

Should you wish to schedule a phone conference to discuss this further, please reach out again.  Should we fail to reach an agreement, we'll be happy to email Judge O'Hara and get the dispute process rolling for all the parties.

Happy Thanksgiving to all. We hope you have a restful holiday with loved ones.

Best,

**Amy Adams**

**Assistant Attorney General**

Corrections and Public Safety

Pronouns: She/Her



P: 720-508-6827 | Amy.Adams@coag.gov

The statements and opinions in this email do not represent the statements and opinions of the Attorney General.

**From:** Emma Richards <Emma.Richards@du.edu>
**Sent:** Thursday, November 6, 2025 10:58 AM
**To:** Amy Adams <Amy.Adams@coag.gov>; Evan Brennan (He Him) <Evan.Brennan@coag.gov>
**Cc:** Jennifer Kaercher <Jennifer.Kaercher@coag.gov>; Nicole Godfrey <nicole.godfrey@du.edu>; Miriam Kerler <miriam.kerler@du.edu>; Rylee Beltran <rylee.beltran@du.edu>; Laura Rovner <Laura.Rovner@du.edu>; Gail Johnson <gjohnson@johnsonklein.com>
**Subject:** Re: Responses to 3rd Interrogatories - Nelson v. Stancil, et al., 24-cv-035588-PAB-TPO

Dear Amy and Evan,

We are writing to further address the parties' different positions related to Ms. Retting's discovery obligations as an official-capacity defendant for the SOMB. We hope that by laying out this information and taking the time to discuss this matter again, we may be able to come to an agreement without judicial intervention.

Ms. Retting is sued in her official capacity as a member of the SOMB. "An official capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*,

473 U.S. 159, 166 (1985). Thus, Ms. Nelson's suit naming Ms. Retting as an official-capacity defendant should be treated as a suit against the SOMB. Therefore, it is the SOMB at large that must comply with discovery obligations, not Ms. Retting as one member of the SOMB.

The case that aptly illustrates Ms. Nelson's position is *Tyler v. Suffolk County*, 256 F.R.D. 34 (D. Mass. 2009). In *Tyler*, the court contemplated the discovery obligations of official-capacity defendants. *See id.* at 37. First, the court held that the official-capacity defendants cannot "rely purely on their personal knowledge when responding to discovery requests." *Id*. This is because, as detailed in *Graham*, an official capacity suit is a suit against the entity. *Graham*, 473 U.S. at 166.Second, by nature of being named in their official capacities, the defendants must respond to discovery requests using all reasonably obtainable information within the entity's possession, custody, or control. *Tyler*, 256 F.R.D. at 38. Here, Ms. Nelson's discovery requests are directed at the SOMB as an entity. Thus, the SOMB must respond to discovery requests using all reasonably obtainable information within its possession, custody, or control. Ms. Retting cannot rely on her personal knowledge in responding to discovery because that response is contrary to the nature of official capacity suits. *See e.g.*, *Brown v. University of Kansas*, No. 10-cv-2606-EFM-KGG, 2012 WL 368715, at *3 (D. Kan. Feb. 3, 2012) ("discovery requests made to Official Capacity Defendants must . . . be considered requests made of the entity the individual Defendants represent in their official capacities . . .."); *Crumpton v. Finnin*, No. 05-cv-00653-MSK-KLM, 2007 WL 1832038, at *2 n.2 (D. Colo. June 25, 2007) (citing *Kentucky v. Graham* in context of discussion of discovery requests; indicating that suit against police officer sued in his official capacity is a claim against the city); *Murphy by Murphy v. Piper*, No. 16-cv-02623-DWF-LIB, 2018 WL 2538281, at *2 (D. Minn. June 4, 2018) (confirming that an official-capacity named defendant must answer discovery requests directed at the entity using information in her possession, custody, or control, including records maintained by the entity); *Shields v. Koelling*, No. 10-cv-2866-WBS-KJN, 2012 WL 1435029, at *2 n.1 (E.D. Cal. Apr. 25, 2012) ("if sued in an official capacity, the degree to which the defendant has access to government documents expands exponentially" because the action is treated as a suit against the state); *Gingerich v. City of Elkhart Probation Dept.*, 273 F.R.D. 532, 541 (N.D. Ill. 2011) (confirming that the entity representative must respond to discovery requests with information reasonably obtainable and within the possession, custody, or control of the entity); *Glowgower v. Bybee-Fields*, No. 21-cv-00012-EBA, 2022 WL 4042412, at *7 n.6 (E.D. Ky. Sept. 2, 2022) ("personal knowledge is irrelevant when sued in her official capacity"; rather, by being sued in her official capacity, defendant "is charged with knowledge of all things discoverable of the [entity]."); *Spring v. Board of Trustees of Cape Fear Community College*, No. 15-cv-84-BO, 2016 WL 1389957, at *4 (E.D.N.C. Apr. 7, 2016) (discussing discovery obligations for individual trustees named in their official capacity as members of the Board); *see Siano Enders v. Boone*, No. 19-cv-948-BKS-CFH, 2021 WL 3471558, at *3 n.6 (N.D.N.Y. Aug. 6, 2021) (*Kentucky v. Graham* established that official-capacity suits should be treated as suits against the entity, which necessarily means that the entity must participate in discovery because if not, it "would lead to an absurd result.").

