EXHIBIT
8

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 24-cv-03588-PAB-TPO

LACIE NELSON,

      Plaintiff,

v.

MOSES STANCIL, Executive Director of
the Colorado Department of Corrections, in his official capacity;

RYAN LONG, Warden of the Denver Women's Correctional Facility,
in his official capacity; and

AMANDA RETTING, Sex Offender Treatment & Monitoring
Program Administrator and Colorado Department of Corrections
Representative on the Sex Offender Management Board,
in her official capacity,

Defendants.

---

**JOINT STATEMENT OF PLAINTIFF AND DEFENDANT AMANDA RETTING,
REPRESENTATIVE ON THE SEX OFFENDER MANAGEMENT BOARD, IN HER
OFFICIAL CAPACITY, FOR DISCOVERY CONFERENCE ON JANUARY 12, 2026**

---

Plaintiff Lacie Nelson's Statement

      Plaintiff Lacie Nelson is an incarcerated, devout Christian woman who was found guilty of eight counts of sexual assault on a child and received indeterminate concurrent sentences of twelve years to life. ECF No. 1 at ¶¶ 50, 97. As part of her sentence, she must undergo sex offense-specific treatment. Colo. Rev. Stat. § 18-1.3-1004(3). Additionally, the Colorado Parole Board will not consider Ms. Nelson to be eligible for parole unless she is successfully progressing in sex offense-specific treatment. The Sex Offender Management Board (SOMB) creates and enforces the *Standards and Guidelines*, which applies to all adult sex offense-specific treatment in the state

1

of Colorado. All sex offense-specific treatment providers *must* comply with the *Standards and Guidelines* when providing such treatment both in the community or within the Colorado Department of Corrections (CDOC). Through the *Standards and Guidelines*, the SOMB requires that, to enter and successfully progress in treatment, an individual must accept responsibility for the sexual crimes of their conviction. Ms. Nelson cannot accept responsibility for her crimes of conviction as doing so would violate her sincerely held religious beliefs that prohibit lying. Ms. Nelson must either violate her religious beliefs to successfully progress in sex offense-specific treatment or spend the rest of her life in prison.

Ms. Nelson has brought this action to vindicate her religious rights under the Religious Land Use and Institutionalized Person Act (RLUIPA), which creates a cause of action against government entities that substantially burden an individual's religious beliefs. Ms. Nelson has sued the CDOC through official-capacity defendants Moses Stancil, Ryan Long, and Amanda Retting, and the SOMB through official-capacity defendant Amanda Retting as the CDOC Representative on the SOMB. *See Ex Parte Young*, 209 U.S. 123, 158-59 (1908).

Ms. Nelson is now before this Court because she is unable to obtain the necessary discovery from the SOMB through Defendant Retting as an official-capacity defendant for the SOMB. *See* **Exhibit 1 (Plaintiff's First Set of Written Discovery)** at 5-6; **Exhibit 2 (Plaintiff's Second Set of Written Discovery)** at 6.[1] Specifically, in her interrogatory responses, Defendant Retting asserts that she "does not speak for the SOMB as a whole" and that "she cannot certify that her personal

---

[1] Ms. Nelson has served seven interrogatories and one request for production on Defendant Retting in her SOMB capacity. The request for production asks for "any and all documents referenced or relied upon to respond to any interrogatory." Thus, while this dispute primarily concerns insufficient interrogatory responses, Ms. Nelson cannot ascertain the sufficiency of the production of documents in response to Request for Production No. 1 without having received interrogatory responses from the SOMB.

knowledge" as to the SOMB processes or procedures are entirely complete and correct. **Exhibit 3 (Defendant Retting's First Set of Responses)** at 2-5**; Exhibit 4 (Defendants' Second Set of Responses)** at 2; **Exhibit 5 (Defendants' Supplemental and Amended Responses)** at 2, 4-8, 10. But the Supreme Court has repeatedly recognized that "[a]s long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (citing *Brandon v. Holt*, 469 U.S. 464, 471–72 (1985)). "It is not a suit against the official personally, for the real party in interest is the entity." *Graham*, 473 U.S. at 166; *see also Watson v. City of Kansas City, Kan.*, 857 F.2d 690, 695 (10th Cir. 1988) ("A suit against a municipality and a suit against a municipal official acting in his or her official capacity are the same."). Therefore, Ms. Nelson's suit naming Defendant Retting as an official-capacity defendant should be treated as a suit against the SOMB.

