EXHIBIT
9

| | |
|---|---|
| **Subject:** | Re: Nelson v. Stancil: Motion for Leave to Amend the Complaint |
| **Date:** | Friday, January 30, 2026 at 8:02:05 PM Mountain Standard Time |
| **From:** | Emma Richards <Emma.Richards@du.edu> |
| **To:** | Amy Adams <Amy.Adams@coag.gov>, Evan Brennan (He Him) <Evan.Brennan@coag.gov> |
| **CC:** | Nicole Godfrey <Nicole.Godfrey@du.edu>, Laura Rovner <Laura.Rovner@du.edu>, Miriam Kerler <Miriam.Kerler@du.edu>, Jennifer Kaercher <Jennifer.Kaercher@coag.gov>, Gail Johnson <gjohnson@johnsonklein.com>, Rylee Beltran <Rylee.Beltran@du.edu> |
| **Attachments:** | image001.png |

Hi Amy,

Thank you for letting us know. Ms. Nelson will file a motion for leave to amend her complaint and will represent that Defendants oppose the motion.

Have a great weekend.

Best,

Emma and Rylee

App: LR

---

**From:** Amy Adams <Amy.Adams@coag.gov>
**Date:** Friday, January 30, 2026 at 4:59 PM
**To:** Rylee Beltran <Rylee.Beltran@du.edu>, Evan Brennan (He Him) <Evan.Brennan@coag.gov>
**Cc:** Emma Richards <Emma.Richards@du.edu>, Nicole Godfrey <Nicole.Godfrey@du.edu>, Laura Rovner <Laura.Rovner@du.edu>, Miriam Kerler <Miriam.Kerler@du.edu>, Jennifer Kaercher <Jennifer.Kaercher@coag.gov>, Gail Johnson <gjohnson@johnsonklein.com>
**Subject:** [EXTERNAL] RE: Nelson v. Stancil: Motion for Leave to Amend the Complaint

[External Email From]: **Amy.Adams@coag.gov**

Hi Rylee,

I appreciate the effort to work together to resolve outstanding issues. However, we would not be able to consent to the amendments you have suggested.

Best,

Amy Adams
Assistant Attorney General
Corrections and Public Safety

Pronouns: She/Her



P: 720-508-6827  |  Amy.Adams@coag.gov

The statements and opinions in this email do not represent the statements and opinions of the Attorney General.

---

**From:** Rylee Beltran <Rylee.Beltran@du.edu>
**Sent:** Friday, January 30, 2026 9:29 AM
**To:** Amy Adams <Amy.Adams@coag.gov>; Evan Brennan (He Him) <Evan.Brennan@coag.gov>
**Cc:** Emma Richards <Emma.Richards@du.edu>; Nicole Godfrey <Nicole.Godfrey@du.edu>; Laura Rovner <Laura.Rovner@du.edu>; Miriam Kerler <Miriam.Kerler@du.edu>; Jennifer Kaercher <Jennifer.Kaercher@coag.gov>; Gail Johnson <gjohnson@johnsonklein.com>
**Subject:** Nelson v. Stancil: Motion for Leave to Amend the Complaint

Amy and Evan,

We are writing to confer regarding Defendants' position on Ms. Nelson's motion for leave to amend her complaint to name the SOMB and CDOC as Defendants and dismiss all official capacity representatives. Ms. Nelson hopes that by amending her complaint, the parties' dispute surrounding whether the SOMB is a party to this lawsuit can be resolved, as the SOMB would be a named defendant.

While Ms. Nelson maintains that SOMB and CDOC have both been properly sued through *Ex parte Young*, Ms. Nelson believes that it is also proper to sue these entities directly under RLUIPA. This is because "[t]he enactment of RLUIPA (and a state's acceptance of federal funds pursuant to it) requires the state to waive its sovereign immunity for suits seeking equitable relief." *Ind v. Colorado Dep't of Corr.*, No. 09-cv-00537-WJM-KLM, 2011 WL 7063298, at *6 (D. Colo. Apr. 7, 2011), report and recommendation adopted, No. 09-cv-00537-WJM-KLM, 2012 WL 161418 (D. Colo. Jan. 19, 2012). *See also Yellowbear v. Lampert*, 741 F.3d 48, 53 n.1 (10th Cir. 2014) ("We speak of Mr. Yellowbear's RLUIPA claim as against the prison for convenience's sake. In fact, his claim is against individual prison officials, seeking prospective injunctive relief against them for violations of RLUIPA. In this way, his case is a textbook application of *Ex parte Young*...**Of course, RLUIPA itself contemplates not just traditional *Ex parte Young* actions against individual officials but also claims directly against governmental entities**. *See* 42 U.S.C. § 2000cc-2(a))" (emphasis added). Further, under RLUIPA, "government" is defined as a "State, county, municipality, or other governmental entity created under the authority of a State." 42 U.S.C. § 2000cc-5.

Apart from amending the caption to name the SOMB and CDOC directly (rather than

through *Ex parte Young*) and making small changes where necessary to reflect the change in named Defendants, Ms. Nelson does not seek to make any amendments to her complaint with her motion for leave.

Please let us know Defendants' position on Ms. Nelson's motion to amend the complaint as soon as possible, as well as whether this amendment may resolve the parties' dispute regarding whether the SOMB has been properly sued. We hope that this compromise may allow the parties to move forward in the litigation as efficiently as possible.

Best,

Rylee and Emma
APP:  LR

————————————————————————

**Rylee M. Beltran** *(she/her/hers)*
Student Attorney, Civil Rights Clinic
J.D. Candidate 2026
University of Denver Sturm College of Law
rylee.beltran@du.edu I (502)-377-4697