IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 24-cv-03588-PAB-TPO

LACIE NELSON,

        Plaintiff,

v.

MOSES STANCIL, in his official capacity as Executive Director of the Colorado
Department of Corrections,
RYAN LONG, in his official capacity as Warden of the Denver Women's Correctional
Facility, and
AMANDA RETTING, in her official capacity as Sex Offender Treatment and Monitoring
Program Administrator and Colorado Department of Corrections Representative on the
Sex Offender Management Board,

        Defendants.

---

## ORDER

---

This matter comes before the Court on Defendant Retting's Partial Motion to

Dismiss Complaint (ECF NO. 1) under Fed. R. Civ. P. 12(B)(1) [Docket No. 22].

Defendant Amanda Retting seeks dismissal of the claims brought against her in her

official capacity as the Colorado Department of Corrections Representative on the Sex

Offender Management Board.  *Id.* at 3.  Plaintiff Lacie Nelson filed a response, Docket

No. 35, and defendant Retting filed a reply.  Docket No. 40.

## I. BACKGROUND[1]

Plaintiff Lacie Nelson is currently incarcerated in the Denver Women's Correctional Facility, a prison operated by the Colorado Department of Corrections ("CDOC"). Docket No. 1 at 4, 6, ¶¶ 24, 41. On January 12, 2009, Ms. Nelson was found guilty of eight counts of sexual assault on a child and is serving an indeterminate sentence of twelve years to life. *Id.* at 7, 12, ¶¶ 50, 97. Ms. Nelson is a devout Christian. *Id.* at 3, ¶ 18. As part of her Christian faith, Ms. Nelson sincerely believes she is forbidden from lying. *Id.* at 18, ¶¶ 142-148. Ms. Nelson has consistently maintained that she is innocent of her crimes of conviction. *Id.* at 4, ¶ 28. Thus, Ms. Nelson believes that admitting to the crimes underlying her convictions would require her to lie in violation of her religious beliefs. *Id.* at 18, ¶ 141.

Under the Colorado Sex Offender Lifetime Supervision Act ("SOLSA"), local units of government collaborate to create procedures for the lifetime supervision of individuals convicted of sexual offenses in Colorado. *Id.* at 15, ¶ 118 (citing Colo. Rev. Stat. § 18-1.3-1001). Individuals sentenced to the custody of CDOC pursuant to SOLSA must "undergo treatment." *Id.*, ¶ 119 (citing Colo. Rev. Stat. § 18-1.3-1004(3)). The Sex Offender Management Board ("SOMB") is responsible, in collaboration with other government entities, for determining the details of the treatment. *Id.*, ¶ 121 (citing Colo. Rev. Stat. §§ 18-1.3-1004(3); 18-1.3-1003(2); 18-1.3-1009(1)). Pursuant to SOMB's standards and guidelines, the CDOC implemented the Sex Offender Treatment and Monitoring Program ("SOTMP"). *Id.* at 17, ¶ 133.

---

[1] The facts below are taken from plaintiff's complaint, Docket No. 1, and are presumed to be true, unless otherwise noted, for purposes of ruling on defendant's motion to dismiss.

2

The Colorado Parole Board, pursuant to the Colorado Attorney General's interpretation of SOLSA, requires Ms. Nelson to successfully progress in treatment to be eligible for parole. *Id.* at 19, ¶ 153. On May 26, 2021 and May 25, 2022, Ms. Nelson was found ineligible for parole because she was not progressing in the SOTMP. *Id.* at 20-21, ¶¶ 170-71. As part of the SOTMP, Ms. Nelson must admit guilt for the crimes of her conviction. *Id.* at 19, ¶¶ 155-56. Ms. Nelson refuses to admit guilt for the crimes of her conviction, claiming that, because she maintains her innocence, it would violate her sincerely held religious belief that prohibits lying. *Id.*, ¶ 157.

Ms. Nelson brings a claim for Violation of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1, claiming that the SOTMP substantially burdens her sincerely held religious belief by forcing her to choose between lying in violation of her religious belief and staying in prison for the rest of her life. *Id.* at 21-23, ¶¶ 176-191. Ms. Nelson brings this claim against Moses Stancil, in his official capacity as executive director of CDOC, Ryan Long, in his official capacity as Warden of the Denver Women's Correctional Facility, and Amanda Retting. *Id.* Relevant here, Ms. Nelson is suing Ms. Retting in her official capacities as both a SOTMP administrator and a SOMB member. *Id.* at 6-7, ¶ 44. Among other things, Ms. Nelson requests that the Court enter an injunction requiring defendants to either (1) create an exemption from the SOTMP for individuals like Ms. Nelson; (2) admit Ms. Nelson to the SOTMP without subjecting her to any admission requirement; or (3) alleviate the burden on Ms. Nelson's sincere religious beliefs in some other manner. *Id.* at 23-24. Ms. Retting has filed a motion to dismiss pursuant to Rule 12(b)(1) of the

