IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-03588-PAB-TPO

LACIE NELSON,

      Plaintiff,

v.

MOSES STANCIL, in his official capacity as Executive
Director of the Colorado Department of Corrections;
RYAN LONG, in his official capacity as Warden of
the Denver Women's Correctional Facility; and
AMANDA RETTING, in her official capacity as
Sex Offender Treatment and Monitoring Program
Administrator,

      Defendants.

---

**PLAINTIFF'S PARTIALLY UNOPPOSED MOTION FOR EXTENSION OF TIME TO
FILE RULE 702 MOTIONS**

---

Plaintiff Lacie Nelson, through undersigned counsel, respectfully moves for a 60-day

extension, or until July 6, 2026, of the deadline to file Rule 702 motions. In support of this motion,

Ms. Nelson states as follows:

**D.C.COLO.LCivR 7.1(a) CONFERRAL STATEMENT**

Pursuant to D.C.COLO.LCivR 7.1(a), undersigned counsel conferred with Defendants'

counsel, who represented that they partially consent to the relief requested herein, in that they

agree to the Court granting a 30-day extension of the Rule 702 deadline. Defense counsel noted

the following:

1

While Rule 702 is there to be used when experts are truly unqualified, we don't see any reasonable grounds for challenging our experts, whether they are deposed or not. Therefore, we don't think an extension of the Rule 702 deadline is justified or necessary. Moreover, at this point, our clients desire expeditious resolution of this litigation. Even so, as a courtesy to you, having just joined the case, we can agree to a 30-day extension of scheduling order deadlines.

1.     On January 30, 2026, the Court entered an Order granting Defendants' Unopposed Motion to Amend Scheduling Order. ECF No. 59. Under that Order, the deadline for filing Rule 702 motions was extended to May 6, 2026. *Id.*

2.     On February 5, 2026, Ms. Nelson moved for leave to file an amended complaint to substitute the Colorado Department of Corrections (CDOC) and the Sex Offender Management Board (SOMB) as Defendants for the original official-capacity Defendants: Moses Stancil and Ryan Long (CDOC), and Amanda Retting (CDOC and SOMB). ECF No. 60. She did so to resolve the ongoing delays caused by the parties' conflicting views on the nature of official-capacity lawsuits and to move her claim forward expeditiously. *Id.* at 5.

3.     The Court referred Ms. Nelson's motion for leave to amend her complaint to Magistrate Judge O'Hara. ECF No. 63.

4.     On March 30, 2026, the Court granted Defendant Retting's partial motion to dismiss, ruling, without prejudice, that the SOMB could not be sued through her. ECF No. 68 at 11.

5.     On April 10, 2026, Ms. Nelson filed a Motion for Status Conference to discuss the options for moving this litigation forward in the most efficient manner possible in light of the Court's Order and Ms. Nelson's pending motion to amend her complaint. ECF No. 69.

6.     In her Motion for Status Conference, Ms. Nelson noted that, regardless of the path this litigation takes moving forward, before the close of discovery, she will need to seek either an

extension (if she is granted leave to amend her complaint) or a stay (if she files a second suit) of all deadlines in her existing case to cure the jurisdictional issue identified by the Court in its Order granting Defendant Retting's Partial Motion to Dismiss. *Id.* at 5-6, ¶ 14.

7.    On April 14, 2026, Ms. Nelson filed a Motion to Stay All Deadlines. ECF No. 71. In support of this motion, Ms. Nelson noted several imminent deadlines including: the deadline for service of written discovery set for April 17, 2026, the deadline for Rule 702 motions set for May 6, 2026, the discovery cut-off of June 3, 2026, and the dispositive motion deadline of July 2, 2026. She also stated her interest in moving her case forward against all necessary parties in her request for relief, including the SOMB. *Id.* In furtherance of that goal, and to allow the parties and the Court an opportunity to discuss the most efficient path forward, Ms. Nelson requested a stay of all deadlines. *Id.*

8.    The Court has not ruled on Ms. Nelson's Motion to Stay All Deadlines.

9.    On May 1, 2026, the Court granted Ms. Nelson's Motion for Status Conference and set a status conference in this matter for May 7, 2026. ECF No. 77. In its Order, the Court noted that "[a]t the Status Conference, this Court will discuss Plaintiff's Motion to Stay all Deadlines." *Id.*

10.    Out of an abundance of caution, Ms. Nelson is filing this motion because the current Rule 702 deadline will pass before the Status Conference is held. *Id.*

11.    Fed. R. Civ. P. 6(b) allows the Court to grant an extension for a filing deadline when good cause is shown. Good cause to extend a deadline exists when the deadline cannot be met despite a party's diligent efforts. *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D.

Colo. 2001); *Colorado Visionary Academy v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000).

12.     Here, good cause exists for the Court to grant an extension of the Rule 702 deadline because, despite Ms. Nelson's diligent efforts, she cannot meet the current deadline for the reasons explained below.

13.     First, to date, the parties have propounded and responded to written discovery requests, taken multiple depositions, and exchanged expert disclosures. However, the parties are unable to complete expert depositions before the current Rule 702 deadline due to scheduling conflicts. The parties are in active discussions regarding scheduling depositions of Defendants' experts, but these depositions will not occur until after May 6, 2026, and some of them will not occur until the month of June.

14.     Second, Ms. Nelson's former student attorneys, who worked on this case for many months, recently withdrew from the case. ECF Nos. 74, 76. Undersigned counsel entered her appearance on April 20, 2026, and needs additional time to become familiar with the discovery and record in this case. ECF No. 73.

15.     Pursuant to D.C.COLO.LCivR 6.1(b), undersigned counsel state that this is the second motion for extension of time Ms. Nelson has requested in this matter. This request for an extension is not being submitted for the purpose of delay, but rather to ensure this case moves forward efficiently.

For the foregoing reasons, Ms. Nelson requests that this Court grant her Motion for Extension of Time to File Rule 702 Motions.

DATED: May 1, 2026

Respectfully Submitted,

STUDENT LAW OFFICE

*s/ Megan Toomer*
Megan D. Toomer
Nicole B. Godfrey
Laura Rovner
Miriam Kerler
University of Denver Sturm College of Law
2255 E. Evans Ave, Suite 335
Denver, CO, 80208
Ph: 303-871-6140

*Attorneys for Plaintiff Lacie Nelson*

JOHNSON & KLEIN, PLLC

Gail K. Johnson
5398 Manhattan Cir.
Boulder, CO 80303
Ph: 303-444-1885
gjohnson@johnsonklein.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2026, I electronically filed the foregoing **PLAINTIFF'S PARTIALLY UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE RULE 702 MOTIONS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following recipients:

Amy.Adams@coag.gov
Evan.Brennan@coag.gov
*Counsel for Defendants*

 *s/Megan Toomer*
Megan Toomer