We understand it is the SOMB's position that because Ms. Retting is only one board member, she cannot respond to discovery on behalf of the entire board. But the fact that she is only one board member is immaterial to her discovery obligations as an official-capacity defendant. Indeed,

23 of 27

CDOC Defendants have been complying with their discovery obligations on behalf of the entire Department of Corrections as evidenced by the fact that when Ms. Retting responds to discovery requests in her CDOC official capacity, she speaks for the entire CDOC. The SOMB is subject to the same discovery obligations.

Ultimately, if the parties remain at an impasse related to the SOMB's discovery obligations in this suit, we believe we must seek judicial intervention. We understand that Defendants appear to believe that the SOMB's discovery obligations are different from other entities simply because of the arguments raised in Ms. Retting's partial motion to dismiss. But unless and until that motion is decided in Ms. Retting's favor, the SOMB remains subject to discovery obligations in the same manner as all entities sued via official-capacity suits. Defendants have not provided support for their position to the contrary, nor are we aware of any.

Therefore, Ms. Nelson requests: 1) that the SOMB provide amended verification pages to its written discovery responses that confirm Ms. Retting is responding as an official-capacity SOMB defendant; and 2) that the SOMB amend its discovery responses to fulfill its discovery obligations as an entity defendant.

Please let us know Defendants' position at your earliest convenience.

Best,

Emma and Rylee

App: LR

--

Emma D. Richards (she/her/hers)

*Student Attorney* | Civil Rights Clinic

J.D. Candidate 2026 | University of Denver Sturm College of Law

(720) 988-8525 | emma.richards@du.edu

**From:** Amy Adams <Amy.Adams@coag.gov>
**Date:** Thursday, October 30, 2025 at 11:36 AM
**To:** Emma Richards <Emma.Richards@du.edu>, Evan Brennan (He Him) <Evan.Brennan@coag.gov>
**Cc:** Jennifer Kaercher <Jennifer.Kaercher@coag.gov>, Nicole Godfrey <nicole.godfrey@du.edu>, Miriam Kerler <miriam.kerler@du.edu>, Rylee Beltran <rylee.beltran@du.edu>, Laura Rovner <Laura.Rovner@du.edu>, Gail Johnson <gjohnson@johnsonklein.com>
**Subject:** [EXTERNAL] RE: Responses to 3rd Interrogatories - Nelson v. Stancil, et al., 24-cv-035588-PAB-TPO

[External Email From]: **Amy.Adams@coag.gov**

Okay, got it.

**Amy Adams**

**Assistant Attorney General**

Corrections and Public Safety

Pronouns: She/Her



COLORADO
Department of Law
Attorney General Phil Weiser

P: 720-508-6827 | Amy.Adams@coag.gov

The statements and opinions in this email do not represent the statements and opinions of the Attorney General.

**From:** Emma Richards <Emma.Richards@du.edu>
**Sent:** Thursday, October 30, 2025 11:24 AM
**To:** Amy Adams <Amy.Adams@coag.gov>; Evan Brennan (He Him) <Evan.Brennan@coag.gov>

**Cc:** Jennifer Kaercher <Jennifer.Kaercher@coag.gov>; Nicole Godfrey <nicole.godfrey@du.edu>; Miriam Kerler <miriam.kerler@du.edu>; Rylee Beltran <rylee.beltran@du.edu>; Laura Rovner <Laura.Rovner@du.edu>; Gail Johnson <gjohnson@johnsonklein.com>
**Subject:** Re: Responses to 3rd Interrogatories - Nelson v. Stancil, et al., 24-cv-035588-PAB-TPO

Hi all,

We are writing to request that all of the following people are included on all correspondence related to this matter. The email with CDOC's interrogatory responses did not include Gail Johnson and Laura Rovner.

All emails should include: Emma Richards, Rylee Beltran, Laura Rovner, Nicole Godfrey, Miriam Kerler, and Gail Johnson.

Thanks!

Best,

Emma and Rylee

App: LR

**From:** Jennifer Kaercher <Jennifer.Kaercher@coag.gov>
**Date:** Wednesday, October 29, 2025 at 9:27 AM
**To:** Nicole Godfrey <nicole.godfrey@du.edu>, Miriam Kerler <miriam.kerler@du.edu>, Emma Richards <emma.richards@du.edu>, Rylee Beltran <rylee.beltran@du.edu>
**Cc:** Amy Adams <Amy.Adams@coag.gov>, Evan Brennan (He Him) <Evan.Brennan@coag.gov>
**Subject:** [EXTERNAL] Responses to 3rd Interrogatories - Nelson v. Stancil, et al., 24-cv-035588-PAB-TPO

[External Email From]: jennifer.kaercher@coag.gov

Counsel,

Attached please find Defendants' Responses to Plaintiff's Third Set of Interrogatories to Defendants Stancil, Long, and Retting.

Thank you,

Jennifer Kaercher

Senior Paralegal

Office of the Attorney General

Corrections & Public Safety Unit

Ralph L. Carr Colorado Judicial Center

1300 Broadway, 10th Floor

Denver, Colorado 80203

Phone: (720) 508-6364

This message may contain confidential and/or legally privileged information and is intended only for the individual(s) named. Any name or signature block is not a legally binding electronic signature.  If you are not an intended recipient you are not authorized to disseminate, distribute or copy this e-mail. Please notify the sender immediately if you have received this e-mail by mistake and delete this e-mail from your system.