Thus, when an individual is sued in their official capacity, it is the entity they represent that must comply with discovery obligations. *Tyler v. Suffolk County*, 256 F.R.D. 34, 37-38 (D. Mass. 2009) (holding that the official-capacity defendants cannot "rely purely on their personal knowledge when responding to discovery requests" and must respond using all reasonably obtainable information within the entity's possession, custody, or control). Defendant Retting, then, cannot rely solely on her personal knowledge in responding to discovery as an official-capacity defendant for SOMB, and she must instead respond using all reasonably obtainable information within the SOMB's possession, custody, or control. *See Brown v. University of Kansas*, No. 10-cv-2606-EFM-KGG, 2012 WL 368715, at *3 (D. Kan. Feb. 3, 2012) ("discovery requests made to Official Capacity Defendants must . . . be considered requests made of the entity the individual Defendants represent in their official capacities . . ..")*; Crumpton v. Finnin*, No. 05-cv-

3

00653-MSK-KLM, 2007 WL 1832038, at *2 n.2 (D. Colo. June 25, 2007) (for purposes of motion to compel discovery, construing claims against a police officer sued in his official capacity as claims against the city); *Murphy by Murphy v. Piper*, No. 16-cv-02623-DWF-LIB, 2018 WL 2538281, at *2 (D. Minn. June 4, 2018) (confirming that an official-capacity named defendant must answer discovery requests directed at the entity using information in her possession, custody, or control, including records maintained by the entity)*; Shields v. Koelling*, No. 10-cv-2866-WBS-KJN, 2012 WL 1435029, at *2 n.1 (E.D. Cal. Apr. 25, 2012) ("if sued in an official capacity, the degree to which the defendant has access to government documents expands exponentially" because the action is treated as a suit against the state)*; Gingerich v. City of Elkhart Probation Dept.*, 273 F.R.D. 532, 541 (N.D. Ill. 2011) (confirming that the entity representative must respond to discovery requests with information reasonably obtainable and within the possession, custody, or control of the entity)*; Glowgower v. Bybee-Fields*, No. 21-cv-00012-EBA, 2022 WL 4042412, at *7 n.6 (E.D. Ky. Sept. 2, 2022) ("personal knowledge is irrelevant when sued in her official capacity"; rather, by being sued in her official capacity, defendant "is charged with knowledge of all things discoverable of the [entity].")*; Spring v. Board of Trustees of Cape Fear Community College*, No. 15-cv-84-BO, 2016 WL 1389957, at *4 (E.D.N.C. April 7, 2016) (discussing discovery obligations for individual trustees named in their official capacity as members of the Board)*; Siano Enders v. Boone*, No. 19-cv-948-BKS-CFH, 2021 WL 3471558, at *3 n.6 (N.D.N.Y. Aug. 6, 2021) (*Graham* established that official-capacity suits should be treated as suits against the entity, which necessarily means that the entity must participate in discovery because if not, it "would lead to an absurd result.").

Ms. Nelson is entitled to discovery from SOMB and requires such discovery to efficiently and effectively litigate her claim against the SOMB. Under RLUIPA, Ms. Nelson has the burden

of proving that the Defendants have substantially burdened her sincerely held religious beliefs prohibiting lying. *Yellowbear v. Lampert*, 741 F.3d 48, 53 (10th Cir. 2014). In turn, defendants, here Defendant Retting as an official-capacity defendant for SOMB, must prove that the substantial burden placed on Ms. Nelson's religious beliefs serves a compelling government interest and that the acceptance of responsibility requirement is the least restrictive means to achieve that interest. *Id*. at 56. The SOMB must demonstrate that the "compellingness" of the interest is individualized to Ms. Nelson. *Id*. at 57. Finally, for the SOMB to prove that the acceptance of responsibility requirement is the least restrictive means to achieve the compelling government interest, it must refute any alternative least restrictive means suggested by Ms. Nelson to achieve the same interest that would not substantially burden her religious exercise. *Yellowbear*, 741 F.3d at 62–63 (finding that as part of the government's burden, it must refute plaintiff's suggestions of alternative schemes and show their inadequacy).

Ms. Nelson must use discovery, then, to learn of the SOMB's compelling government interest and how it is individualized to her, and only the SOMB is in possession of that information. Likewise, once Ms. Nelson learns of the SOMB's compelling government interest, discovery from the SOMB will aid Ms. Nelson in offering alternative least restrictive means that would achieve the SOMB's compelling government interest without substantially burdening her religious exercise. Currently, Defendant Retting's interrogatory responses provide only one person's position related to a compelling government interest. Ms. Nelson cannot attribute any of Defendant Retting's interrogatory responses to the SOMB in, for example, a motion for summary judgment or at trial. Defendant Retting's deficient interrogatory responses have other consequences, too. Ms. Nelson is unable to utilize written discovery from the SOMB to prepare for a Rule 30(b)(6)

5

deposition of the SOMB. Additionally, Ms. Nelson's expert(s) require discovery from the SOMB to prepare their reports for the upcoming expert disclosure deadlines. ECF No. 53.