Federal Rules of Civil Procedure, arguing that she is immune from suit under the
Eleventh Amendment in her capacity as a member of the SOMB.[2]  Docket No. 22 at 3.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) allows a party to move to dismiss a
claim for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  A dismissal under
Rule 12(b)(1) is not a judgment on the merits; rather, it is a determination that the court
lacks jurisdiction to adjudicate the claim.  *Creek Red Nation, LLC v. Jeffco Midget
Football Ass'n., Inc.*, 175 F. Supp. 3d 1290, 1293 (D. Colo. 2016).  A court lacking
jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes
apparent that jurisdiction is lacking."  *Caballero v. Fuerzas Armadas Revolucionarias de
Colombia*, 945 F.3d 1270, 1273 (10th Cir. 2019) (citation omitted).  The dismissal is
without prejudice.  *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir.
2006).

Challenges to subject matter jurisdiction may take two forms—a facial attack or a
factual attack—each with distinct analytical frameworks.  *United States v. Rodriguez-
Aguirre*, 264 F.3d 1195, 1203 (10th Cir. 2001).  A facial challenge focuses on the
sufficiency of the allegations in the complaint.  *Id.*  In resolving a facial challenge, "the
district court must accept the allegations in the complaint as true."  *Id.*  By contrast, a
factual challenge allows a party to "go beyond allegations contained in the complaint
and challenge the facts upon which subject matter jurisdiction depends."  *Id.* (citation
omitted).  In addressing a factual challenge to subject matter jurisdiction, "the court does

---

[2] Ms. Retting does not challenge her having been sued in her official capacity as
a SOTMP administrator.  Docket No. 22 at 3; Docket No. 35 at 5 n.1.  In that capacity,
she has answered the complaint.  Docket No. 21.

not presume the truthfulness of the complaint's factual allegations." *Id.* (citation and

quotations omitted); *see also Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225

(10th Cir. 2001) ("a court's reference to evidence outside the pleadings does not convert

the motion into a Rule 56 motion").  The burden of establishing subject matter

jurisdiction lies with the party asserting it.  *Merida Delgado v. Gonzales*, 428 F.3d 916,

919 (10th Cir. 2005).

### III.  ANALYSIS

#### A.  <u>Facial Challenge or Factual Challenge</u>

Ms. Retting does not state whether she is launching a facial challenge or a

factual challenge.  However, Ms. Retting attaches no evidence to her motion and, when

detailing the standard of review, claims that "[m]otions to dismiss filed under Rule 12(b)

are decided assuming that all well-pleaded facts in the complaint are true."  Docket No.

22 at 3.  Courts accept allegations in the complaint as true under Rule 12(b)(1) when a

defendant launches a facial challenge.  Ms. Nelson states that Ms. Retting "raises her

Partial Motion to Dismiss as a facial attack on the Complaint," but that the motion "may

be construed to have launched both types of attacks," and that "Ms. Nelson addresses

each in turn."  Docket No. 35 at 5.  Specifically, Ms. Nelson notes that Ms. Retting

presented "outside evidence" by asserting that the SOMB operates as a group, instead

of through the individual actions of its members.  Docket No. 35 at 5 (citing Docket No.

22 at 5).  Thus, Ms. Nelson presents her own "outside evidence" in support of her

response.  *Id.*  The supposed "outside evidence" that Ms. Retting relies on when

asserting that the SOMB operates as a group is a citation to Colo Rev. Stat. § 16-11.7-

103(4).  Docket No. 22 at 5.  This same subsection is cited by plaintiff three times in her

complaint.  Docket No. 1 at 16, ¶¶ 125, 127-128.

Reference to a statute which was referred to in the complaint does not convert a

facial attack into a factual attack.  For instance, one court has noted that:

> Despite Plaintiffs' assertions that the Federal Defendants' 12(b)(1)
> arguments are a factual attack . . ., the defendants have not attached any
> evidence refuting Plaintiffs' allegations.  The Federal Defendants
> essentially argue that, even if these allegations are true, the Court would
> still lack subject-matter jurisdiction.  The Court, therefore, construes the
> Federal Defendants' 12(b)(1) arguments as a facial attack.

*Channing v. Seneca-Cayuga Nation*, 2024 WL 4284198, at *7 (N.D. Okla. Sept.

24, 2024).  Similarly, in this case, Ms. Nelson asserts that Ms. Retting is also

raising a factual attack, but Ms. Retting has attached no evidence refuting

plaintiff's allegations.  Ms. Retting argues that, taking all of Ms. Nelson's

assertions at true, the Court lacks subject-matter jurisdiction.  Ms. Retting simply

references a statute that Ms. Nelson herself referenced in her complaint as

support.  This is not "outside evidence."  In fact, it is not evidence at all; "statutes

are law, not evidence of law."  *Ortega v. Rhone-Poulenc of Wyo., L.P.*, 842 F.