Despite these challenges, Ms. Nelson has diligently pursued discovery in this matter to the best of her ability, all the while engaging in a thorough conferral process with Defendant Retting, which began in August 2025. *See* ECF No. 49 at ¶ 4(a)-(d); **Exhibit 6 (Emails Re: Responses to Plaintiff's Second Discovery Requests)**; **Exhibit 7 (Plaintiff's Discovery Deficiency Letter)**; **Exhibit 8 (Defendants' Response to Plaintiff's Discovery Deficiency Letter)**. For many months, Ms. Nelson reiterated her position that she was entitled to discovery from the SOMB. **Exhibit 9 (Emails Re: Amended Discovery Responses)** at 2-6; **Exhibit 10 (Emails Re: Responses to 3rd Interrogatories)** at 7-14. The parties then conferred in person on December 2, 2025. **Ex. 10** at 1-7. Notably, counsel for Defendant Retting asserted that they are not counsel for the SOMB, *see id.* at 1-2, even though Ms. Nelson's lawsuit is treated as one against the SOMB. Ultimately, the parties agreed that they are at an impasse that requires judicial intervention.

For the reasons explained above, Ms. Nelson respectfully requests that the Court order the following relief:

(1) Defendant Retting in her official capacity on behalf of SOMB must amend her discovery responses to Interrogatories Nos. 2, 4, 6, and 8 and Amended Interrogatories Nos. 1, 3, 5, and Request for Production No. 1 to provide responses and documents using all information in the custody, possession, or control of the SOMB;

(2) The SOMB must provide amended verification pages to the relevant written discovery responses that confirm Defendant Retting is responding as an official-capacity SOMB defendant.

(3) Defendant Retting must respond to all future discovery requests directed to her as an official-capacity defendant on behalf of the SOMB using all information in the possession, custody, or control of the SOMB.

Position of Defendant Amanda Retting

There are three named defendants in this lawsuit, two of whom are named only in their official capacities as staff members of the Colorado Department of Corrections ("CDOC") (Defendant Stancil and Long), and one of whom is named both in her official capacity as a staff member of the CDOC *and* as a member of the Sex Offender Management Board ("SOMB" ) (Defendant Retting). The instant discovery dispute concerns the discovery obligations of only this last defendant, Amanda Retting, in her role as one member of the 25-member SOMB.

Defendants note that they have filed a Motion to Dismiss for lack of subject matter jurisdiction as to the Ms. Retting in her SOMB capacity on the basis that: (1) a plaintiff cannot sue one member of a voting board under *Ex Parte Young*; and (2) the SOMB does not have "enforcement" authority as to inmates, rather, they only have promulgating authority as to the standards for SOMB-approved sex-offense-specific therapy. *See* ECF No. 22 (Motion); *see also* ECF Nos. 35 (Response), 40 (Reply). While that motion has been pending, Ms. Retting has fully participated in discovery in both her capacities as a CDOC staff member and as a single member of the SOMB.

Plaintiff Lacie Nelson has repeatedly sought discovery from the SOMB, as an entity, via Ms. Retting, and has demanded extensive information about internal SOMB processes, procedures, and operations, as well as "all the reasons" the SOMB ultimately adopts certain standards, guidelines, or positions. In response, Ms. Retting has consistently explained in objections to such requests that she "does not speak for the SOMB as a whole, and cannot certify

7

that her personal knowledge of SOMB procedures is entirely correct and complete," and that she "can only speak to her own experience as a single member of the SOMB." Nonetheless, subject to that and other relevant objections, Ms. Retting has always answered all discovery requests to the best of her ability as one member of a 25-member board.

Ms. Retting does not dispute the basic principle from *Kentucky v. Graham*, 473 U.S. 159, 166 (1985), that "[a]n official capacity suit is, in all respects other than name, to be treated as a suit against the entity." But the *Graham* Court was clear that sovereign immunity still matters, even in an official capacity suit, and plaintiffs must show have properly proceeded against an official capacity defendant through an exception to sovereign immunity. For example, as *Graham* acknowledged, plaintiffs cannot get damages against official capacity defendants, so the state entity cannot be "sued" in all ways that word is used. Also, individual members of a voting body are not proper defendants because *Ex Parte Young* does not apply to them. *Barrett v. Univ. of New Mexico Bd. of Regents*, 562 F. App'x 692 (10th Cir. 2014).