Supp. 488, 494 (D. Wyo. 1994) (quoting *In re Sinclair*, 870 F.2d 1340, 1342-44

(7th Cir. 1989) (emphasis omitted)).  Moreover, there is no challenge to the facts

underlying subject matter jurisdiction—Ms. Nelson does not contest that § 16-

11.7-103(4) dictates that the SOMB operates as a group.  Thus, the Court

construes Ms. Retting's Rule 12(b)(1) motion as a facial attack.  Consequently,

"the Court must accept the allegations of the complaint as true and may not

consider evidence outside the complaint."  *Ottawa N. R.R., LLC v. City of*

*Baldwin, Kan.*, 2023 WL 7923152, at *2 (D. Kan. Nov. 16, 2023) (citing *Stuart v.*

*Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001)).

### B. <u>Eleventh Amendment</u>

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The United States Supreme Court has construed the Eleventh Amendment to prohibit federal courts from entertaining suits against states brought by their own citizens or citizens of another state without the consent of the state being sued. *See Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990). State entities, agencies, and officials sued in their official capacities are immune because they are "an arm of the State," *Mt. Healthy City Sch. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977), and a suit against such officials are "no different from a suit against the State itself." *Hendrickson v. AFSCME Council 18*, 992 F.3d 950, 965 (10th Cir. 2021) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). However, Eleventh Amendment immunity "is not absolute" and certain exceptions apply. *Feeney*, 495 U.S. at 304.

Under *Ex parte Young*, 209 U.S. 123, 159–60 (1908), "a plaintiff may sue individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks only prospective relief." *Hendrickson*, 992 F.3d at 965 (citing *Ex parte Young*, 209 U.S. at 159–60; *Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)). "To satisfy this exception, the named state official 'must have some connection with the enforcement' of the challenged statute." *Id.* (quoting *Ex parte Young*, 209 U.S. at 157). This connection exists when the state official that is sued has both (1) "a particular duty to enforce the

statute in question" and (2) "a demonstrated willingness to exercise that duty."  *Id.*
(internal quotations and citation omitted).

Ms. Retting argues that Ms. Nelson does not establish that the *Ex parte Young*
exception applies because she does not allege that Ms. Retting, in her capacity as a
SOMB member, has an individual responsibility for enforcing SOMB standards.  Docket
No. 22 at 5.  Colo. Rev. Stat. § 16-11.7-103(4)(a) sets out the duties of the SOMB, and
speaks in terms of "the board" as a whole rather than in terms of any individual member
of the board.  *See id.* ("The board shall develop . . . a standard procedure to evaluate
and identify adult sex offenders . . ., the board shall develop a procedure for evaluating
. . . lower-risk sex offenders . . .[, and] [t]he board shall develop and implement methods
of intervention.").  *Barrett v. Univ. of N. M. Bd. of Regents*, 562 F. App'x 692, 694 (10th
Cir. 2014) (unpublished), analyzes the applicability of *Ex parte Young* in a situation
where a board operates as a group, without empowering its individual members.  There,
the Tenth Circuit noted that the *Ex parte Young* exception "is very narrow" and that a
"plaintiff must adequately allege the *individual* official's duty to enforce the statute in
question and a demonstrated willingness to do so."  *Id.* (citation omitted) (emphasis
added).  Thus, *Barrett* noted that alleging the board's responsibility to enforce the law is
"insufficient because individual Board members are not empowered to act individually,
but must act as 'a body corporate.'"[3]  *Id.* (citing N.M. Stat. Ann. § 21-7-4 (1978)).

---

[3] The SOMB consists of twenty-five members, including, among others, one
member who is a district court judge, one member who is a clinical polygraph examiner,
one member who is a private criminal defense attorney with expertise related to sexual
offenses, one member who is a member of a community corrections boards, and two
members who are licensed mental health professionals with recognizable expertise in
the treatment of adult sex offenders.  Colo. Rev. Stat. § 16-11.7-103(1)(a)(II), (d)(II),
(VIII), (IX); *see also* Colo. Rev. Stat. § 16-11.7-103(1)(a)-(f) (listing the positions of the