In addition, there are limitations on the "official capacity" legal fiction that illustrate that *Graham* is not dispositive of the discovery dispute before the Court. For example, if a discovery request is directed to an official's individual knowledge, the discovery can be properly construed as limited in that manner. *Tyler v. Suffolk Cnty.*, 256 F.R.D., 34, 37 (D. Mass. 2009) (noting that request to a county entity could be limited if the request used the word "you"). And in *Harte v. Johnson County*, No. CIV.A. 13-2586-JWL, 2015 WL 3514657, at *2-3 (D. Kan. June 4, 2015), the court ruled that a county sheriff sued in his official and individual capacities had to sign the interrogatories himself because he was not a government agency, and he could not delegate his duty to another member of the Sheriff's department based on his official capacity status as the Sheriff. In other words, it does sometimes matter who is named in their official capacity and how

their entity is organized, and courts take account of these realities when they bear on discovery obligations.

Similarly, officials do not become synonymous with the entity itself in all respects simply because they were named in an official capacity. In *Quarrie v. Wells*, No. CV 17-350 MV/GBW, 2019 WL 6911624, at *1 (D.N.M. Dec. 19, 2019), the official capacity defendants contended that since they all worked at the same agency, they were "one" defendant and Plaintiff could only send them twenty-five interrogatories total.  The district court rejected that argument (at least insofar as it was not raised as part of the scheduling order), noting "this principle [from *Graham*] has generally been applied, as in *Graham*, to the determination of damages…. It does not alter the fact that officers sued in their official capacities may—as here—be listed as separate parties on the Court's docket." Moreover, in this case, Plaintiff has deposed Ms. Retting and also seeks a Rule 30(b)(6) deposition of the SOMB as an entity through a separate designee.

Thus, the law does acknowledge that a state employee sued in her official capacity retains some identity as an individual person depending on the specific circumstances presented. This is a fact-specific inquiry. Here, SOMB is not a named party to this suit. Amanda Retting in her official capacity as a lone SOMB member is indeed a party, for now, based on what the Court decides about *Ex Parte Young* and how far it extends. But as one member of the 25-member SOMB, Ms. Retting has neither authority to speak alone on the SOMB's behalf, nor does she have control over and access to all of the information and documents in the SOMB's custody. On a practical level, by law, Ms. Retting is not empowered to make any decisions for the SOMB except through a vote, so to ask her to answer interrogatories or decide which documents represent the full answers to requests for production would require her to research the answers

and submit them to a vote by the SOMB. That is tremendous burden for Ms. Retting as the lone named defendant for a large and diverse state board, especially where she is not the chairperson.

Ms. Retting is one board member; she does not work for the SOMB, and she is not on the SOMB staff. She just attends regularly scheduled meetings at periodic intervals. She does not know the SOMB's operating policies or practices thoroughly or understand who to ask about various topics. In short, she does not know how everything works inside the SOMB or what data it maintains, and she has very limited power (one vote) over the positions the SOMB takes.

Ms. Retting has endeavored in good faith to strike a balance between acknowledging that she is currently a defendant based on her membership on the SOMB, and insisting that she is overburdened by answering for the SOMB at large and as a practical matter is unable to do so. Given the reality that Ms. Retting is legally and practically constrained as a SOMB member, and *notwithstanding* the generalized principle articulated in *Graham,* asking her to produce years of documents and data or to speak for the SOMB on major policies is an unreasonable and untenable burden. It is not reasonable to ask her to devise a plan to get voluminous and varied SOMB documents stretching back decades to when she was not a member of the SOMB, or to ask her to answer for the SOMB at large by drafting interrogatory and RFP responses, calling a special meeting of some sort, and then demanding a discussion and a vote on each response. Thus, Ms. Retting has maintained her objections that she is but one member of a twenty-five person voting board with quasi-legislative responsibilities and will answer as such.

Respectfully submitted on: January 7, 2026

STUDENT LAW OFFICE

*s/ Emma D. Richards*
Emma D. Richards
Rylee Beltran
Laura Rovner
Miriam Kerler
Nicole Godfrey
University of Denver Sturm College of Law
2255 E. Evans Ave.
Denver, CO 80208
Phone: 303.871.6574
Fax: 303.871.6847
Email: emma.richards@du.edu
Rylee.beltran@du.edu

*Counsel for Plaintiff Lacie Nelson*

PHILIP J. WEISER
Attorney General

*s/Amy E Adams*
Amy E. Adams
Evan P. Brennan
Assistant Attorneys General
Colorado Department of Law
1300 Broadway, 10th Floor
Denver, Colorado 80203
Phone: 720.508.6000
Email: amy.adams@coag.gov
Evan.brennan@coag.gov

*Counsel for Defendants*

JOHNSON & KLEIN, PLLC

Gail K. Johnson
5398 Manhattan Cir.
Boulder, CO 80303
Phone: 303.444.1885
Fax: 866.340.8286
Email: gjohnson@johnsonklein.com

11