Ms. Nelson concedes that she failed to allege that Ms. Retting, in her capacity as a member of the SOMB, has "individual responsibility for developing SOMB standards." Docket No. 35 at 8 (quoting Docket No. 22 at 5).  However, Ms. Nelson argues that this failure is "immaterial," *Barrett* notwithstanding.  Ms. Nelson urges the Court to ignore *Barrett*, noting that it is an unpublished decision,[4] because, in her view, it contravenes *Prairie Band Potawatomi Nation v. Wagnon*, 476 F.3d 818, 828 (10th Cir. 2007).[5]  *Id.* at 9.  Specifically, Ms. Nelson notes that *Prairie Band Potawatomi Nation* held that individuals who are not specifically empowered to ensure compliance with a law still can have "some connection" with the enforcement of the law when they "have assisted or currently assist in giving effect to the law."  Docket No. 35 at 8-9 (quoting *Prairie Band Potawatomi Nation*, 476 F.3d at 828).  However, *Prairie Band Potawatomi Nation* discussed this holding in the context of actions that individual defendants were empowered to take.  *Prairie Band Potawatomi Nation*, 476 F.3d at 828.  The challenged statute involved the enforcement of state motor vehicle registration and titling laws on vehicles registered and titled by the Prairie Band Potawatomi Nation.  *Id.* at 820.  The court discussed how the defendants could have some connection to the law, even if not

---

members who serve on the SOMB).  The membership of the SOMB is intended to reflect "representation of urban and rural areas of the state and a balance of expertise in adult and juvenile issues relating to persons who commit sex offenses."  Colo. Rev. Stat. § 16-11.7-103(1).  This cuts against the notion that any single member of the SOMB has individual authority to enforce its standards.

[4] "Unpublished opinions are not binding precedent."  *United States v. Samuels*, 493 F.3d 1187, 1194 n.9 (10th Cir. 2007) (citing 10th Cir. R. App. P. 32.1(A)).

[5] Ms. Nelson also argues that *Barrett* "misconstrued the enforcement requirement" by referencing the statute giving rise to the cause of action instead of the law or regulation causing the violation of federal law.  Docket No. 35 at 9.  However, Barrett did not turn on what law was referenced; it turned on the fact that individual board members were not empowered to act individually.  *Barrett*, 562 F. App'x at 694.

specifically empowered to enforce it, by engaging in acts like managing vehicle registrations and titles, denying the validity of the Tribe's registrations, and enforcing state traffic laws. *Id.* at 828. The defendants took these actions as individuals, rather than acting as a group. Therefore, *Barrett's* holding that actions taken by a board are not sufficient to demonstrate some connection to enforcement by individual board members is not inconsistent with *Prairie Band Potawatomi Nation.*

*Barrett's* holding has been applied to the SOMB. *See Bertolo v. Shain*, No. 17-cv-00773-RM-KLM, 2020 WL 2365245, at *5 (D. Colo. Feb. 27, 2020), *report and recommendation adopted sub nom. Bertolo v. Raemisch*, 2020 WL 1502295 (D. Colo. Mar. 30, 2020); *Gorenc v. Klaassen*, 421 F. Supp. 3d 1131, 1149 (D. Kan. 2019) (relying on *Barrett* to dismiss a claim against a defendant in her official capacity as president of a board because the plaintiff did not allege that the defendant had any individual ability to enforce the alleged unconstitutional regulations, but instead referred to acts of the board as a whole). In *Bertolo*, Magistrate Judge Kristen L. Mix recommended dismissal of a claim against a SOMB member in his official capacity because the plaintiff did not demonstrate that the SOMB member had any individual responsibility for developing or enforcing SOMB standards. *Bertolo*, 2020 WL 2365245, at *5. Judge Mix noted that "[t]here is no statutory authority for board members . . . individually to develop such standards and guidelines or to enforce them." *Id.* Citing *Barrett*, she noted that "Plaintiff's conclusory assertions that [the SOMB member] is somehow capable of acting on behalf of SOMB is insufficient to support an official capacity claim against him." *Id.* (citing *Barrett*, 562 F. App'x at 694). Ms. Nelson concedes that she does not allege that Ms. Retting has any individual responsibility for

developing SOMB standards.  Docket No. 35 at 8.  Accordingly, the *Ex parte Young*

exception does not apply to Ms. Retting in her official capacity as a SOMB member.[6]

## IV.  CONCLUSION

Therefore, it is

**ORDERED** that Defendant Retting's Partial Motion to Dismiss Complaint (ECF

NO. 1) under Fed. R. Civ. P. 12(B)(1) [Docket No. 22] is **GRANTED**.  It is further

**ORDERED** that the claim brought against defendant Amanda Retting in her

official capacity as Colorado Department of Corrections Representative on the Sex

Offender Management Board is **dismissed without prejudice**.[7]

DATED March 30, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge

---

[6] The parties also argue about whether the SOMB has any formal enforcement authority over the SOTMP.  Docket No. 22 at 5 n.2; Docket No. 35 at 13-14.  However, because the Court has held that the *Ex parte Young* exception does not apply since Ms. Retting as an individual does not have enforcement authority, it is unnecessary to determine whether the SOMB as a whole has enforcement authority.

[7] "[W]here the district court dismisses an action for lack of jurisdiction, . . . the dismissal must be without prejudice."  *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) (citations omitted).